Charles H. Knull (CHK-1741)
KNULL P.C.
305 Broadway, 7th Floor
New York, NY 10007
(646) 741-5614

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHTONE DESIGN  GROUP LLC,            :                        :
           Plaintiff,                  :
                                       :
-against-                              :                        :
                                       :
MARY SULLIVAN KELLY                    :
                                       :
TRUE PILATES BOSTON LLC.,              :
           Defendants.                 :
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, by its attorney complaining of the defendants, alleges as follows:

## JURISDICTION & VENUE

1. This is an action for infringement pursuant to the Copyright Act of 1976, 17 U.S.C. Sections 101 et seq., and for unfair competition under Lanham Trademark Act, 15 U.S.C. § 1051, et seq.

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), 1338(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and (c) in that defendants do business in and have committed torts that have caused Plaintiff injury in New York.

## PARTIES

4. Plaintiff, Richtone Design Group LLC is a New York limited liability company with its principal place of business in this District.

5. Upon information and belief, Defendant Mary Sullivan Kelly ("Kelly") is an individual with a place of business at 385 Eliot St., Newton, Massachusetts 02464 as well as maintaining various outlets on the internet where she posts copies of photos and advertises goods and services.

6. Upon information and belief, True Pilates Boston, LLC is a Massachusetts limited Liability Company owned by Kelly with its principal place of business at 385 Eliot St., Newton, Massachusetts 02464 with a website at www.truepilatesboston.com.

## FACTS

7. Plaintiff is owner of U.S. Copyright Registration TX 8-720-096 for The Joseph H Pilates Archive Collection: Photographs, Writings and Designs  This work was published in 2000 and contains a collection of Mr. Pilates previously unpublished copyrighted materials and included the Photograph in Exhibits C and D  (A copy of said registration is attached hereto as Exhibit A).

8. Plaintiff is owner of U.S. Copyright Registration Vau 242-067 for The Original and New Pilates Photo Collection.  This work was published in 1992 and contains a collection

of Mr. Pilates previously unpublished copyrighted materials, including the photograph in Exhibit C. This registration and materials have since been assigned to Plaintiff (A copy of said registration is attached hereto as Exhibit B).

9. Upon information and belief, Defendants have posted, sold, manufactured, solicited the sale of, displayed, and or distributed copies of the Photographs on the world wide web, including Instagram, and Defendants own website at www.truepilatesboston.com, available throughout the United States and within this District.

10. In particular, Defendants have thus copied the Photographs in Exhibit C and D attached to this Complaint (the "Works" or the "Photographs") and which were previously registered at the U.S. Copyright Office.

11. The aforementioned acts have been done without license or permission of plaintiff. Plaintiff has repeatedly objected to such copying.

Count I
COPYRIGHT INFRINGEMENT

12. Plaintiff repeats, reiterates, and realleges the allegations contained in paragraphs 1 through 11 above as if fully set forth herein.

13. By posting, manufacturing, selling, displaying, and offering for sale the Infringing Good, defendants have infringed plaintiff=s copyright, in violation of 17 U.S.C. §§ 101 et seq.

14. Plaintiff has been damaged thereby in an amount to be determined at trial.

15. By reason of Defendants' conduct, Plaintiff has been and will continue to suffer irreparable injury unless Defendants are enjoined from such conduct.

COUNT II

CONTRIBUTORY COPYRIGHT INFRINGEMENT
(Liability of Officers and Employees)

16. Plaintiff repeats and reiterates each and every allegation of paragraphs of the Complaint marked "1" through "15", as if re fully set forth at length herein.

17. Upon information and belief, beginning on or about June 2021, Defendant Kelly, without Plaintiff's permission or knowledge, authorized and assisted in copying of the two Works for her own profit and advantage.

18. By reason of the foregoing, defendant Kelly induced, participated, and aided and abetted in, and profited from, this copying of and the making of derivative works of the two works.

19. By reason of the foregoing copying, defendant Kelly copied or aided and assisted and participated in the copying and the making of derivative works from the two photographs, without permission of Plaintiff, which is an infringement of Plaintiff's copyright under 17 U.S.C. §§ 101 et seq.

COUNT III
UNFAIR COMPETITION
(False and Misleading Statements under Lanham Act)

20. Plaintiff repeats and reiterates each and every allegation of paragraphs of the Complaint marked "1" through "19", as if more fully set forth at length herein.

21. Upon information and belief, during the time that Joseph H. Pilates was commissioning the photograph in question, he used the Moss Photo Service to develop and

4

make limited numbers of copies of such photos, as it was a short walk from his studio on Eighth Avenue in Manhattan.

22.     Upon information and belief, Moss Photo Service as one of many photo services in New York City which developed and duplicated film in the days before digital photography and had no role in copyright such material. (See Exhibit D  Contemporary Advertisement for Moss Photo Service)

23.     Upon information and belief, the University of Maine digital collection, like other libraries and educational institutions to which persons and estates donate collections and manuscripts, maintains a policy of permitting access and copying of items in such collections for scholarly purposes ("fair use") and specifically prohibits copying for commercial purposes, and that users of the collection must clear use before copying

24.     Nonetheless, Kelly wrongfully and falsely asserted with her posts on Instagram that "The two photos I posted which were removed are in the public domain and were obtained from the University of Maine digital collection.  They came to the U of Maine by gift in 1983.  Both source *Moss** Photo Services, Inc., 350 W. 50th St., New York 19, N. Y. *and include inscriptions/text. One is dated January 1940, the other circa 1955. "

25.     In addition, Kelly, without any basis in fact, stated in another post that "I can imagine the copyright registrations of the Moss Photo Service have been carefully checked and anyone  claiming the copyright is theirs is simply making an innocent mistake." [emphasis added]

26.     Upon information and belief, Kelly for herself and on behalf of her company and other persons in competition with Plaintiff and desiring to discredit Plaintiff's copyright ownership, has made these assertions concerning the Photographs in order to mislead the public

and potential purchasers of their goods and services as to the provenance of the Photographs and to undermine Plaintiff's claim to copyright and ownership.

27. By reason of the foregoing, Defendants have committed unfair competition and have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Plaintiff has been damaged by thereby in an amount to be determined at trial.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all of its claims.

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

(1) That Defendants, their officers, agents, servants, employees and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from:

(a) infringing plaintiff's copyrighted work;

(b) selling or marketing any infringing products;

(c) otherwise competing unfairly with plaintiff; and

(2) That Defendants be directed to file with this Court and serve on plaintiff within thirty days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction, including offering up infringing goods for destruction;

(3) That Defendants be required to account for and pay over to plaintiff all gains, profits and advantages realized from the sale of infringing merchandise;

(4) That Defendants be required to pay to Plaintiff such damages as plaintiff has sustained as a consequence of Defendants' acts of copyright infringement, unfair competition, deceptive and unfair practices.

and,

(5) That Plaintiff have such other, further and different relief as this Court deems just and proper.

Dated: New York, New York

February 26, 2022

Respectfully Submitted,

/Charles H. Knull/

Charles H. Knull
KNULL P.C.
Attorney for Plaintiff
305 Broadway, 7th Floor
New York. NY 10007
chk@knullpc.com
tel. (646) ) 741-5614