UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHTONE DESIGN GROUP, LLC,

       Plaintiff/Counter-Defendant,

- against -

Mary Sullivan KELLY and TRUE PILATES BOSTON, LLC,

       Defendants/Counter-Plaintiffs/
       Third Party Plaintiffs,

- against -

RICHTONE DESIGN GROUP, LLC,

       Counterclaim Defendant,

and

Sean GALLAGHER,

       Third Party Defendant.

Case No. 22-cv-1606-KMK

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

---

Defendants Mary Sullivan Kelly ("Kelly") and True Pilates Boston, LLC ("True Pilates Boston"), by and through their undersigned counsel, as and for their Answers and Affirmative Defenses to the Complaint filed by Richtone Design Group, LLC (Dkt. #2), their Counterclaims against Richtone Design Group, LLC ("Richtone"), and Third-Party Claim against Sean Gallagher ("Gallagher"), hereby state as follows:

## JURISDICTION AND VENUE

1.     Defendants admit that Plaintiff has brought a claim under the

Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* ("1976 Copyright Act"), and for unfair competition under Lanham Trademark Act, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), as alleged in paragraph 1 of the Complaint, and denies the applicability of such Acts to the allegations contained in the Complaint.

2. Defendants admit that the Court has original jurisdiction to determine controversies arising under the 1976 Copyright Act and Lanham Act, as provided in 15 U.S.C. §§ 1121 1331, 1338(a), and 1338(b), and deny that Plaintiff has alleged a valid cause of action or suffered any injury.

3. Defendants do not contest venue although neither Defendant does business, resides, committed any torts or cause any injury in New York.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendant Kelly admits that she is an individual and denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant True Pilates Boston admits the allegations contained in paragraph 6 of the Complaint.

## "FACTS"

7. Defendants admit that Plaintiff claims to own U.S. Copyright Registration TX0008720096, and lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendants admit that Plaintiff claims to own U.S. Copyright Reg. No. Vau 000242067 for a work entitled "The Original and New Pilates Photo Collection," and denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

**Count I (Copyright Infringement)**

12. As and for their answer to paragraph 12 of the Complaint, Defendants repeat, re-allege, and incorporate herein by reference as though fully set forth, its answers contained in the preceding paragraphs of this Answer.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

**Count II (Contributory Copyright Infringement)**

16. As and for their answer to paragraph 16 of the Complaint, Defendants

repeat, re-allege, and incorporate herein by reference as though fully set forth, its answers contained in the preceding paragraphs of this Answer.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

**Count III (Unfair Competition)**

20. As and for their answer to paragraph 20 of the Complaint, Defendants repeat, re-allege, and incorporate herein by reference as though fully set forth, its answers contained in the preceding paragraphs of this Answer.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny that Kelly "wrongfully and falsely asserted" anything "with her posts on Instagram," admit that Kelly said what she said in her correspondence with Instagram staff, and deny the remaining allegations contained

in paragraph 24 of the Complaint.

25. Defendants admit that Kelly said what she said and deny the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought in sections (1) through (5) of the prayer for relief, or any other relief.

## AFFIRMATIVE DEFENSES

Defendants hereby assert and interpose the following affirmative defenses in response to the allegations in the Complaint. Defendants expressly reserve the right to assert additional affirmative and other defenses that become known through investigation, discovery, or other proceeding.

### First Affirmative Defense
(The A*llegedly Infringing Images Are in the Public Domain*)

1. The allegedly infringing "Works" (as such term is defined in the Complaint) are in the public domain.

Second Affirmative Defense
(*De Minimis Use*)

2. Plaintiff's alleged copyright registrations, Nos. TX0008720096 and VAu000242067, each consist of hundreds of images. Consequently, Defendants' alleged posting of two of such images on Instagram is *de minimis* and not actionable.

Third Affirmative Defense
(*Fair Use*)

3. Defendants' posting of the Works on Instagram constituted fair use of the Works at issue, and therefore did not run afoul of 17 U.S.C. § 101 et seq. or 17 U.S.C. § 1202.

