UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHTONE DESIGN  GROUP LLC,    :       :
Plaintiff,           :
             :
   -against-       :         :
             :
MARY SULLIVAN KELLY      :
             :
TRUE PILATES BOSTON LLC.,     :
   Defendants/Counter-Plaintiffs/  :
   Third Party Plaintiffs,     :
             :
   -against-       :
             :
RICHTONE DESIGN GROUP, LLC,    :
   Counterclaim Defendant, and   :
             :
SEAN GALLAGHER,        :
     Third Party Defendant.   :
-------------------------------------------------------------------X


ANSWER BY RICHTONE DESIGN GROUP AND SEAN GALLAGHER TO
COUNTERCLAIMS AND THIRD PARTY COMPLAINT

   Counterclaim Defendant Richtone Design Group, LLC  and Third Party Defendant Sean

Gallagher, by their attorney, answer the Defendants/Counterclaim Plaintiff and Third-Party

Plaintiffs allegations  as follows:

   1.   Admit the allegation in paragraph 1.

   2.   Admit the allegation in paragraph 2.

   3.   Admit the allegation in paragraph 3.

   4.   Admit the allegation in paragraph 4.

   5.   Admit the allegation in paragraph 5.

   6.   Admit the allegation in paragraph 6 with the exception of the statement about

"relevant events," the meaning of which is vague and and not within the knowledge of Counterclaim Defendant Richtone and Third Party Defendant Gallagher, and therefore denied.

` 7. Admit the allegation in paragraph 7 of proper venue but deny there have been violations of  17 U.S.C.  § 512(f)(1) in this district or elsewhere.

8. Deny the allegations in paragraph 8.

9. Admit that the summary of the "Chain of Title" is generally correctly stated as to individual works to which it applies, but are without knowledge or belief as to the specific representations being referred to in paragraph 9 and therefore otherwise deny the allegations and conclusions made in paragraph 9.

10. Deny the allegations in Paragraph 10 and have no information or belief as to what, if anything, the alleged  quoted statement applies and therefore deny same.

11. Deny the allegations in Paragraph 11.

12. Are without knowledge or belief as to the specific representations  being referred to in paragraph 12, what works are allegedly referenced,  the context of such statements,  and the specific origin of the alleged quoted statement in paragraph 12 and therefore deny the allegations and conclusions made in paragraph 12.

13. Deny the allegations in paragraph 13.

14. Admit that Counterclaim Defendant Richtone and/or Third Party Defendant Gallagher have from time to time filed DMCA takedown notices, but deny the alleged characterization of such notices, have no knowledge or belief  as to Instagram's internal reasons for removing the posts, and  deny the remaining conclusions or law and allegations of fact alleged in paragraph 14.

15. Admit that Counterclaim Defendant Richtone and/or Third Party Defendant

Gallagher have from time to time filed DMCA takedown notices, but deny the alleged characterization of such notices, have no knowledge or belief as to Instagram's internal reasons for removing the posts, and deny the remaining conclusions or law and allegations of fact alleged in paragraph 15 and its paragraphs a and b.

16.     Are without knowledge or belief as to what internal reasons Instagram had for the alleged shutdown of this account and deny the conclusions or law and allegations of fact alleged in paragraph 16

17.     Are without knowledge or belief as to allegations made in paragraph 17 and therefore deny the same.

18.     Are without knowledge or belief as to what internal reasons Instagram had for the alleged shutdown of this account and deny the remaining conclusions or law and allegations of fact alleged in paragraph 18.

19.     Admit that Counterclaim Defendant Richtone and/or Third Party Defendant Gallagher have from time to time filed DMCA takedown notices including a notice concerning Complaint Exhibit C, but deny the alleged characterization of such notices and deny the remaining conclusions or law and allegations of fact alleged in paragraph 19.

20.     Admit that Counterclaim Defendant Richtone and/or Third Party Defendant Gallagher have from time to time filed DMCA takedown notices, but deny the alleged characterization of such notices, have no knowledge or belief as to Instagram's internal reasons for shutting down any account, and deny the remaining conclusions or law and allegations of fact alleged in paragraph 20.

21.     Deny the allegations in paragraph 21.

22.     Deny the allegations made in paragraph 22 and note that "fair use" under the

Copyright Act are a series of defenses which may be made by an accused infringer in a suit for copyright infringement and not a responsibility of copyright owner to consider.

23.     Counterclaim Defendant Richtone and/or Third Party Defendant Gallagher repeat, reallege, and incorporate  herein by reference the responses made as to paragraphs 1 through 22 as to the Counterclaims and Third-Party Claims as though fully set forth herein

24.     Admit that paragraph 24 contains some of the language in 17 U.S.C. § 512(f)(1) but deny its characterization as the "pertinent part" and any conclusions that may be result from such characterization, and note that the statute speaks for itself.

