# GORDON E. R. TROY, PC
### Attorney at Law
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

June 16, 2022

Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

                Re:     <u>22cv1606 Richtone Design Group, L.L.C. v. Kelly et al</u>

Dear Judge Karas:

I have conferred with counsel for Richtone Design Group, LLC ("Richtone") and Sean Gallagher ("Gallagher") and the parties hereby jointly submit our proposed Case Management and Scheduling Order.

We have agreed to a fact discovery cut-off of Friday, December 16, 2022, rather than Wednesday, October 12, 2022 (originally proposed by Mr. Knull), primarily due to time constraints imposed by seeking documents from third parties. Last Monday, after being advised by Mr. Knull that his client did not have a certified copy of the deposit copy for the 1992 registration (Exhibit B to the Complaint), my office filed form LS with the Copyright Office to obtain an expedited, certified copy. On Thursday, my paralegal spoke with the Copyright Office and was advised that we *should* receive an estimate of services by the end of last week. As of today, however, I has not received the estimate. Once that occurs and payment is issued, the Copyright Office advised that physical copies (assuming a physical deposit copy) would likely take 4-6 weeks, while electronic copies (assuming the deposit copy was on CD or other electronic medium) would likely take 2-3 weeks. The 4- to 6-week deadline could be pushed out, however, due to the volume of material in the deposit copy. I have no idea how many images there are, but it appears that the earliest we could expect the evidence to arrive is the end of July to mid-August. I will, of course, request and work with what Plaintiff produces, pending arrival of a certified deposit copy.

In addition to evidence from the Copyright Office, as I mentioned during the conference before your Honor, depending upon what Plaintiff is able to produce vis-a-vis correspondence with Instagram, my clients may need to subpoena Meta Platforms, Inc., which is extremely resistant to complying with civil subpoenas. My office will endeavor later this month to request production of those communications with Instagram, so that by thirty days thereafter, I should know whether we need to begin the subpoena process with Meta.



Initial disclosures and initial requests for production of documents are the same as originally proposed by Mr. Knull. We have, however, proposed a later date for Interrogatories – August 26 – noting that Interrogatories are limited in number and Local Rule 33.3 (Southern District only) discourages interrogatories unless "they are a more practical method of obtaining the information sought than a request for production or a deposition." Accordingly, we would like to be well into the discovery process before we are required to propound interrogatories.

Regarding Requests to Admit, we agreed to a date of October 14, 2022, given that Requests to Admit are most useful after the parties have been able to review document production and answers to interrogatories, thereby avoiding propounding Requests that the opposing party will obviously deny. The October 14th date also leaves room for another round of document production for any Requests to Admit that are denied in whole or in part.

We request depositions to be completed by November 25, 2022. My clients anticipate taking depositions of 6-12 people (including Third-Party Defendant, Sean Gallagher), but our determination will also depend upon production and, in the case of Mr. Gallagher, answers to interrogatories.

We have specified the close of expert disclosures, including reports, production, deposition, and rebuttal, by November 25, 2022. Whether any experts will be engaged by my office depends entirely upon discovery, and therefore would anticipate that happening, if at all, in September or shortly thereafter.

Regarding trial length, I have agreed with Mr. Knull on an estimate of seven (7) days, although I am hopeful that with the effective use of Requests to Admit and pretrial stipulations that we may be able to reduce the number of trial days. .

We have also indicated in Section 10 that we are requesting a settlement conference with the Magistrate; in Section 11, that we are not requesting the case be referred to the Court's Mediation Program; and in Section 12, that we are not intending to use a private mediator.

Finally, the proposed schedule is taking into account that I will have limited availability during the month of September as I will be traveling internationally for a good portion of the month. That is not to say that the case will not be moving forward during that time period, just that I will be unavailable to take depositions.



Sincerely,

Gordon E. R. Troy, PC

By: _____
      Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com

cc: chk@knullpc.com

