# Gordon E. R. Troy, PC
Attorney at Law
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

To: The Hon. Andrew E. Krauss, Magistrate Judge

Re: <u>22cv1606 Richtone Design Group, L.L.C. v. Kelly et al</u>

Dear Judge Krauss:

This letter sets forth Defendants' (including Counterclaim/Third-Party Plaintiffs') outstanding discovery disputes, as requested in your Honor's Memo Order of September 7, 2022. Due to the extensive back-and-forth between counsel, details of each dispute are found in the reference documents filed herewith.

1. Plaintiff refuses to provide adequate answers to seven interrogatories. The interrogatories, Plaintiff's partial answers and refusals, and discussions between counsel, are set forth in separate exhibits for each dispute (Ex. 1-6). Full documents are attached as Ex. 7 (First Set of Interrogatories), Ex. 8 (Plaintiff's Responses), Ex. 9 (Oct. 4 letter from Troy to Knull), and Ex. 10 (Oct. 11 letter from Knull to Troy). Caution is urged reviewing Ex. 10, as Mr. Knull confusingly intersperses statements from my letter with his own commentary. All typos in Ex. 1-6 are as in the original documents.

**No. 3 (Ex. 1)**: Plaintiff's response is incomplete. Plaintiff failed to identify additional images, the dates of receipt thereof, and the person from whom they were received. The information sought is relevant because Plaintiff claims to own all but a few images in the Book and must prove those claims, and Defendants have the right to challenge the validity of Plaintiff's copyright registrations and prosecute its second and third counterclaims seeking declaratory relief. (Dkt. 11, Defendants' Claims ¶¶ 8-19).

**No. 4 (Ex. 2)**: Plaintiff refused to provide any response to this interrogatory. The information sought is relevant because Defendants have the right to challenge the validity of Plaintiff's copyright registrations, and to prosecute their third counterclaim (Dkt. 11, Defandants' Claims ¶¶ 30-42, and Prayer for Relief (c)).



https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation

**Nos. 6 and 7 (Ex. 3)**: Plaintiff refused to answer Interrogatories 6 and 7, citing various boilerplate or nonsensical objections, and pretending that Defendants have no counterclaims. Plaintiff has made factual and legal claims regarding Plaintiff's alleged possession of photographic negatives and, consequently, Defendants have the right to test those claims.

**No. 9 (Ex. 4)**: Plaintiff's tautological response, that "Plaintiff does not claim ownership of… photographs in the Book to which it does not have a claim of copyright ownership" is completely inadequate as a response to this interrogatory.

**No. 10 (Ex. 5)**: Plaintiff falsely claims that "Plaintiff has provided its full response to this Request." Plaintiff has failed to provide any response other than objections.

**No. 11 (Ex. 6)**: Plaintiff has not adequately answered this interrogatory. Among other things, Plaintiff has not identified any license requested in subsection (d).

2. **Documents to be Inspected**. In a video conversation with Mr. Knull on Aug. 5, and again by letter on Sept. 7, I requested that Mr. Knull set a date for the inspection of archives, including photographs and negatives, received by Gallagher in 1992. Despite a third attempt on October 4, no date has been set. See Ex 9, p. 1, Ex. 11 (email from Knull to Troy, Oct. 11), and Ex. 12 (letter from Troy to Knull, Oct. 11, first par.).

Respectfully submitted,

By: _____
        Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com

