## Interrogatory No. 3, Aug. 11, 2022 (Ex. 7)

*Definitions*:

> The "Book" means the publication entitled The Joseph H. Pilates Archive Collection: Photographs, Writings and Designs; and

> The "Collection" means "The Original and New Pilates Photo Collection," Copyright Reg. No. 0000242067.

**Interrogatory No. 3.** Identify all photographs or other matter reproduced in the Book that was not in your possession as of September 1, 1992, stating the date on which you received such photographs or other matter, the person from who you received it, and the consideration you paid to or gave such person.

## Plaintiff's Response, Sept. 10, 2022 (Ex. 8)

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book. Plaintiff further objects to this interrogatory's vague request for "all photographs or other matter reproduced in the Book" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

To the extent Plaintiff has interpreted the page numbers properly, the following is the response, the photographs on pages 19, 29, 105, 116, 117, 166 and 167 of the Book were found in the contents of the house once owned by Joseph Pilates and Clara Pilates in Becket, Massachusetts. The photograph on page 151 is from Return to Life.

## Letter from Troy to Knull, Oct. 4, 2022 (Ex. 9)

Interrogatory No. 3.
You objected to this Interrogatory because (a) it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book, and (b) any response was "not likely to lead to much if any relevant information," etc.

Your objections are spurious:

(a) Interrogatory No. 3 does not refer to page numbers. It simply asks Plaintiff to "identify" photographs and matter that was not in your client's possession as of September 1, 1992.

(b) As you are well aware, Gallagher represented in a declaration filed in 2013 that he took all of the material he received from Hom and included it in his 1992 VaU registration. However, there are images in the book -- not just those your client says that he found in the Becket house – that are not in the 1992 "deposit copy" that you furnished.

Furthermore, the statement that "The photograph on page 151 is from Return to Life," is non-responsive in that it fails to indicate whether the photograph was in Mr. Gallagher's possession as of September 1, 1992, as requested in the Interrogatory.

We demand a complete answer to Interrogatory No. 3.

**Letter from Knull to Troy, Oct. 11, 2022 (Ex. 10)**

INTERROGATORY 3 DISCUSSION

Interrogatory No. 3. Identify all photographs or other matter reproduced in the Book that was not in your possession as of September 1, 1992, stating the date on which you received such photographs or other matter, the person from who you received it, and the consideration you paid to or gave such person.

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book. Plaintiff further objects to this interrogatory's vague request for "all photographs or other matter reproduced in the Book" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

To the extent Plaintiff has interpreted the page numbers properly, the following is the response, the photographs on pages 19, 29, 105, 116, 117, 166 and 167 of the Book were found in the contents of the house once owned by Joseph

Pilates and Clara Pilates in Becket, Massachusetts. The photograph on page 151 is from Return to Life.

As to Interrogatory No. 3, your objection are that "[Our] objections are spurious:

You state that "(a) Interrogatory No. 3 does not refer to page numbers. It simply asks Plaintiff to "identify" photographs and matter that was not in your client's possession as of September 1, 1992." That being so, various page numbers which have photographs found at the Becket House or which were in the Return to Life book are identified. Plaintiff has never claimed copyright in these photographs and whether they were in its possession as of September 1, 1992 is absolutely irrelevant.

You object that "(a) As you are well aware [I personally was not, but it did happen], Gallagher represented in a declaration filed in 2013 that he took all of the material he received from Hom and included it in his 1992 VaU registration. However, there are images in the book -- not just those your client says that he found in the Becket house – that are not in the 1992 "deposit copy" that you furnished." Frankly, I do not understand why this is a problem for you. The Book is not the unpublished registration.

The you state that "Furthermore, the statement that "The photograph on page 151 is from Return to Life," is non-responsive in that it fails to indicate whether the photograph was in Mr. Gallagher's possession as of September 1, 1992, as requested in the Interrogatory." What on earth difference does this make? The Return to Life book is long out of copyright.