## Interrogatory No. 4, Aug. 11, 2022 (Ex. 7)

*Definitions*:

> The "Book" means the publication entitled The Joseph H. Pilates Archive Collection: Photographs, Writings and Designs; and

> The "Collection" means "The Original and New Pilates Photo Collection," Copyright Reg. No. 0000242067.

**Interrogatory No. 4.** For each of the photographs that appear on pages 14 through 168 in the PDF of the Collection (Richtone 000998-001152), identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date.

## Plaintiff's Response, Sept. 10, 2022 (Ex. 8)

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome and impossible to respond to, in that Plaintiff produced a copy of the deposit supporting U.S. Registration of copyright in Collection as Richtone 000993 through 001293 to Defendants, and not what Defendants have identified the Bates numbers as, and notwithstanding the availability of Bates numbers on these produced documents as produced, the Interrogatory refers to nonexistent and/or confusion page numbers in the Collection. Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

## Letter from Troy to Knull, Oct. 4, 2022 (Ex. 9)

Interrogatory No. 4.
You objected to this Interrogatory because (a) it refers to Richtone 000998-001152 rather than 000993 through 001293; (b) refers to pages 14 through 168 of the PDF that you claim are "nonexistent and/or confusion [sic] page numbers"; (c) you claim that the request is vague because it refers to "photographs" and "not all such material is at issue in this litigation"; and (d) that an answer would not lead to "much if any relevant information," etc.

We demand a full answer to Interrogatory No. 4. As for your objections:

(a) Interrogatory No. 4 indeed refers to Richtone 000998-001152, i.e., pages 14-168 of the PDF, because these are the only images with respect to which we seek an answer for this interrogatory.

(b) Many of your Bates numbers coincide with other numbering or consist of black letters on black backgrounds, making them difficult or impossible to read. See, e.g., pp. 88, 110, 111, 120, 122, 135, 138, 139, 140, 141, 142, 143, 164, 166, and 167 of the PDF. The page numbers of the PDF, on the other hand, are clear, and appear in the navigation bar in Adobe Acrobat. There is nothing "nonexistent or confusing" about them.

(c) Insofar as photographic negatives are printed on some of the pages, these should obviously be construed to mean "photographs." Contrary to your objection, everything in the Deposit Copy and the Book is at issue except for photographs that are in the public domain or those few photographs that your client does not claim copyright.

(d) All of the information sought in this Interrogatory is relevant to your client's claim to having acquired common law rights from Joseph and/or Clara Pilates. In 2016, Richtone admitted that it did not know who took some of the photographs, and in 2017, you claimed that "Joe Pilates acquired both the photographs and their negatives" and "the transfer of the physical embodiment of the unpublished copyrighted material transferred common law copyright" to him. We are entitled to discover all information relevant to putting those claims to the test, i.e., an identification of the photographer and, as sought in Interrogatory No. 6 and 7, an identification of those photographs to which your client owns the negatives. You appear to be under the mistaken assumption that there are only two images at issue in this litigation. In fact, all of your clients' copyright claims are at issue by virtue of the counterclaims and third-party.


**Letter from Knull to Troy, Oct. 11, 2022 (Ex. 10)**

INTERROGATORY 4 DISCUSSION

As to Interrogatory 4, you state that "You objected to this Interrogatory because (a) it refers to Richtone 000998-001152 rather than 000993 through 001293; (b) refers to pages 14 through 168 of the PDF that you claim are "nonexistent and/or confusion [sic] page numbers"; (c) you claim that the request is vague because it refers to "photographs" and "not all such material is at issue in this litigation"; and (d) that an answer would not lead to "much if any relevant

information," and you left out" and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything."

Then you demand "a full answer to Interrogatory No. 4. As for your objections:

First you now state that "(a) Interrogatory No. 4 indeed refers to Richtone 000998- 001152, i.e., pages 14-168 of the PDF, because these are the only images with respect to which we seek an answer for this interrogatory." That helps.

Then you state that "(b) Many of your Bates numbers coincide with other numbering or consist of black letters on black backgrounds, making them difficult or impossible to read. See, e.g., pp. 88, 110, 111, 120, 122, 135, 138, 139, 140, 141, 142, 143, 164, 166, and 167 of the PDF. The page numbers of the PDF, on the other hand, are clear, and appear in the navigation bar in Adobe Acrobat. There is nothing "nonexistent or confusing" about them." I agree that some of the Bates Numbers could be in more contrast, but at least the Bates numbers are something that can be catalogued for later references to the proceedings as I do not expect the Court or others to review everything in Adobe. We will rework these Bates numbers so they clearly appear.

Then you state that "(c) Insofar as photographic negatives are printed on some of the pages, these should obviously be construed to mean "photographs." Contrary to your objection, everything in the Deposit Copy and the Book is at issue except for photographs that are in the public domain or those few photographs that your client does not claim copyright." Perhaps if you read the words after "photographs" with that word, " as not all such material is at issue in this litigation or even subject to existing copyright" you would see we are talking about the same thing.

Then you make a legal conclusion that "(d) All of the information sought in this Interrogatory is relevant to your client's claim to having acquired common law rights from Joseph and/or Clara Pilates. In 2016, Richtone admitted that it did not know who took some of the photographs, and in 2017, you claimed that "Joe Pilates acquired both the photographs and their negatives" and "the transfer of the physical embodiment of the unpublished copyrighted material transferred common law copyright" to him. We are entitled to discover all information relevant to putting those claims to the test, i.e., an identification of the photographer and, as sought in Interrogatory No. 6 and 7, an identification of those photographs to which your client owns the negatives. You appear to be under the mistaken assumption that there are only two images at issue in this litigation. In fact, all of your clients' copyright claims are at issue by virtue of the counterclaims and third-party claim." Plaintiff strongly disagrees with your conclusions. Between the time of these asserted "admissions" and this litigation, it has become quite clear that Joseph Pilates created many of these photos himself and seldom used others than his wife

Clara as a photographer. Just as John Steel denied under oath that Joe Pilates had a will during the old trademark litigation in which he was one of your witnesses, while obviously knowing that he had written and probated that very will-- things and facts can change or be clarified.

 At most, besides the two photographs specifically sued upon, your assertion that everything else is at issue does not extend beyond the possibility of the other photographs which Mary Kelly infringed by posting which were taken down being at issue. The Pilates Transparency Project is not a party to this litigation and the counterclaims lack standing insofar as these broader claims are posited.