## Interrogatory Nos. 6 and 7, Aug. 11, 2022 (Ex. 7)

*Definitions*:

> The "Book" means the publication entitled The Joseph H. Pilates Archive Collection: Photographs, Writings and Designs; and

> The "Collection" means "The Original and New Pilates Photo Collection," Copyright Reg. No. 0000242067.

**Interrogatory No. 6.** Identify, by indicating the page number and position on the page, each photograph in the Book for which you possess the original negative.

**Interrogatory No. 7**. Identify, by indicating the PDF page or Bates number, and position on the page, each photograph in the Collection for which you possess the original negative.

## Plaintiff's Response, Sept. 10, 2022 (Ex. 8)

Response [to Interrogatory No. 6]: Plaintiff objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything. Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright.

The two images at issue in this litigation are in exhibits to the Complaint.

Response [to Interrogatory No. 7]: See response to No. 6

## Letter from Troy to Knull, Oct. 4, 2022 (Ex. 9)

Interrogatories Nos. 6 and 7.
You objected to these interrogatories as (a) "burdensome" and "not likely to lead to much of any relevant information"; and (b) containing a "vague request for 'photographs.'"

We demand full answers to Interrogatory Nos. 6 and 7, which require your client to identify the photographs to which your client possesses the original negative. As for your objections,

   (a) In correspondence you have claimed that "Joe Pilates acquired both the

photographs and their negatives" and "the transfer of the physical embodiment of the unpublished copyrighted material transferred common law copyright." In conversation you have stated that you believed your client has negatives for virtually everything. Given your claim that the possession of negatives ipso facto constitutes a transfer of common law copyright, we are entitled to test your client's claims that he owns negatives to the images in which he claims copyright

(b) Contrary to your second objection, there is nothing vague about a request to identify "each photograph in the Book for which you possess the original negative" (No. 6) and "each photograph in the Collection for which you possess the original negative" (No. 7). Contrary to your characterization, neither is a "vague request for 'photographs.'"


**Letter from Knull to Troy, Oct. 11, 2022 (Ex. 10)**

INTERROGATORY 6 AND 7 DISCUSSION

You state that "You objected to these interrogatoriesas (a) "burdensome" and "not likely to lead to much of any relevant information"; and (b) containing a "vague request for 'photographs." But once again you left out a good part of what the complete objection made was:" not likely to lead to much if any relevant information and *merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything. Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright.*"

Then you demand "full answers to Interrogatory Nos. 6 and 7, which require your client to identify the photographs to which your client possesses the original negative."

You first state that "(a) In correspondence [without any reference to such correspondence, what it was about, to whom it was directed] you have claimed that "Joe Pilates acquired both the photographs and their negatives" and "the transfer of the physical embodiment of the unpublished copyrighted material transferred common law copyright." In conversation you have stated that you believed your client has negatives for virtually everything. Given your claim that the possession of negatives ipso facto constitutes a transfer of common law copyright, we are entitled to test your client's claims that he owns negatives to the images in which he claims copyright." Please advise where I ever said to you that owning negatives was "ipso facto" copyright ownership. It is certainly good evidence that a photographer who took photos retains copyright when he or she has the negatives, and there are cases where transfer of copyright has been supported by the transferee's possession of

negatives and I have even seen the transfer of negatives being a provision in assingments of copyright, but nothing is ever "ipso facto" in the copyright universe.

      Then you go on to state that: "(b) Contrary to your second objection, there is nothing vague about a request to identify "each photograph in the Book for which you possess the original negative" (No. 6) and "each photograph in the Collection for which you possess the original negative" (No. 7). Contrary to your characterization, neither is a "vague request for 'photographs.'" However, I do not see the phrase "vague request for photographs" in Plaintiff's response. I do see the phrase "vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright." and together with the statement right before it that he request is "merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything″ I note again that The Pilates Transparency Project is not a party to this litigation and the counterclaims lack standing insofar as these broader claims are posited.