UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHTONE DESIGN GROUP, LLC,<br><br>       Plaintiff,<br><br>  - against -<br><br>Mary Sullivan KELLY and TRUE PILATES BOSTON, LLC,<br><br>       Defendants/Counter-Plaintiffs/<br>       Third-Party Plaintiffs,<br><br>  - against -<br><br>RICHTONE DESIGN GROUP, LLC,<br><br>       Counter-Defendant,<br><br>       and<br><br>Sean GALLAGHER,<br><br>       Third-Party Defendant. | **Case No. 22-cv-1606-KMK** |

### Defendants' First Set of Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rules 26.3 and 33.3, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs hereby request that Plaintiff/Counter-Defendant and Third-Party Defendant respond to the following interrogatories fully and separately in writing under oath within thirty (30) days after service hereof by sending such responses the following email addresses of Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' counsel, Gordon E. R. Troy, P.C.: office@webtm.com.

## Definitions

Pursuant to Local Civil Rule 26.3, the full text of the definitions and rules of construction set forth in paragraphs (c) and (d) therein is deemed incorporated by reference into these Interrogatories.

Furthermore, as used in these Interrogatories,

"you" means Plaintiff, Plaintiff's principals, Plaintiff's in-house counsel, Third-Party Defendant Sean Gallagher, and any employee of Plaintiff or Gallagher;

The "Book" means the publication entitled *The Joseph H. Pilates Archive Collection: Photographs, Writings and Designs*; and

The "Collection" means "The Original and New Pilates Photo Collection," Copyright Reg. No. 0000242067.

## First Set of Interrogatories

**Interrogatory No. 1.** Identify each photograph in the Book and the Collection that you contend was commissioned by Joseph Pilates from a third party, stating the date on which the commission was ordered, the terms of the commission, and the amount paid by Joseph Pilates or someone on his behalf, including any expenses incurred in creation of the photograph

**Interrogatory No. 2.** Identify each instance in which you allege that an oral transfer of copyright occurred from a third party to Joseph Pilates with respect to the photographs in the Book or the Collection, including the date of such oral transfer, the persons present at the time of such oral transfer, the terms of such transfer, and the consideration paid or given.

**Interrogatory No. 3.** Identify all photographs or other matter reproduced in the Book that was not in your possession as of September 1, 1992, stating the date on which you received such photographs or other matter, the person from who you received it, and the consideration you paid to or gave such person.

**Interrogatory No. 4.** For each of the photographs that appear on pages 14 through 168 in the PDF of the Collection (Richtone 000998-001152), identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date.

**Interrogatory No. 5.** For each photograph that appear on the following pages of the Book, identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date:

> 11, 13, 14-17, 19-24, 26, 30-32, 34-36, 38, 40, 41, 43-45, 47, 48, 49, 50, 52, 54, *55*, 58, 60, 62, 64, 70-74, 76, 78, 80, 82-86, 88-90, 93-98, 100, 102, 104, 106, 108, 110, 112-115, 118-120, 122-124, 128, 130, 134, 140, 142, 145, 146, 150, 151, 157, 159-162, and 168-174.

**Interrogatory No. 6.** Identify, by indicating the page number and position on the page, each photograph in the Book for which you possess the original negative.

**Interrogatory No. 7.** Identify, by indicating the PDF page or Bates number, and position on the page, each photograph in the Collection for which you possess the original negative.

**Interrogatory No. 8.** For each video or film in your possession, identify such video or film by title, length, and medium (e.g., 8mm, 16mm etc.), the videographer or filmmaker who made such video or film, and the year in which such video or film was made, and provide brief descriptions of the contents. If you don't have a record of the actual year, state what you believe to be the estimated date.

**Interrogatory No. 9.** Identify each photograph or other item in the Book (a) that was published prior to 1992, (b) that is currently in the public domain, and/or (c) whose copyright you admit is not owned by you, and specify (a), (b), and/or (c), as applicable, for each.

**Interrogatory No. 10.** Identify each photograph or other item in the Collection from page 9 through 168 of the PDF (Richtone 00093-001152), (a) that was published prior to 1992, (b) that is currently in the public domain, and/or (c) whose copyright you admit is not owned by you, and specify (a), (b), and/or (c), as applicable, for each.

**Interrogatory No. 11.** Provide the basis for any theory or calculation of damages that Plaintiff contends it is entitled to recover from Defendants. A complete answer should:

> (a) State each of Plaintiff's bases for seeking damages (e.g., does Plaintiff contend it is entitled to collect damages on a theory of

lost profits, reasonable royalty, price erosion, disgorgement, statutory damages, or any other basis);

(b) State the total dollar amount of damages Plaintiff contends it is entitled to recover for each basis for seeking damages described in sub-topic (a);

(c) Describe how such damages are computed, including, if appropriate, identification of all of Plaintiff's goods or services for which lost profits or price erosion damages are claimed, and the rate of any royalty which Plaintiff contends is reasonable and how such rate is computed, including by identifying information Plaintiff contends is relevant to determining such royalty;

(d) Identify any license that Plaintiff contends is relevant to establishing the rate of any royalty which Plaintiff contends is reasonable;

(e) State whether Plaintiff contends it is entitled to prejudgment interest as to the damages it seeks, and if so, identify the prejudgment interest rate, how such rate is computed, and the total amount of prejudgment interest that Plaintiff seeks.

Dated: August 11, 2022

>By: /s/ Gordon E. R. Troy, Esq.
> _____
> Gordon E. R. Troy, PC
> P.O. Box 67
> Windsor, VT 05089
> (802) 881-0640 Phone
> **gtroy@webtm.com**
> *Attorneys for Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Mary Kelly and True Pilates Boston, LLC*