UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHTONE DESIGN GROUP, LLC,

    Plaintiff,

- against -

Mary Sullivan KELLY and TRUE PILATES BOSTON, LLC,

    Defendants/Counter-Plaintiffs/Third-Party Plaintiffs,

- against -

RICHTONE DESIGN GROUP, LLC,

    Counter-Defendant, and

Sean GALLAGHER,

    Third-Party Defendant.

Case No. 22-cv-1606-KMK

**RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (Nos. 1 to 8)**

**RESPONSES**

    Interrogatory No. 1. Identify each photograph in the Book and the Collection that you contend was commissioned by Joseph Pilates from a third party, stating the date on which the commission was ordered, the terms of the commission, and the amount paid by Joseph Pilates or someone on his behalf, including any expenses incurred in creation of the photograph

    Response: Plaintiff objects to the use of the term "commission" as it is not a term used in the 1909 Copyright Act which applied during the time that both Joe Pilates and Clara Pilates were living, and which did not apply to unpublished materials that might be subject to copyright registration and/or a necessary device in the common law to transfer common law copyright. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.

1

Other than some entries in ledger books remaining from the period in question, which have been provided and which may show payments for transactions concerning photography and copying, Plaintiff is unaware of anything that might be considered to be a commission.

Interrogatory No. 2.  Identify each instance in which you allege that an oral transfer of copyright occurred from a third party to Joseph Pilates with respect to the photographs in the Book or the Collection, including the date of such oral transfer, the persons present at the time of such oral transfer, the terms of such transfer, and the consideration paid or given. Plaintiff further objects to this interrogatory as  not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.

Response: Plaintiff objects to the use of the term "oral transfer" as it is not a term used in the 1909 Copyright Act which applied during the time that both Joe Pilates and Clara Pilates were living, and which did not apply to unpublished materials that might be subject to copyright registration and/or a necessary procedure in the common law to transfer common law copyright. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.
.
Other than some entries in ledger books remaining from the period in question, which have been provided and which may show payments for transactions concerning photography and copying, Plaintiff is unaware of anything that might be considered to be part of an oral transfer because they were nor present and/or in existence.


Interrogatory No. 3.   Identify all photographs or other matter reproduced in the Book that was not in your possession as of September 1, 1992, stating the date on which you received such photographs or other matter, the person from who you received it, and the consideration you paid to or gave such person.

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book. Plaintiff further objects to this interrogatory's vague request for "all photographs or other matter reproduced in the Book" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation.   Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

To the extent Plaintiff has interpreted the page numbers properly, the following is the response, the photographs on pages 19, 29, 105, 116, 117, 166 and 167 of the Book were found in the contents of the house once owned by Joseph Pilates and Clara Pilates in Becket, Massachusetts.  The photograph on page 151 is from Return to Life.

Interrogatory No. 4. For each of the photographs that appear on pages 14 through 168 in the PDF of the Collection (Richtone 000998-001152), identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date.

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome and impossible to respond to, in that Plaintiff produced a copy of the deposit supporting U.S. Registration of copyright in Collection as Richtone 000993 through 001293 to Defendants, and not what Defendants have identified the Bates numbers as, and notwithstanding the availability of Bates numbers on these produced documents as produced, the Interrogatory refers to nonexistent and/or confusion page numbers in the Collection. Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

Interrogatory No. 5. For each photograph that appear on the following pages of the Book, identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date:

11, 13, 14-17, 19-24, 26, 30-32, 34-36, 38, 40, 41, 43-45, 47, 48, 49, 50, 52, 54, *55*, 58, 60, 62, 64, 70-74, 76, 78, 80, 82-86, 88-90, 93-98, 100, 102, 104, 106, 108, 110, 112-115, 118-120, 122-124, 128, 130, 134, 140, 142, 145, 146, 150, 151, 157, 159-162, and 168-174.

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book. Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything, as infringement of only two photographs are claimed in this litigation. Plaintiff objects to the interrogatory's demand for dates of the photographs as being not only irrelevant to this litigation, and preposterous in that Joseph Pilates, upon information and belief, often provided different ages for himself. Plaintiff does note that some of the materials have dates on them, which may or may not be correct.

