October 4, 2022

Charles Knull
Knull P.C.
305 Broadway, 7th Fl.
New York, NY 10007

By Email Only
chk@knullpc.com

Re: <u>22cv1606 Richtone Design Group, L.L.C. v. Kelly et al</u>

Dear Charles:

As a preliminary matter, on September 7, I asked you to set the date of October 17 for inspection of evidence. As I stated in my email,

> I would like to set a date to inspect the 'archives' and am hoping that you can agree to October 17. The materials produced for inspection must include all photographs, negatives, flyers, brochures, etc., that Sean claims he received from Wee Tai in 1992. We know that Sean acquired other materials from various people over the years, and these materials should be separated if Sean is claiming copyright in them. These would include the production plate for "Around the Clock" that was given by Romana to Carol Dodge, anything that Sean obtained from other Pilates teachers or studios, and anything he acquired in Massachusetts.

On the same day, you replied "I will check on date. I do not know," but I have heard nothing from you since. As it appears that we will be standing before the Magistrate on October 19 regarding the matters below, inspection should be set for October 17 or 18 – preferably the 18th.

Below are our responses to your objections to Interrogatories and your client's refusals and failures to answer a number of them. We will first address those which your client has refused to answer in whole or in part.

## Interrogatory No. 3.
You objected to this Interrogatory because (a) it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book, and (b) any response was "not likely to lead to much if any relevant information," etc.



Your objections are spurious:

    (a) Interrogatory No. 3 does not refer to page numbers. It simply asks Plaintiff to "identify" photographs and matter that was not in your client's possession as of September 1, 1992.

    (b) As you are well aware, Gallagher represented in a declaration filed in 2013 that he took all of the material he received from Hom and included it in his 1992 VaU registration. However, there are images in the book -- not just those your client says that he found in the Becket house – that are not in the 1992 "deposit copy" that you furnished.

    Furthermore, the statement that "The photograph on page 151 is from Return to Life," is non-responsive in that it fails to indicate whether the photograph was in Mr. Gallagher's possession as of September 1, 1992, as requested in the Interrogatory.

We demand a complete answer to Interrogatory No. 3.

**Interrogatory No. 4.**
You objected to this Interrogatory because (a) it refers to Richtone 000998-001152 rather than 000993 through 001293; (b) refers to pages 14 through 168 of the PDF that you claim are "nonexistent and/or confusion [sic] page numbers"; (c) you claim that the request is vague because it refers to "photographs" and "not all such material is at issue in this litigation"; and (d) that an answer would not lead to "much if any relevant information," etc.

We demand a full answer to Interrogatory No. 4. As for your objections:

    (a) Interrogatory No. 4 indeed refers to Richtone 000998-001152, i.e., pages 14-168 of the PDF, because these are the <u>only</u> images with respect to which we seek an answer for this interrogatory.

    (b) Many of your Bates numbers coincide with other numbering or consist of black letters on black backgrounds, making them difficult or impossible to read. See, e.g., pp. 88, 110, 111, 120, 122, 135, 138, 139, 140, 141, 142, 143, 164, 166, and 167 of the PDF. The page numbers of the PDF, on the other hand, are clear, and appear in the navigation bar in Adobe Acrobat. There is nothing "nonexistent or confusing" about them.

    (c) Insofar as photographic negatives are printed on some of the pages, these should obviously be construed to mean "photographs." Contrary to your objection, everything in the Deposit Copy and the Book is at issue except for photographs that are in the public domain or those few photographs that your client does not claim copyright.



(d) All of the information sought in this Interrogatory is relevant to your client's claim to having acquired common law rights from Joseph and/or Clara Pilates. In 2016, Richtone admitted that it did not know who took some of the photographs, and in 2017, you claimed that "Joe Pilates acquired both the photographs and their negatives" and "the transfer of the physical embodiment of the unpublished copyrighted material transferred common law copyright" to him. We are entitled to discover all information relevant to putting those claims to the test, i.e., an identification of the photographer and, as sought in Interrogatory No. 6 and 7, an identification of those photographs to which your client owns the negatives. You appear to be under the mistaken assumption that there are only two images at issue in this litigation. In fact, all of your clients' copyright claims are at issue by virtue of the counterclaims and third-party claim.

## Interrogatories Nos. 6 and 7.

You objected to these interrogatories as (a) "burdensome" and "not likely to lead to much of any relevant information"; and (b) containing a "vague request for 'photographs.'"

We demand full answers to Interrogatory Nos. 6 and 7, which require your client to identify the photographs to which your client possesses the original negative. As for your objections,

(a) In correspondence you have claimed that "Joe Pilates acquired both the photographs and their negatives" and "the transfer of the physical embodiment of the unpublished copyrighted material transferred common law copyright." In conversation you have stated that you believed your client has negatives for virtually everything. Given your claim that the possession of negatives ipso facto constitutes a transfer of common law copyright, we are entitled to test your client's claims that he owns negatives to the images in which he claims copyright.

(b) Contrary to your second objection, there is nothing vague about a request to identify "each photograph in the Book for which you possess the original negative" (No. 6) and "each photograph in the Collection for which you possess the original negative" (No. 7). Contrary to your characterization, neither is a "vague request for 'photographs.'"

## Interrogatory No. 8.

You objected to this interrogatory on the basis that it is "burdensome and not likely to lead to much if any relevant information," etc. However, your claim that the videoclip that was the subject of your clients' takedown is not part of this litigation is mistaken. It is part of Defendants' counterclaims under the DMCA.

Consequently, your client must answer Interrogatory No. 8 with respect to this item.



