# KNULL P.C.

**tel.** 646-233-1376  chk@knullpc.com
Fax  303-379-5604  www.knullpc.com

Business/Mailing Address:  Law Office:
  1120 Delaware St. Ste 110-7    305 Broadway, 7th Fl
  Denver, Colorado 80204-3655    New York, NY 10007

October 11, 2022
By email: gtroy@webtm.com

Gordon Troy, Esq.
P.O. Box 67
Windsor, VT 05089

    Re: Richtone v. Kelly, SDNY,  22-cv-1606

Dear Gordon

I am responding to your letter dated October 4, which was emailed to me on October 5 at the same time as the email to Cathy Struck threatening a subpoena and demanding her research on Joe Pilates as a photographer.

You have problems with objections made in Plaintiff's responses to Interrogatories.

While you are upset concerning the objections I made to some interrogatories, I want to point out the "Global Objections" which you made to our Document Requests, which I am reproducing here:

> "Objections to Requests for Production of Documents.
>
> "Defendants object to Requests for Production 1 through 19, each pertaining to Defendants' Affirmative Defenses, as (a) being overbroad, vague, and unduly burdensome, in that they ask for "All Documents which support the allegations…," given that the word "support" is not defined and could refer to nearly every document produced by Plaintiffs and Defendants in this lawsuit; (b) impermissibly seeks legal theories of Defendants' counsel; (c) seeks production of documents that have already been produced by Plaintiffs and/or are in their possession; and (d) seeks matter that is Plaintiff Richtone's burden to establish. Defendants further object to the form of the Requests, because rather than specify the subject

1

matter of what is sought, they merely cite paragraph numbers in Document 11, thus requiring counsel for Defendants (i) to spend unnecessary time in satisfying multiple Requests that could have been combined by subject matter, and (ii) to refer continually to Document 11, given that only the first 19 Requests actually correspond to Document 11's numbering.

"The foregoing objections are collectively referred as the "Global Objections."

In this connection, I note that our request No. 72 for "All documents referring or relating to Defendants' marketing and sales of Pilates photographs and memorabilia." was met with your response that;

> "Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case; and (b) the only such items ever marketed or sold by Defendant True Boston Pilates were photographs taken by John Vachon for Look Magazine, the copyrights to which are owned by the photographer's heir."

Please advise how our objections even go as far as this where you are stonewalling on how Mary Kelly, who Richtone alleges is uttering false and miseleading statements to denigrate Plaintiff's busines of selling copyrighted material ever acquired any license to make these products from copyrighted material?

It is possible and it has always been my practice and the practice of everybody I have litigated against in Federal Court to make objections but go ahead and produce or state whatever is relevant or likely to lead to relevant disclosure and not privileged.[1] Plaintiff

---

[1] A reminder that you have not provided priviledge logs as to the claimed and purported "privileged communications" between Mary Kelly and the "Pilates Transparency Project," GoFundme, Alycea Ungaro, Hila Paldi, Heather Erdmann, and Victoria Cuomo . It is apparent from various internet posts that all these persons and individuals are reviewing and often publishing materials which Plaintiff has provided to your office and have then reached Kelly during this ongoing discovery.



**tel.** 646-233-1376                                   chk@knullpc.com

Fax 303-379-5604                                 www.knullpc.com

believes it has produced and disclosed more than adequate material and continues its search.

I am confused by the order in which you discuss the purported deficiencies in the Interrogatories, beginning with 2, 1 and 5 after No. 11, but I am responding according to your list.

## INTERROGATORY 3 DISCUSSION

**Interrogatory No. 3.** Identify all photographs or other matter reproduced in the Book that was not in your possession as of September 1, 1992, stating the date on which you received such photographs or other matter, the person from who you received it, and the consideration you paid to or gave such person.

**Response:** Plaintiff objects to this Interrogatory on the basis that it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book. Plaintiff further objects to this interrogatory's vague request for "all photographs or other matter reproduced in the Book" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

To the extent Plaintiff has interpreted the page numbers properly, the following is the response, the photographs on pages 19, 29, 105, 116, 117, 166 and 167 of the Book were found in the contents of the house once owned by Joseph Pilates and Clara Pilates in Becket, Massachusetts. The photograph on page 151 is from Return to Life.

