# KNULL P.C.

**tel.** 646-233-1376  chk@knullpc.com
Fax 303-379-5604  www.knullpc.com

October 15, 2022 VIA ECF

Hon. Andrew E. Krause,
U.S. Magistrate Judge
Federal Bldg. and U.C. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: Richtone Design Group, LLC v. Kelly, et al. 22-cv-1601-KMK-AEK

Dear Magistrate Krause:

Plaintiff has a different perspective on the issues in Defendants' Letter to you dated October 13, 2022. The discovery demands made by Defendants go well beyond the scope of Defendants' counterclaims (Exh. A), which concern Defendants' demand for Declaratory and other relief based upon Takedown Requests directed at Defendants' posts of Plaintiff's copyrighted works. The Declaratory Judgment Act "confers on federal courts 'unique and substantial discretion in deciding whether to declare the rights of litigants,'" but it does not extend the courts' subject matter jurisdiction. Peconic Baykeeper, Inc. v. Suffolk County, 600 F.3d 180, 187 (2d Cir. 2010); Jurisdiction must be "real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007). Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Defendants' counterclaim and third party claim can be read as limited to

applying to what copyrighted materials are specifically mentioned, but Defendants' discovery demands are much more expansive. Moreover, Defendants have demanded an inspection, without any expert on photography present, at which its attorney would photograph all negatives and other materials in Plaintiff's archive. (Exh. B)

      Plaintiff believes Defendants are making the broad discovery demands because their defense is being funded by the Pilates Transparency Project, which has promised to deliver to its funders item of copyrighted material which Plaintiff claims to own. (Exhs. C & D) Indeed, Plaintt has expressed dismay previously to Defendants' counsel concerning documents being turned over and then being posted on the internet in connection with this funding. (Exh. E) Defendants also have claimed a "privilege" as to requests for logs between Defendants and known supporters of this Project on the basis that it is a "litigation funder." (Exh. B)

      Plaintiff contends that its objections are based upon true issues in this action, and not the ulterior motive pressed by Defendants. If Defendants continue to press these broad discovery demands, a motion concerning Standing as to the Counterclaims is also in order. Subject matter jurisdiction is always an issue at all stages of litigation. See Fed. R. Civ. P. 12(h)(3) ;

Sincerely,

/Charles Knull/