Fourth Affirmative Defense
(*Invalidity of Copyright*)

4. Plaintiff does not own any copyright in the Works and therefore its copyright registrations are invalid.

Fifth Affirmative Defense
(*Fraud on the U.S. Copyright Office*)

5. When the copyright registrations were applied for, Gallagher knowingly and intentionally made false statements to the Copyright Office, including but not limited to his claim that the authors of the Photographs are Joseph Pilates and Pilates, Inc., and that Pilates, Inc. acquired the Photographs by assignment.

6. Gallagher's false statements to the Copyright Office were not the result of a good faith mistake of law or fact, but were knowing and intentional.

7. Such false statements were made knowing that they would be relied on by the Copyright Office and would cause the Copyright Office to issue the registrations.

8. Consequently, the registrations fall afoul of 17 U.S. Code § 411(b)(1) and must be cancelled.

Sixth Affirmative Defense<br>(*No Registration*)

9. Plaintiff alleges in paragraph 7 of the Complaint that the photographs shown in Exhibits C and D (Dkt. # 2-3, 2-4, respectively) were registered as part of Reg. No. 0008720096.

10. Registration No. TX0008720096 was issued for "text" and "compilation of text and photographs" (the "Compilation") and consequently does not cover the individual photographs contained therein.

11. The photograph shown in Exhibit D is therefore not covered by any copyright registration.

12. Consequently, as to Exhibit D, Plaintiff cannot maintain the current action against Defendants, and the Complaint must be dismissed.

Seventh Affirmative Defense<br>(*Unclean Hands*)

13. Plaintiff and its principal(s) regularly issue "takedown" notices for photographs and other works in which Plaintiff and its principal(s) know they have no rightful claim of copyright.

14. Plaintiff and/or its principal, Gallagher, have regularly published statements and materials on the internet falsely claiming ownership of works in which they know they have no valid copyright claim.

15. Upon information and belief, the Works reproduce images created or owned by third parties without seeking permission from such third parties.

16. Upon information and belief, Gallagher and/or someone on Gallagher's behalf removed copyright management information from some of the images in the Works to hide the fact that the copyrights in the images were owned by third parties.

17. Such conduct constitutes unclean hands.

18. Consequently, Plaintiff should be precluded from maintaining this action.

<u>Eighth Affirmative Defense</u>
(*Defendants' Speech is Protected by the First Amendment*)

19. Plaintiff's Count III for "Unfair Competition" is premised on the expression by Defendants of facts and opinions, which expression is protected under the First Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that this Court dismiss the Complaint on the grounds set forth in each of the First through Eighth Affirmative Defenses, and/or grant such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM/THIRD-PARTY PLAINTIFFS' CLAIMS AGAINST COUNTCLAIM DEFENDANT AND THIRD-PARTY DEFENDANT

This is an action by Counterclaim/Third-Party Plaintiffs for violation of 17 U.S.C. § 512(f)(1) by Counterclaim Defendant Richtone and Third-Party Defendant Gallagher in connection with their filing of false and fraudulent DMCA takedown notices with respect to certain works posted by Counterclaim/Third-Party Plaintiffs on Instagram, and asserting copyright ownership claims against Counterclaim/Third-Party Plaintiffs with respect to those works.

## PARTIES

1. Counterclaim/Third-Party Plaintiff Kelly is an individual residing in Massachusetts.

2. Counterclaim/Third-Party Plaintiff True Pilates Boston is a Massachusetts limited liability company with its principal place of business at 385 Eliot St., Newton, MA.

3. Upon information and belief, Counterclaim Defendant Richtone is a New York limited liability company with a registered address or place of business at 13 Cedar Street, Hasting-on-Hudson, New York.

4. Upon information and belief, Third-Party Defendant Sean Gallagher ("Gallagher") is a principal and member of Richtone, and resides and/or does business in this district.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction over the claims asserted in this action is

conferred upon the Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 1367, and 28 U.S.C § 2201.

6. The Court has personal jurisdiction over both Counterclaim Defendant and Third-Party Defendant because these parties transact business in this District, and because a substantial part of the relevant events occurred in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and § 1400(a), because Counterclaim Defendant's and Third-Party Defendant's places of business are in this district and each committed acts in violation of 17 U.S.C. § 512(f)(1) in this district.