25.     Deny the conclusions and allegations made in paragraph 25.

26.     Counterclaim Defendant Richtone and/or Third Party Defendant Gallagher repeat, reallege, and incorporate  herein by reference the responses made as to paragraphs 1 through 25 as to the Counterclaims and Third-Party Claims as though fully set forth herein

27.     Deny  the conclusion of law and fact alleged in paragraph 27.

28.     Denys the conclusion of law and fact alleged in paragraph 28.

29.     Deny the conclusion of law and fact alleged in paragraph 29.

30.     Counterclaim Defendant Richtone and/or Third Party Defendant Gallagher repeat, reallege, and incorporate  herein by reference the responses made as to paragraphs 1 through 29.

31.     Deny the allegations and conclusions made in paragraph 31.

32.     Admits the allegation in 32 and note that the document speaks for itself.

33.     Admits the allegation in 33 and note that  the document speaks for itself.

34.     Deny the allegations of facts and characterization of any discussions by Counterclaim Defendant or Third-Party Defendant with the New York Public Library as set

forth in paragraph 34, note that public libraries in general have obligations under Copyright Act concerning patrons making copies of their materials and have obligations and concerns under the DMCA as to those materials if placed on line.

35.     Deny the allegations of facts and characterization of any discussions by Counterclaim Defendant or Third-Party Defendant as set forth in paragraph 35 with the Raymond H. Folger Library at the University of Maine, note that public libraries in general have obligations under Copyright Act concerning patrons making copies of their materials and obligations and concerns under the DMCA as to those materials if placed on line.

36.     Have no knowledge or belief as to  the allegations made in paragraph 36 and therefore deny same.

37.     Have no knowledge or belief as to  the allegations made in paragraph 37, and therefore deny same,  and note that  other than as to the two photographs are subject to this action, that Counterclaim Defendant or Third-Party Defendant have in approximately 30 years only filed two other copyright infringement suits, both concerning instruction manuals,  and that upon information and belief the DMCA has worked as intended providing service providers with a means of protecting themselves from unlawful and questionable postings.

38.     Have no knowledge or belief as to the allegation including the context of such statement if as alleged it was "publicly stated" and that, if so, the documentation of such statement and context would speak for itself,  and therefore deny the same.

39.     Have no knowledge or belief as to the allegation made in paragraph 39, deny the same,  and note that such allegations even if true, are irrelevant in a Copyright infringement suit.

40.     Have no knowledge or belied as to the allegation made in paragraph 40, deny the

same, and note that such allegations even if true, are irrelevant in a Copyright infringement suit, other than as an admission that Kelly has a financial and commercial interest involved in this litigation.

41.    Have no knowledge or belief as to the allegations made in paragraph 41, or the state of mind of Counterclaim/Third Party Plaintiffs, and therefore deny same, and note that other than as to the two photographs are subject to this action, that Counterclaim Defendant or Third-Party Defendants have in approximately 30 years only filed two other copyright infringement suits, both focused on copying of instruction manuals, and that upon information and belief the DMCA has worked as intended providing service providers with a means of protecting themselves from unlawful and questionable postings.

42.    Deny the allegations and legal conclusions in Paragraph 42.

## AFFIRMATIVE DEFENSES

1. Counterclaim Plaintiffs/Third Party Plaintiffs are without standing to bring the Counterclaims/Third Party Complaint.

2. The Counterclaims/Third Party Complaint have failed to join necessary parties.

3. The Counterclaims/Third Party Complaint fail to state causes of action.

4. The Counterclaims/Third Party Complaint are barred by the statute of limitations.

5. The Counterclaim/Third Party Complaint Plaintiffs have unclean hands.


## PRAYER FOR RELIEF
## AS TO COUNTERCLAIMS/THIRD PARTY COMPLAINT

WHEREFORE, Counterclaim Defendant /Third Party Defendant pray that this Court enter judgment against Counterclaim Plaintiffs/Third Party Plaintiffs as follows:

Dismissing with prejudice the three Causes of Action stated in the Counterclaim/Third Party Complaint;

Awarding Counterclaim Defendant /Third Party Defendant their costs, expenses and attorneys' fees; and

Awarding such other and further relief as the Court deems just, proper, and equitable.


Dated:          New York, New York
                June 3, 2022


Respectfully Submitted,

/Charles H. Knull/

Charles H. Knull
KNULL P.C.
Attorney for Plaintiff
305 Broadway, 7th Floor
New York. NY 10007
chk@knullpc.com
tel. (646) ) 741-5614

Attorney for Plaintiff