Upon information and belief, Joseph Pilates was commonly known to be an expert photographer who constantly took photographs to document or film his method and knew how to set the timers by which photographers could make what are known as "selfies" in current times. Clara Pilates learned from her husband. Therefore, most of the identifications being offered below of individual photographs are based on probability and many could have been initiated via timers. To the

3

extent Plaintiff has interpreted the page numbers properly, the following is the response:

Page 11 at RICHTONE 000886  The probable photographer is Clara Pilates

Page 13 at RICHTONE 000987  The probable photographer is Clara Pilates

Pages 14-17 at RICHTONE 000888-000889   The probable photographer is Clara Pilates

Pages 19-24. 26 at RICHTONE 000890-000893   The probable photographer is either Clara Pilates or Joe Pilates

Page 30-32  at RICHTONE 000896 - 000897  The probable photographer is Clara Pilates

Pages 34-36  at  RICHTONE 000898-000899  The probable photographer is Clara Pilates

Pages 38, 40, 41, 43-44 at RICHTONE 000900, 000901-000902   The probable photographer is Clara Pilates

Page 45 at RICHTONE 000903 is unknown

Pages 47, 48, 50, 52, at RICHTONE 000904 - 000906  The probable photographer is Clara Pilates

Page 52 at RICHTONE 000907    The probable photographer is either Clara Pilates or Joe Pilates

Pages 54, 55, 58, 60 RICHTONE 000908, 000910, 000911 The probable photographer is Clara Pilates

Page 62, 64 at RICHTONE 000912, 000913   The probable photographer is either Clara Pilates or Joe Pilates

Pages 70-74, 76, 78, 80, 82-86, 88-90, 93-98   RICHTONE 000916 through 000930   The probable photographer is Clara Pilates

Page 100 at RICHTONE 000931   The probable photographer is either Clara Pilates or Joe Pilates

Page 102 at RICHTONE 000932   The probable photographer is Clara Pilates

Page 104 at RICHTONE 000933   The probable photographer is either Clara Pilates or Joe Pilates

Page 106, 108, 110 at RICHTONE 000934- 000936   The probable photographer is Clara Pilates

Page 112 -115 at RICHTONE 000937- 000938   The probable photographer is Joe Pilates

Page 118 at RICHTONE 000940   The probable photographer is Clara Pilates

Page 119 at RICHTONE 000940 is unknown

Page 120, 122 at RICHTONE 000941-000942   The probable photographer is Clara Pilates

Page 123 at RICHTONE 000942 is unknown

Page 124, 128 at RICHTONE 000943 and 000945   The probable photographer is Clara Pilates

Page 130 at RICHTONE 000946 is unknown

Page 134 at RICHTONE 000948   The probable photographer is either Clara Pilates or Joe Pilates

Page 140, 142 at RICHTONE 000943 and 000945   The probable photographer is Clara Pilates

Page 145 at RICHTONE 000953 is probably an automatic photo taken by Joe Pilates using a camera timer

Page 146, 150 at RICHTONE 000954 and 000956 The probable photographer is Clara Pilates

Page 151 at RICHTONE 000956 is unknown

Page 157 at RICHTONE 000959   The probable photographer is Clara Pilates

Page 159 - 162 at RICHTONE 000960 through 000962   The probable photographer is either Clara Pilates or Joe Pilates though see comment for page 145

Page 168 at RICHTONE 000965 is probably a photograph taken by John Lindquist

Page 169 - 174 at RICHTONE 000965 through 000968   The probable photographer is either Clara Pilates or Joe Pilates.

Interrogatory No. 6.   Identify, by indicating the page number and position on the page, each photograph in the Book for which you possess the original negative.

Response:  Plaintiff objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.  Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright.

The two images at issue in this litigation are in exhibits to the Complaint.

Interrogatory No. 7.  Identify, by indicating the PDF page or Bates number, and position on the page, each photograph in the Collection for which you possess the original negative.

See response to No. 6.

Interrogatory No. 8.  For each video or film in your possession, identify such video or film by title, length, and medium (e.g., 8mm, 16mm etc.), the videographer or filmmaker who made such video or film, and the year in which such video or film was made, and provide brief descriptions of the contents. If you don't have a record of the actual year, state what you believe to be the estimated date.