**Interrogatory No. 9.**
You objected to this interrogatory on the basis that it (a) "requires legal conclusions," (b) "is a compound interrogatory consisting of 3 or 4 interrogatories," (c) is "not likely to lead to much if any relevant information," etc., and (d) uses the phrase, "each photograph or other item in the Book," which you inexplicably believe is "vague and overbroad."

Defendants are entitled to have any information in your clients' possession regarding whether an image was published prior to 1992, is in the public domain, and/or is not a photograph or other item whose copyright is not owned by Richtone. Gallagher frequently appears in social media videoclips lecturing others on publication and public domain and is capable of providing information to the best of his knowledge and understanding.

Whether or not the interrogatory consists of 3 or 4 interrogatories is irrelevant. Defendants posed 11 interrogatories, and the limit is 25.

Consequently, your client must answer Interrogatory No. 9.

**Interrogatory No. 10.**
Interrogatory No. 10 makes the same request as No. 9, but in relation to pages 9 through 168 of the PDF of the "Collection" (Richtone 00093-001152). Obviously "00093" should have read "00993," but 001152 is correct, as it represents the last image in the deposit copy that your client produced which displays a page of images that Gallagher could have received from Wee Tai Hom. All of the images from 001153 through 001293 were produced in 1992, as is clear from the labels on those pages and Gallagher's 2013 sworn declaration. Nevertheless, the reference to the page numbers of the PDF was correct and more than adequate for your client to answer this interrogatory, particularly given that your Bates numbers do not appear or are very difficult to read on many pages.

In any case, as with Interrogatory No. 9, Defendants are entitled to have any information in your clients' possession regarding whether an image was published prior to 1992, is in the public domain, and/or is not a photograph or other item whose copyright is not owned by Richtone. Gallagher frequently appears in social media videoclips lecturing others on publication and public domain and is capable of providing information to the best of his knowledge and understanding.

**Interrogatory No. 11.**
Your objection that this interrogatory "requires legal conclusions, is a compound interrogatory consisting of a number of interrogatories, "and is "premature, and discovery is in progress" are issues you will need to take up with the Magistrate. Discovery commenced on June 28 with Initial Disclosures, and Interrogatories were required to be served by August 26, 2022. These interrogatories were timely served.



The answer provided by your client is nonresponsive and inadequate. Claiming that your client has suffered a reduction in sales as the result of your client suing the Defendants and the consequent negative publicity fails to provide the basis for any theory of damages that your client contends it is entitled to recover.

We require a complete answer to Interrogatory No. 11.

### Interrogatory No. 2.

You objected to this interrogatory because (a) you objected "to the use of the term 'oral transfer' as it is not a term used in the 1909 Copyright Act;" and (b) you believe it is "not likely to lead to much if any relevant information. These are not legitimate objections. First, you know perfectly well that common law copyright, i.e., the right of first publication, could be transferred orally. Second, although your client claims that ownership of negatives constituted a transfer of rights to Joseph Pilates, and speculates that Joseph and/or Clara Pilates could have taken the photos, the fact is that your client simply does not know who took any of the photographs in question in this litigation. That includes not only the two images on which your client decided to sue, but also those that are referred to in our clients' counterclaims and third-party claims. For this reason, whether there was an oral transfer, whether transfer was effectuated by conduct, and whether there is documentary evidence in support of any of your client's claims are all directly relevant to the issues in this matter.

Lastly, your client responded that "Plaintiff is unaware of anything that might be considered to be part of an oral transfer because they were nor [sic] present and/or in existence," but it is unclear who "they" refers to. Your client must clarify this so that we may understand Plaintiff's response.

### Interrogatory No. 1.

Although your client provided an answer to this interrogatory, you objected "to the use of the term 'commission' as it is not a term used in the 1909 Copyright Act." If you read the Complaint, you will find that Plaintiff uses the word "commissioning." See, Dkt. ≠ 2, ¶ 21. You further objected that the interrogatory is "not likely to lead to much if any relevant information and merely posed as part of a fishing expedition," etc…" The objection is not legitimate. Defendants are entitled to discover all documents that may be relevant to challenging and determining your clients' rights in copyright.

### Interrogatory No. 5.

Although your client provided answers of sorts to this interrogatory, you objected to this interrogatory on the basis that (a) it refers to page numbers of your client's Book instead of your Bates numbers; (b) you believe that the Interrogatory contains a "vague request for photographs"; (c) you believe that an answer would not lead to "much if any relevant information," etc.; and (d) it is "impossible" for your client to estimate the year in which any particular photograph was taken because Joseph Pilates "upon information and belief, often



provided different ages for himself." None of these objections is legitimate for the following reasons:

(a) We referred to page numbers of the Book because you chose to place Bates numbers <u>only on the Book's odd-numbered pages</u>. Furthermore, the Book's page numbers are both larger and clearer than the tiny Bates numbers in the poor-quality photocopy that your client chose to produce in discovery. Needless to say, there is no requirement that an Interrogatory refer to your Bates numbering.

(b) The Interrogatory does not make a "vague request for photographs." It asks your client to identify certain information about each of the photographs on the pages indicated.

(c) Identifying photographers and the year in which such photograph was taken are relevant, because such information may lead to discoverable information regarding copyright ownership, and also because, under the 1976 Copyright Act, any work by a photographer who died prior to 1952 and who did not transfer common law copyright to Joseph Pilates would be in the public domain.

(d) Your client should have no trouble estimating when a photograph was taken, given his thorough and long-time familiarity with photographs of Joseph Pilates – many of them bearing dates – from the 1920s up until his death, and the fact that Joseph Pilates' "different ages for himself" never varied by more than a year or two.

Sincerely,

Gordon E. R. Troy, PC

By: _____
        Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com