As to Interrogatory No. 3, your objection are that "[Our] objections are spurious:

You state that " (a) Interrogatory No. 3 does not refer to page numbers. It simply asks Plaintiff to "identify" photographs and matter that was not in your client's possession as of September 1, 1992. " That being so, various page numbers which have photographs

found at the Becket House or which were in the Return to Life book are identified. Plaintiff has never claimed copyright in these photographs and whether they were in its possession as of September 1, 1992 is absolutely irrelevant.

You object that "(a) As you are well aware [I personally was not, but it did happen], Gallagher represented in a declaration filed in 2013 that he took all of the material he received from Hom and included it in his 1992 VaU registration. However, there are images in the book -- not just those your client says that he found in the Becket house – that are not in the 1992 "deposit copy" that you furnished."  Frankly, I do not understand why this is a problem for you.  The Book is not the unpublished registration.

The you state that "Furthermore, the statement that "The photograph on page 151 is from Return to Life,"  is non-responsive in that it fails to indicate whether the photograph was in Mr. Gallagher's possession as of September 1, 1992, as requested in the Interrogatory."  What on earth difference does this make?  The <u>Return to Life</u> book is long out of copyright.

## INTERROGATORY 4 DISCUSSION

**Interrogatory No. 4.** For each of the photographs that appear on pages 14 through 168 in the PDF of the Collection (Richtone 000998-001152), identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date.

**Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome and impossible to respond to, in that Plaintiff produced a copy of the deposit supporting U.S. Registration of copyright in Collection as Richtone 000993 through 001293 to Defendants, and not what Defendants have identified the Bates numbers as, and notwithstanding the availability of Bates numbers on these produced documents as produced, the Interrogatory refers to nonexistent and/or confusion page numbers in the Collection.   Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some**

# KNULL P.C.

**funders of this litigation who have no standing to request anything.**

As to Interrogatory 4, you state that "You objected to this Interrogatory because (a) it refers to Richtone 000998-001152 rather than 000993 through 001293; (b) refers to pages 14 through 168 of the PDF that you claim are "nonexistent and/or confusion [sic] page numbers"; (c) you claim that the request is vague because it refers to "photographs" and "not all such material is at issue in this litigation"; and (d) that an answer would not lead to "much if any relevant information," and you left out " and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything." "

Then you demand "a full answer to Interrogatory No. 4. As for your objections:

First you <u>now</u> state that " (a) Interrogatory No. 4 indeed refers to Richtone 000998-001152, i.e., pages 14-168 of the PDF, because these are the <u>only</u> images with respect to which we seek an answer for this interrogatory." That helps.

Then you state that "(b) Many of your Bates numbers coincide with other numbering or consist of black letters on black backgrounds, making them difficult or impossible to read. See, e.g., pp. 88, 110, 111, 120, 122, 135, 138, 139, 140, 141, 142, 143, 164, 166, and 167 of the PDF. The page numbers of the PDF, on the other hand, are clear, and appear in the navigation bar in Adobe Acrobat. There is nothing "nonexistent or confusing" about them." I agree that some of the Bates Numbers could be in more contrast, but at least the Bates numbers are something that can be catalogued for later references to the proceedings as I do not expect the Court or others to review everything in Adobe. We will rework these Bates numbers so they clearly appear.

Then you state that "(c) Insofar as photographic negatives are printed on some of the pages, these should obviously be construed to mean "photographs." Contrary to your objection, everything in the Deposit Copy and the Book is at issue except for photographs that are in the public domain or those few photographs that your client does not claim copyright." Perhaps if you read the words after "photographs" with that word, " as not all such material is at issue in this litigation or even subject to existing copyright" you would see we are talking about the same thing.

Then you make a legal conclusion that "(d) All of the information sought in this Interrogatory is relevant to your client's claim to having acquired common law rights

from Joseph and/or Clara Pilates. In 2016, Richtone admitted that it did not know who took some of the photographs, and in 2017, you claimed that "Joe Pilates acquired both the photographs and their negatives" and "the transfer of the physical embodiment of the unpublished copyrighted material transferred common law copyright" to him. We are entitled to discover all information relevant to putting those claims to the test, i.e., an identification of the photographer and, as sought in Interrogatory No. 6 and 7, an identification of those photographs to which your client owns the negatives. You appear to be under the mistaken assumption that there are only two images at issue in this litigation. In fact, all of your clients' copyright claims are at issue by virtue of the counterclaims and third-party claim." Plaintiff strongly disagrees with your conclusions. Between the time of these asserted "admissions" and this litigation, it has become quite clear that Joseph Pilates created many of these photos himself and seldom used others than his wife Clara as a photographer. Just as John Steel denied under oath that Joe Pilates had a will during the old trademark litigation in which he was one of your witnesses, while obviously knowing that he had written and probated that very will-- things and facts can change or be clarified.