## GENERAL ALLEGATIONS

8. Gallagher and Richtone, have, since 1992, publicly misrepresented that one or both of them own the copyrights to hundreds of photographs, graphic images, memorabilia, and videos depicting or relating to Joseph Pilates and the Pilates method of exercise, including but not limited to snapshots of Joseph Pilates, his wife, and others, pictures taken of the Pilates couple at work in their studio, and instructions and instructional sequences for use of the unique equipment designed by Joseph Pilates (collectively, the "Gallagher Archive").

9. According to representations made by Third-Party Defendant and Counterclaim Defendant's General Counsel, Gallagher and/or Richtone allege ownership of copyright in the materials in the Gallagher Archive based on a chain of title from Joseph Pilates to Clara Pilates (as common law wife of Joseph Pilates), to

939 Studio Corporation, to Pilates Studio, Inc. (a company not associated in any way with Gallagher or Richtone), to Aris Isotoner Gloves, Inc., to Healite, Inc., and to Pilates, Inc., a company owned by Gallagher (such chain of transfers hereinafter referred to as the "Chain of Title").

10. Third-Party Defendant and/or Counterclaim Defendant's General Counsel have admitted that (a) they do not know the names of the photographers whose works are in the Gallagher Archive; and (b) "there is no document specifically transferring the copyrights from the photographer or anyone else."

11. Throughout the alleged Chain of Title, (a) there is no evidence that copyrights in the Gallagher Archive were ever transferred from one party to the next; and (b) there exists no facts or circumstances from which such transfers may be inferred.

12. To support their groundless claims to copyright ownership, Gallagher and Richtone have publicly made the following assertions:

    a. that the copyrights were transferred orally pursuant to the 1909 Copyright Act (despite the fact that they have never disclosed any evidence of any oral copyright transfer); and

    b. "under New York common law, physical ownership of unpublished and unregistered [photographs] is dispositive of ownership…regardless of who the artist may be."

13. In fact, Gallagher and Richtone have always known, should have known

if they had acted with reasonable diligence, or would have had no substantial doubt had they been acting in good faith, that they are mere possessors of the Gallagher Archive, whose rights are equal to that of finders of lost property whose possessory interests do not include the intellectual property rights therein.

14. On or about February 24, 2021, Gallagher filed knowingly and materially false DMCA takedown notices with Instagram against nineteen posts on True Pilates Boston's Instagram account, pursuant to which the allegedly infringing posts were removed from Instagram.

15. Upon information and belief, on or about the following dates, Gallagher filed additional knowingly and materially false DMCA takedown notices with Instagram against True Pilates Boston's Instagram account:

   a. on or about October 24, 2021: Gallagher's takedown notice claimed that a derivative work based on a brochure published by Joseph Pilates in 1943 infringed Gallagher's copyright, resulting in the removal of the image. However, the copyright to that work was never renewed and is in the public domain since 1971;

   b. on or about each of October 29 and October 30, 2021, Gallagher's takedown notices claimed that posted images infringed Gallagher's copyright, resulting in the removal of those images, when in fact the images were and are in the public domain;

16. Gallagher's knowingly and materially false takedown notice of October 30, 2021, triggered the shutdown of True Pilates Boston's Instagram account.

17. Shortly thereafter, True Pilates Boston opened a new Instagram account.

18. Upon information and belief, on or about November 23, 2021, Gallagher filed a knowingly and materially false DMCA takedown notice with Instagram against a post on True Pilates Boston's new Instagram account showing Joseph Pilates and certain apparatus, the copyrights to which Gallagher and Richtone knew did not belong to them.

19. Upon information and belief, on or about January 18, 2022, Gallagher filed a knowingly and materially false DMCA takedown notice with Instagram against a post on True Pilates Boston's new Instagram account showing the image in Exhibit C to the Complaint (Dkt. # 2-3).

20. Upon information and belief, on or about March 15, 2022, Gallagher filed a knowingly and materially false DMCA takedown notice with Instagram against a post on True Pilates Boston's new Instagram account showing a driveway mural in Brazil depicting images of Joseph Pilates, which takedown notice triggered the shutdown of True Pilates Boston's new account.