Response:  Plaintiff objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything, as infringement of only two photographs are claimed in this litigation

One video Defendants are known to have posted on the internet and taken down, but which is not subject to a claim in this litigation, is a color film of Joe Pilates teaching mat to the dancers at Jacobs Pillow on the tea garden deck.

Interrogatory No. 9.  Identify each photograph or other item in the Book (a) that was published prior to 1992, (b) that is currently in the public domain, and/or (c) whose copyright you admit is not owned by you, and specify (a), (b), and/or (c), as applicable, for each.

Response:  Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of 3 or 4 interrogatories. Plaintiff further objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.  Plaintiff further objects to this Interrogatory on the basis that the phrase "each photograph or other item" is vague and overbroad.

To the extent known, Plaintiff does not claim ownership of copyright in a John Lindquist photograph on page 168 of the Book and any other photographs in the Book to which it does have a claim of copyright ownership.

Interrogatory No. 10.  Identify each photograph or other item in the Collection from page 9 through 168 of the PDF (Richtone 00093-001152), (a) that was published prior to 1992, (b) that is currently in the public domain, and/or (c) whose copyright you admit is not owned by you, and specify (a), (b), and/or (c), as applicable, for each.

Response:  Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of 3 or 4 interrogatories.  Plaintiff further objects to this

Interrogatory on the basis that the phrase "each photograph or other item" is vague and overbroad. Plaintiff further objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation. Plaintiff further objects to this Interrogatory on the basis that this Interrogatory on the basis that it is burdensome and impossible to respond to, in that Plaintiff produced a copy of the deposit supporting U.S. Registration of copyright in Collection as Richtone 000993 through 001293 to Defendants, and not what Defendants have identified the Bates numbers as, and notwithstanding the availability of Bates numbers on these produced documents as produced, the Interrogatory refers to pages nonexistent and/or missing page numbers in the Collection.  Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

Interrogatory No. 11.   Provide the basis for any theory or calculation of damages that Plaintiff contends it is entitled to recover from Defendants. A complete answer should:
(a)   State each of Plaintiff's bases for seeking damages (e.g., does Plaintiff contend it is entitled to collect damages on a theory of lost profits, reasonable royalty, price erosion, disgorgement, statutory damages, or any other basis);
(b)   State the total dollar amount of damages Plaintiff contends it is entitled to recover for each basis for seeking damages described in sub-topic (a);
(c)   Describe how such damages are computed, including, if appropriate, identification of all of Plaintiff's goods or services for which lost profits or price erosion damages are claimed, and the rate of any royalty which Plaintiff contends is reasonable and how such rate is computed, including by identifying information Plaintiff contends is relevant to determining such royalty;
(d)   Identify any license that Plaintiff contends is relevant to establishing the rate of any royalty which Plaintiff contends is reasonable;
(e)   State whether Plaintiff contends it is entitled to prejudgment interest as to the damages it seeks, and if so, identify the prejudgment interest rate, how such rate is computed, and the total amount of prejudgment interest that Plaintiff seeks.

Response:  Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of a number of interrogatories. Plaintiff further objects to this interrogatory because it is premature, and discovery is in progress.

Plaintiff notes in partial response that its Etsy store, where various copyrighted items are marketed, sales have substantially reduced since the onset of this litigation and the commencement of social media postings by or on behalf of Defendants and this action, from approximately $3000 per month average to $1000 per month average.  Various licensing agreements for use of photographs are or have been provided.

Dated: September 10, 2022

## VERIFICATION

I hereby certify that the foregoing answers to interrogatories are true to the best of my knowledge, information and belief.

*Sean Gallagher* (signature)

Sean Gallagher, personally and as Manager of Richtone Design LLC

September 10, 2022

Respectfully,
s/ Charles H Knull
Charles Knull
Knull P.C.
305 Broadway, 7th Fl.
New York, NY 10007

Telephone: (646) 233-1376
E-mail: chk@knullpc.com
Attorney for Plaintiff and Counterclaim Defendant

## Certificate of Service

September 10, 2022

I affirm and declare that this Response to Interrogatories have been this day served upon Plaintiff's counsel by email.

s/ Charles Knull