       At most, besides the two photographs specifically sued upon, your assertion that everything else is at issue does not extend beyond the possibility of the other photographs which Mary Kelly infringed by posting which were taken down being at issue. The Pilates Transparency Project is not a party to this litigation and the counterclaims lack standing insofar as these broader claims are posited.

## INTERROGATORIES 6 AND 7 DISCUSSION

       **Interrogatory No. 6.** Identify, by indicating the page number and position on the page, each photograph in the Book for which you possess the original negative.

       **Response: Plaintiff objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything. Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright.**

# KNULL P.C.
**tel.** 646-233-1376                                            chk@knullpc.com

Fax 303-379-5604                                           www.knullpc.com




**The two images at issue in this litigation are in exhibits to the Complaint.**

**Interrogatory No. 7. Identify, by indicating the PDF page or Bates number, and position on the page, each photograph in the Collection for which you possess the original negative.**

**See response to No. 6.**

You state that "You objected to these interrogatoriesas (a) "burdensome" and "not likely to lead to much of any relevant information"; and (b) containing a "vague request for 'photographs." But once again you left out a good part of what the complete objection made was: " not likely to lead to much if any relevant information and *merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything. Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright.* "

Then you demand "full answers to Interrogatory Nos. 6 and 7, which require your client to identify the photographs to which your client possesses the original negative."

You first state that "(a) In correspondence [without any reference to such correspondence, what it was about, to whom it was directed] you have claimed that "Joe Pilates acquired both the photographs and their negatives" and "the transfer of the physical embodiment of the unpublished copyrighted material transferred common law copyright." In conversation you have stated that you believed your client has negatives for virtually everything. Given your claim that the possession of negatives ipso facto constitutes a transfer of common law copyright, we are entitled to test your client's claims that he owns negatives to the images in which he claims copyright." Please advise where I ever said to you that owning negatives was "ipso facto" copyright ownership. It is certainly good evidence that a photographer who took photos retains copyright when he or she has the negatives, and there are cases where transfer of copyright has been supported by the transferee's possession of negatives and I have even seen the transfer of negatives being a provision in assingments of copyright, but nothing is ever "ipso facto" in the copyright universe.

Then you go on to state that: "(b) Contrary to your second objection, there is nothing vague about a request to identify "each photograph in the Book for which you


# KNULL P.C.
**tel.** 646-233-1376          chk@knullpc.com
Fax 303-379-5604          www.knullpc.com

possess the original negative" (No. 6) and "each photograph in the Collection for which you possess the original negative" (No. 7). Contrary to your characterization, neither is a "vague request for 'photographs.'"  However, I do not see the phrase "vague request for photographs" in Plaintiff's response.  I do see the phrase "vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright. " and together with the statement right before it that he request is "merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything"  I note again that  The Pilates Transparency Project is not a party to this litigation and the counterclaims lack standing insofar as these broader claims are posited.

## INTERROGATORY 8 DISCUSSION

**Interrogatory No. 8.For each video or film in your possession, identify such video or film by title, length, and medium (e.g., 8mm, 16mm etc.), the videographer or filmmaker who made such video or film, and the year in which such video or film was made, and provide brief descriptions of the contents. If you don't have a record of the actual year, state what you believe to be the estimated date.**

**Response:  Plaintiff objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything, as infringement of only two photographs are claimed in this litigation**

**One video Defendants are known to have posted on Youtube and possibly elsewhere on the internet and taken down, but which is not subject to a claim in this litigation, is a color film of Joe Pilates teaching mat to the dancers at Jacobs Pillow on the tea garden deck.**

You note that Plaintiff "objected to this interrogatory on the basis that it is "burdensome and not likely to lead to much if any relevant information," etc. However, your claim that the videoclip that was the subject of your clients' takedown is not part of this litigation is mistaken. It is part of Defendants' counterclaims under the DMCA.

If this is so, please identify this takedown notice as it relates to Mary Kelly, although Plaintiff stands by the objection as it relates to any other videos and the purported "need to know" by non-parties to this litigation without standing to make



# KNULL P.C.

**tel.** 646-233-1376                                                              chk@knullpc.com
Fax 303-379-5604                                                      www.knullpc.com

discovery demands.