21. When Gallagher filed each of the DMCA takedown notices, he and Plaintiff lacked any good faith belief in their alleged copyright ownership, having (a) willfully blinded themselves to the high probability that no facts existed to support their copyright claims, (b) deliberately closed their eyes to the evidence that there

was no chain of title and they did not own the copyrights in question, and (c) knowingly ignored publicly available information contradicting their claims of copyright ownership.

22. When Gallagher filed each of the DMCA takedown notices, he and Plaintiff also failed to form any good faith belief regarding whether the Instagram posts constituted "fair use" under the Copyright Act, because they failed to consider the issue of "fair use" at all.

**FIRST CAUSE OF ACTION AGAINST COUNTERCLAIM DEFENDANT RICHTONE AND THIRD-PARTY DEFENDANT GALLAGHER**
**(Violation of 17 U.S.C. § 512(f)(1))**

23. Counterclaim/Third-Party Plaintiffs repeat, reallege, and incorporate herein by reference the allegations contained in paragraphs 1 through 22 of these Counterclaims and Third-Party Claims as though fully set forth herein.

24. 17 U.S.C. § 512(f)(1) provides, in pertinent part, that "[a]ny person who knowingly materially misrepresents…that material or activity is infringing," "shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer…who is injured by such misrepresentation, as the result of the service provider relying on such misrepresentation in removing or disabling access to the material…claimed to be infringing…"

25. Gallagher's willful, knowing, and materially false DMCA takedown notices filed on behalf of himself and Richtone constitute multiple violations of 17

U.S.C. § 512(f)(1), which violations have resulted in damages to Counterclaim/Third-Party Plaintiffs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION AGAINST COUNTERCLAIM DEFENDANT RICHTONE AND THIRD-PARTY DEFENDANT GALLAGHER**
(Declaration of Non-Infringement)

26.     Counterclaim/Third-Party Plaintiffs repeat, re-allege, and incorporate herein by reference the allegations contained in paragraphs 1 through 25 of these Counterclaims and Third-Party Claims as though fully set forth herein.

27.     This is a claim pursuant to 28 U.S.C. § 2201 for a declaratory judgment of non-infringement with respect to all images for which Gallagher and Richtone filed takedown notices against Counterclaim/Third-Party Plaintiffs.

28.     Counterclaim/Third-Party Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe on any copyright alleged to be owned by Gallagher and/or Richtone, because such images are in the public domain.

29.     An actual and justiciable controversy exists between Counterclaim/Third-Party Plaintiffs, on the one hand, and Gallagher and Richtone, on the other, concerning alleged copyright infringement. A judicial declaration of non-infringement is necessary to resolve this conflict.

**THIRD CAUSE OF ACTION AGAINST COUNTERCLAIM DEFENDANT RICHTONE AND THIRD-PARTY DEFENDANT GALLAGHER**
(Declaration of Non-Infringement)

30.     Counterclaim/Third-Party Plaintiffs repeat, reallege, and incorporate

herein by reference the allegations contained in paragraphs 1 through 29 of these Counterclaims and Third-Party Claims as though fully set forth herein.

31. This is a claim pursuant to 28 U.S.C. § 2201 for a declaratory judgment of non-infringement with respect to all images to which Counterclaim and Third-Party Defendants claim copyright ownership, including but not limited to (a) the images contained in the book entitled "The Original and New Pilates Photo Collection," published in 1992 (the "1992 Publication"); (b) the images contained in the books entitled "The Joseph H. Pilates Archive Collection, published 2000 (the "2000 Publication"); (c) all photographs in grid form showing Joseph Pilates demonstrating exercises and positions on the floor and apparatus which exist in various public libraries, the 1992 Publication, and/or the 2000 Publication; (d) a portfolio of images and advertisement depicting the "Pilates 'Wunda' Chair," which is in a collection at the New York Public Library; (e) images of Joseph Pilates in the "Charley Miller Papers" at the University of Maine; (f) the many Christmas cards bearing photographs of Joseph and Clara Pilates; and (g) a leaflet entitled "A Commando Exercise, Around the Clock and Back in One Minute" (collectively, the "Subject Works").