## INTERROGATORY 9 DISCUSSION

**Interrogatory No. 9.** Identify each photograph or other item in the Book (a) that was published prior to 1992, (b) that is currently in the public domain, and/or (c) whose copyright you admit is not owned by you, and specify (a), (b), and/or (c), as applicable, for each.

**Response:** Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of 3 or 4 interrogatories. Plaintiff further objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything. Plaintiff further objects to this Interrogatory on the basis that the phrase "each photograph or other item" is vague and overbroad.

To the extent known, Plaintiff does not claim ownership of copyright in a John Lindquist photograph on page 168 of the Book and any other photographs in the Book to which it does have a claim of copyright ownership.

You state that Plaintiff "objected to this interrogatory on the basis that it (a) "requires legal conclusions," (b) "is a compound interrogatory consisting of 3 or 4 interrogatories," (c) is "not likely to lead to much if any relevant information," but once again you refrain from quoting the entire objection, which is "burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything." and replace it with a very pregnant "etc."and (d) uses the phrase, "each photograph or other item in the Book," which you inexplicably believe is "vague and overbroad." and which indeed makes this Request "vague and overbroad" and essentially directed at satisfying the thirst of your funders.

You assert that "Defendants are entitled to have any information in your clients' possession regarding whether an image was published prior to 1992, is in the public domain, and/or is not a photograph or other item whose copyright is not owned by


# KNULL P.C.

**tel.** 646-233-1376  chk@knullpc.com
Fax 303-379-5604  www.knullpc.com

Richtone. Gallagher frequently appears in social media videoclips lecturing others on publication and public domain and is capable of providing information to the best of his knowledge and understanding."   This is exactly what has been done. Plaintiff has provided its full response to this Request.

You also assert that "Whether or not the interrogatory consists of 3 or 4 interrogatories is irrelevant. Defendants posed 11 interrogatories, and the limit is 25." Plaintiff knows this and is keeping count.

## INTERROGATORY 10 DISCUSSION

**Interrogatory No. 10.**     Identify each photograph or other item in the Collection from page 9 through 168 of the PDF (Richtone 00093-001152), (a) that was published prior to 1992, (b) that is currently in the public domain, and/or (c) whose copyright you admit is not owned by you, and specify (a), (b), and/or (c), as applicable, for each.

**Response:  Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of 3 or 4 interrogatories. Plaintiff further objects to this Interrogatory on the basis that the phrase "each photograph or other item" is vague and overbroad. Plaintiff further objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.  Plaintiff further objects to this Interrogatory on the basis that this Interrogatory on the basis that it is burdensome and impossible to respond to, in that Plaintiff produced a copy of the deposit supporting U.S. Registration of copyright in Collection as Richtone 000993 through 001293 to Defendants, and not what Defendants have identified the Bates numbers as, and notwithstanding the availability of Bates numbers on these produced documents as produced, the Interrogatory refers to pages nonexistent and/or missing page numbers in the Collection.   Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.**

In your objection to Plaintiff's response, you do note that page numbering of the


# KNULL P.C.

tel. 646-233-1376          chk@knullpc.com
Fax 303-379-5604          www.knullpc.com

request is erroneous and I will rework the Bates pages on which the numbers are less readable but Plaintiff wants to continue to use Bates numbered references to lessen confusion in the future.

    As for your other objection, Plaintiff has provided all that it has and Plaintiff has provided its full response to this Request.

## INTERROGATORY 11 DISCUSSION

    **Interrogatory No. 11. Provide the basis for any theory or calculation of damages that Plaintiff contends it is entitled to recover from Defendants. A complete answer should:**
    **(a) State each of Plaintiff's bases for seeking damages (e.g., does Plaintiff contend it is entitled to collect damages on a theory of lost profits, reasonable royalty, price erosion, disgorgement, statutory damages, or any other basis);**
    **(b) State the total dollar amount of damages Plaintiff contends it is entitled to recover for each basis for seeking damages described in sub-topic (a);**
    **(c) Describe how such damages are computed, including, if appropriate, identification of all of Plaintiff's goods or services for which lost profits or price erosion damages are claimed, and the rate of any royalty which Plaintiff contends is reasonable and how such rate is computed, including by identifying information Plaintiff contends is relevant to determining such royalty;**
    **(d) Identify any license that Plaintiff contends is relevant to establishing the rate of any royalty which Plaintiff contends is reasonable;**
    **(e) State whether Plaintiff contends it is entitled to prejudgment interest as to the damages it seeks, and if so, identify the prejudgment interest rate, how such rate is computed, and the total amount of prejudgment interest that Plaintiff seeks.**

    **Response:** Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of a number of interrogatories. Plaintiff further objects to this interrogatory because it is premature, and discovery is in progress.