32. According to Counterclaim Defendant, Exhibit B (Dkt. #2-2) is the copyright registration certificate for the 1992 Publication, and the rights to the photographs in the 1992 Publication were transferred to the copyright claimant by "Assignment."

33. According to Counterclaim Defendant, Exhibit A (Dkt. #2-1) is the copyright registration certificate for the 2000 Publication. The work purports to cover "text, compilation of texts and photographs."

34. Upon information and belief, Counterclaim and/or Third-Party Defendants contacted the New York Public Library and threated the library with legal action if it allowed third parties to obtain copies of the materials in their collections relating to Joseph Pilates.

35. Upon information and belief, Counterclaim and/or Third-Party Defendants contacted the Raymond H. Folger Library at the University of Maine and threated the library with legal action if it allowed third parties to obtain copies of the materials in their collections relating to Joseph Pilates.

36. Upon information and belief, the University of Maine prohibited third parties from obtaining copies of all but one photograph of Joseph Pilates in the "Charley Miller Papers."

37. Upon information and belief, Counterclaim and/or Third-Party Defendants has filed takedown notices and/or threatened to bring copyright infringement lawsuit covering all or part of the Subject Works.

38. Upon information and belief, Counterclaim and/or Third-Party Defendants have publicly stated that even displaying any of the Subject Works on the walls of their Pilates studios would be grounds for an infringement lawsuit.

39. Counterclaim/Third-Party Plaintiff Mary Kelly trained to teach the

Pilates method of exercise with and was certified by Romana's Pilates, which was established by Romana Kryzanowska, a student of Joseph Pilates.

40. The Subject Works are important to Counterclaim/Third-Party Plaintiffs as part of Ms. Kelly's training lineage and the way she brands her studio and Pilates business.

41. Given Counterclaim and/or Third-Party Defendants' frequent takedown notices, threats of litigation, public statements asserting ownership over the Subject Works, their desire to sue alleged infringers, and the fact of this lawsuit, Counterclaim/Third-Party Plaintiffs have a reasonable fear that should they publish any of the Subject Works online or even display them in the studio of True Pilates Boston, they will be sued for copyright infringement.

42. Accordingly, an actual and justiciable controversy exists between Counterclaim/Third-Party Plaintiffs, on the one hand, and Counterclaim/Third-Party Defendants, on the other, concerning the Subject Works. A judicial declaration of non-infringement is necessary to resolve this conflict

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim/Third-Party Plaintiffs pray that this Court enter judgment against Richtone and Gallagher as follows:

(a) On Counterclaim/Third-Party Plaintiffs' First Cause of Action, awarding damages pursuant to 17 U.S.C. § 512(f)(1) sufficient to compensate Counterclaim and Third-Party Plaintiffs for knowingly and materially misrepresenting that the

material posted on Instagram was infringing;

(b)     On Counterclaim/Third-Party Plaintiffs' Second Cause of Action, a Declaratory Judgment that Counterclaim/Third-Party Plaintiffs have not infringed on any copyright of Gallagher or Richtone, and that such images are in the public domain.

(c)     On Counterclaim/Third-Party Plaintiffs' Third Cause of Action, a Declaratory Judgment that Counterclaim/Third-Party Plaintiffs have not infringed on any copyright of Gallagher or Richtone in the Subject Works, and that the Subject Works are in the public domain.

(d)     Awarding Counterclaim and Third-Party Plaintiffs their costs, expenses, and attorneys' fees; and

(e)     Awarding such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Counterclaim and Third-Party Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: May 9, 2022

        Respectfully submitted,

        GORDON E. R. TROY, PC

          /s/ Gordon E. R. Troy, Esq.
By: _____
        Gordon E. R. Troy, PC
        P.O. Box 67
        Windsor, VT 05089
        (802) 881-0640 Phone
        (646) 588-1962 Fax
        **gtroy@webtm.com**
        *Attorneys for Defendants/Counter-Plaintiffs/Third Party Plaintiffs Mary Kelly and True Pilates Boston, LLC*