    Plaintiff notes in partial response that its Etsy store, where various copyrighted items are marketed, sales have substantially reduced since the onset of this litigation and the commencement of social media postings by or on behalf of Defendants and this action, from approximately $3000 per month average to $1000 per month average. Various licensing agreements for use of photographs are or have

**been provided.**

Frankly, I do not know what to say about this absurd objection to Plaintiff's response.  I am well aware of the deadlines in discovery, but discovery in federal court is always an ongoing affair in which responses are supplemented. Indeed, you have made a Third Request for documents recently and there will be more requests and discovery activities.  We shall provide under Confidentiality (as you seem to share all responses with the Transparency Project) the exact business downturn which has resulted, Plaintiff asserts, from the constant lies, disparagement and half truths about Plaintiff being promulgated to this day.  It will be up to a fact finder eventually.

## INTERROGATORY 2 DISCUSSION

**Interrogatory No. 2.  Identify each instance in which you allege that an oral transfer of copyright occurred from a third party to Joseph Pilates with respect to the photographs in the Book or the Collection, including the date of such oral transfer, the persons present at the time of such oral transfer, the terms of such transfer, and the consideration paid or given. Plaintiff further objects to this interrogatory as  not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.**

**Response: Plaintiff objects to the use of the term "oral transfer" as it is not a term used in the 1909 Copyright Act which applied during the time that both Joe Pilates and Clara Pilates were living, and which did not apply to unpublished materials that might be subject to copyright registration and/or a necessary procedure in the common law to transfer common law copyright. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.**
**.**
**Other than some entries in ledger books remaining from the period in question, which have been provided and which may show payments for transactions concerning photography and copying, Plaintiff is unaware of anything that might be considered to be part of an oral transfer because they were nor present and/or in existence.**

You state that Plaintiff (a) "objected "to the use of the term 'oral transfer' as it is not a term used in the 1909 Copyright Act;" and (b) ... "it is "not likely to lead to much if any relevant information.

You say these are "not legitimate objections." You say that "you know perfectly well that common law copyright, i.e., the right of first publication, could be transferred orally.

You further state, without any source, that "your client claims that ownership of negatives constituted  a transfer of rights to Joseph Pilates, and speculates that Joseph and/or Clara Pilates could have taken the photos," and that "the fact is that your client simply does not know who took any of the photographs in question in this litigation." I think you are reading the wishful thinking of your funders into your own version of reality.   I have expressed earlier in this letter what the ownership of negatives can mean, and it is hardly "speculation" that Joseph Pilates and/or Clara Pilates could have taken the photos.

Plaintiff has made its response to this Interrogatory and it is the response which it is has made as of this time.

You add "Lastly, your client responded that "Plaintiff is unaware of anything that might be considered to be part of an oral transfer because they were nor [sic] present and/or in existence," but it is unclear who "they" refers to. Your client must clarify this so that we may understand Plaintiff's response."  For clarity, "they" refers to Sean Gallagher and Richtone.

## INTERROGATORY 1 DISCUSSION

**Interrogatory No. 1.** Identify each photograph in the Book and the Collection that you contend was commissioned by Joseph Pilates from a third party, stating the date on which the commission was ordered, the terms of the commission, and the amount paid by Joseph Pilates or someone on his behalf, including any expenses incurred in creation of the photograph

**Response:**  Plaintiff objects to the use of the term "commission" as it is not a term used in the 1909 Copyright Act which applied during the time that both Joe

# KNULL P.C.

tel. 646-233-1376          chk@knullpc.com

Fax 303-379-5604          www.knullpc.com

**Pilates and Clara Pilates were living, and which did not apply to unpublished materials that might be subject to copyright registration and/or a necessary device in the common law to transfer common law copyright. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.**

**Other than some entries in ledger books remaining from the period in question, which have been provided and which may show payments for transactions concerning photography and copying, Plaintiff is unaware of anything that might be considered to be a commission.**

You state concerning Interrogatory one that "Although your client provided an answer to this interrogatory, you objected "to the use of the term 'commission' as it is not a term used in the 1909 Copyright Act." <u>If you read the Complaint, you will find that Plaintiff uses the word "commissioning."</u> It is correct that the term "commissioning" was used in this paragraph but it was in connection with the Section 43(a) claim.

You also state that Plaintiff "objected that the interrogatory is "not likely to lead to much if any relevant information and merely posed as part of a fishing expedition," etc…" The objection is not legitimate. Defendants are entitled to discover all documents that may be relevant to challenging and determining your clients' rights in copyright."

Obviously, you entitled to challenge copyright registrations. The burden is quite heavy and involves much more than merely questioning factual statements made in copyright applications. See, e.g., *Gaffney v. Muhammad Ali Enterprices*, 18 Civ. 8770 (SDNY 9/7/22), at page 7: "A certificate of registration is invalid if the owner included an inaccuracy "with knowledge"' and the inaccuracy "would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1). This is a conjunctive test, requiring both (1) an inaccuracy and (2) the Plaintiff to know about the inaccuracy at the time of the registration. *See Palmer/Kane LLC v. Gareth Stevens PubTg,* 2017 WL 3973957, at *14 (S.D.N.Y. Sept. 7, 2017) (quotations omitted). The Supreme Court recently held that "[l]ack of knowledge of either *fact or law* can excuse an inaccuracy in a copyright registration." *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.,* 142 S.Ct. 941, 945 (2022).

This requires that the owner of the registration have actual knowledge about the specific inaccuracy. *See Id.,* 142 8 S.Ct. at 948."

## INTERROGATORY 5 DISCUSSION

**Interrogatory No. 5.** For each photograph that appear on the following pages of the Book, identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date:

11, 13, 14-17, 19-24, 26, 30-32, 34-36, 38, 40, 41, 43-45, 47, 48, 49, 50, 52, 54, *55*, 58, 60, 62, 64, 70-74, 76, 78, 80, 82-86, 88-90, 93-98, 100, 102, 104, 106, 108, 110, 112-115, 118-120, 122-124, 128, 130, 134, 140, 142, 145, 146, 150, 151, 157, 159-162, and 168-174.

**Response:** Plaintiff objects to this Interrogatory on the basis that it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book. Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything, as infringement of only two photographs are claimed in this litigation. Plaintiff objects to the interrogatory's demand for dates of the photographs as being not only irrelevant to this litigation, and preposterous in that Joseph Pilates, upon information and belief, often provided different ages for himself. Plaintiff does note that some of the materials have dates on them, which may or may not be correct.

Upon information and belief, Joseph Pilates was commonly known to be an expert photographer who constantly took photographs to document or film his method and knew how to set the timers by which photographers could make what are known as "selfies" in current times. Clara Pilates learned from her husband. Therefore, most of the identifications being offered below of individual photographs are based on probability and many could have been initiated via timers. To the extent Plaintiff has interpreted

# KNULL P.C.


tel. 646-233-1376  chk@knullpc.com
Fax 303-379-5604  www.knullpc.com

**the page numbers properly, the following is the response:**

You note as to this Interrogatory that "Although your client provided answers of sorts to this interrogatory, you objected to this interrogatory on the basis that (a) it refers to page numbers of your client's Book instead of your Bates numbers; (b) you believe that the Interrogatory contains a "vague request for photographs"; (c) you believe that an answer would not lead to "much if any relevant information," etc.; and (d) it is "impossible" for your client to estimate the year in which any particular photograph was taken because Joseph Pilates "upon information and belief, often provided different ages for himself." None of these objections is legitimate for the following reasons:

'(a) We referred to page numbers of the Book because you chose to place Bates numbers only on the Book's odd-numbered pages. Furthermore, the Book's page numbers are both larger and clearer than the tiny Bates numbers in the poor-quality photocopy that your client chose to produce in discovery. Needless to say, there is no requirement that an Interrogatory refer to your Bates numbering."

Plaintiff wants to retain Bates number references to avoid inevitable later confusion. We will rework the Bates numbers to make them more clear.

Plaintiff has provided all the information which is knows about the photographs at this time, and is not disposed to age-guessing and other such hypothesis and speculation.

However, Plaintiff otherwise maintains its objections and as the information demanded is well beyond the scope of the photographs that are pertinent to this litigation with Mary Kelly and meant to placate individuals and persons who are not parties to this litigation and who have no Standing.

Very truly yours,

*Charles Knull*

Charles Knull