EXHIBIT A

## COUNTERCLAIM/THIRD-PARTY PLAINTIFFS' CLAIMS AGAINST COUNTCLAIM DEFENDANT AND THIRD-PARTY DEFENDANT

This is an action by Counterclaim/Third-Party Plaintiffs for violation of 17 U.S.C. § 512(f)(1) by Counterclaim Defendant Richtone and Third-Party Defendant Gallagher in connection with their filing of false and fraudulent DMCA takedown notices with respect to certain works posted by Counterclaim/Third-Party Plaintiffs on Instagram, and asserting copyright ownership claims against Counterclaim/Third-Party Plaintiffs with respect to those works.

### PARTIES

1.      Counterclaim/Third-Party Plaintiff Kelly is an individual residing in Massachusetts.

2.      Counterclaim/Third-Party Plaintiff True Pilates Boston is a Massachusetts limited liability company with its principal place of business at 385 Eliot St., Newton, MA.

3.      Upon information and belief, Counterclaim Defendant Richtone is a New York limited liability company with a registered address or place of business at 13 Cedar Street, Hasting-on-Hudson, New York.

4.      Upon information and belief, Third-Party Defendant Sean Gallagher ("Gallagher") is a principal and member of Richtone, and resides and/or does business in this district.

### JURISDICTION AND VENUE

5.      Subject matter jurisdiction over the claims asserted in this action is

conferred upon the Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 1367, and 28 U.S.C § 2201.

6.     The Court has personal jurisdiction over both Counterclaim Defendant and Third-Party Defendant because these parties transact business in this District, and because a substantial part of the relevant events occurred in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and § 1400(a), because Counterclaim Defendant's and Third-Party Defendant's places of business are in this district and each committed acts in violation of 17 U.S.C. § 512(f)(1) in this district.

## GENERAL ALLEGATIONS

8.     Gallagher and Richtone, have, since 1992, publicly misrepresented that one or both of them own the copyrights to hundreds of photographs, graphic images, memorabilia, and videos depicting or relating to Joseph Pilates and the Pilates method of exercise, including but not limited to snapshots of Joseph Pilates, his wife, and others, pictures taken of the Pilates couple at work in their studio, and instructions and instructional sequences for use of the unique equipment designed by Joseph Pilates (collectively, the "Gallagher Archive").

9.     According to representations made by Third-Party Defendant and Counterclaim Defendant's General Counsel, Gallagher and/or Richtone allege ownership of copyright in the materials in the Gallagher Archive based on a chain of title from Joseph Pilates to Clara Pilates (as common law wife of Joseph Pilates), to

939 Studio Corporation, to Pilates Studio, Inc. (a company not associated in any way with Gallagher or Richtone), to Aris Isotoner Gloves, Inc., to Healite, Inc., and to Pilates, Inc., a company owned by Gallagher (such chain of transfers hereinafter referred to as the "Chain of Title").

10.    Third-Party Defendant and/or Counterclaim Defendant's General Counsel have admitted that (a) they do not know the names of the photographers whose works are in the Gallagher Archive; and (b) "there is no document specifically transferring the copyrights from the photographer or anyone else."

11.    Throughout the alleged Chain of Title, (a) there is no evidence that copyrights in the Gallagher Archive were ever transferred from one party to the next; and (b) there exists no facts or circumstances from which such transfers may be inferred.

12.    To support their groundless claims to copyright ownership, Gallagher and Richtone have publicly made the following assertions:

   a. that the copyrights were transferred orally pursuant to the 1909 Copyright Act (despite the fact that they have never disclosed any evidence of any oral copyright transfer); and

   b. "under New York common law, physical ownership of unpublished and unregistered [photographs] is dispositive of ownership…regardless of who the artist may be."

13.    In fact, Gallagher and Richtone have always known, should have known

if they had acted with reasonable diligence, or would have had no substantial doubt had they been acting in good faith, that they are mere possessors of the Gallagher Archive, whose rights are equal to that of finders of lost property whose possessory interests do not include the intellectual property rights therein.

14.    On or about February 24, 2021, Gallagher filed knowingly and materially false DMCA takedown notices with Instagram against nineteen posts on True Pilates Boston's Instagram account, pursuant to which the allegedly infringing posts were removed from Instagram.

15.    Upon information and belief, on or about the following dates, Gallagher filed additional knowingly and materially false DMCA takedown notices with Instagram against True Pilates Boston's Instagram account:

a. on or about October 24, 2021: Gallagher's takedown notice claimed that a derivative work based on a brochure published by Joseph Pilates in 1943 infringed Gallagher's copyright, resulting in the removal of the image. However, the copyright to that work was never renewed and is in the public domain since 1971;

b. on or about each of October 29 and October 30, 2021, Gallagher's takedown notices claimed that posted images infringed Gallagher's copyright, resulting in the removal of those images, when in fact the images were and are in the public domain;

16.     Gallagher's knowingly and materially false takedown notice of October 30, 2021, triggered the shutdown of True Pilates Boston's Instagram account.

17.     Shortly thereafter, True Pilates Boston opened a new Instagram account.

18.     Upon information and belief, on or about November 23, 2021, Gallagher filed a knowingly and materially false DMCA takedown notice with Instagram against a post on True Pilates Boston's new Instagram account showing Joseph Pilates and certain apparatus, the copyrights to which Gallagher and Richtone knew did not belong to them.

19.     Upon information and belief, on or about January 18, 2022, Gallagher filed a knowingly and materially false DMCA takedown notice with Instagram against a post on True Pilates Boston's new Instagram account showing the image in Exhibit C to the Complaint (Dkt. # 2-3).

20.     Upon information and belief, on or about March 15, 2022, Gallagher filed a knowingly and materially false DMCA takedown notice with Instagram against a post on True Pilates Boston's new Instagram account showing a driveway mural in Brazil depicting images of Joseph Pilates, which takedown notice triggered the shutdown of True Pilates Boston's new account.

21.     When Gallagher filed each of the DMCA takedown notices, he and Plaintiff lacked any good faith belief in their alleged copyright ownership, having (a) willfully blinded themselves to the high probability that no facts existed to support their copyright claims, (b) deliberately closed their eyes to the evidence that there

was no chain of title and they did not own the copyrights in question, and (c) knowingly ignored publicly available information contradicting their claims of copyright ownership.

22.     When Gallagher filed each of the DMCA takedown notices, he and Plaintiff also failed to form any good faith belief regarding whether the Instagram posts constituted "fair use" under the Copyright Act, because they failed to consider the issue of "fair use" at all.

## FIRST CAUSE OF ACTION AGAINST COUNTERCLAIM DEFENDANT RICHTONE AND THIRD-PARTY DEFENDANT GALLAGHER
### (Violation of 17 U.S.C. § 512(f)(1))

23.     Counterclaim/Third-Party Plaintiffs repeat, reallege, and incorporate herein by reference the allegations contained in paragraphs 1 through 22 of these Counterclaims and Third-Party Claims  as though fully set forth herein.

24.     17 U.S.C. § 512(f)(1) provides, in pertinent part, that "[a]ny person who knowingly materially misrepresents…that material or activity is infringing," "shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer…who is injured by such misrepresentation, as the result of the service provider relying on such misrepresentation in removing or disabling access to the material…claimed to be infringing…"

25.     Gallagher's willful, knowing, and materially false DMCA takedown notices filed on behalf of himself and Richtone constitute multiple violations of 17

U.S.C. § 512(f)(1), which violations have resulted in damages to Counterclaim/Third-Party Plaintiffs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION AGAINST COUNTERCLAIM DEFENDANT RICHTONE AND THIRD-PARTY DEFENDANT GALLAGHER
(Declaration of Non-Infringement)

26. Counterclaim/Third-Party Plaintiffs repeat, re-allege, and incorporate herein by reference the allegations contained in paragraphs 1 through 25 of these Counterclaims and Third-Party Claims  as though fully set forth herein.

27. This is a claim pursuant to 28 U.S.C. § 2201 for a declaratory judgment of non-infringement with respect to all images for which Gallagher and Richtone filed takedown notices against Counterclaim/Third-Party Plaintiffs.

28.  Counterclaim/Third-Party Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe on any copyright alleged to be owned by Gallagher and/or Richtone, because such images are in the public domain.

29. An actual and justiciable controversy exists between Counterclaim/Third-Party Plaintiffs, on the one hand, and Gallagher and Richtone, on the other, concerning alleged copyright infringement. A judicial declaration of non-infringement is necessary to resolve this conflict.

## THIRD CAUSE OF ACTION AGAINST COUNTERCLAIM DEFENDANT RICHTONE AND THIRD-PARTY DEFENDANT GALLAGHER
(Declaration of Non-Infringement)

30. Counterclaim/Third-Party Plaintiffs repeat, reallege, and incorporate

herein by reference the allegations contained in paragraphs 1 through 29 of these Counterclaims and Third-Party Claims  as though fully set forth herein.

31.     This is a claim pursuant to 28 U.S.C. § 2201 for a declaratory judgment of non-infringement with respect to all images to which Counterclaim and Third-Party Defendants claim copyright ownership, including but not limited to (a) the images contained in the book entitled "The Original and New Pilates Photo Collection," published in 1992 (the "1992 Publication"); (b) the images contained in the books entitled "The Joseph H. Pilates Archive Collection, published 2000 (the "2000 Publication"); (c) all photographs in grid form showing Joseph Pilates demonstrating exercises and positions on the floor and apparatus which exist in various public libraries, the 1992 Publication, and/or the 2000 Publication; (d) a portfolio of images and advertisement depicting the "Pilates 'Wunda' Chair," which is in a collection at the New York Public Library; (e) images of Joseph Pilates in the "Charley Miller Papers" at the University of Maine; (f) the many Christmas cards bearing photographs of Joseph and Clara Pilates; and (g) a leaflet entitled "A Commando Exercise, Around the Clock and Back in One Minute" (collectively, the "Subject Works").

32.     According to Counterclaim Defendant, Exhibit B (Dkt. #2-2) is the copyright registration certificate for the 1992 Publication, and the rights to the photographs in the 1992 Publication were transferred to the copyright claimant by "Assignment."

33.     According to Counterclaim Defendant, Exhibit A (Dkt. #2-1) is the copyright registration certificate for the 2000 Publication. The work purports to cover "text, compilation of texts and photographs."

34.     Upon information and belief, Counterclaim and/or Third-Party Defendants contacted the New York Public Library and threated the library with legal action if it allowed third parties to obtain copies of the materials in their collections relating to Joseph Pilates.

35.     Upon information and belief, Counterclaim and/or Third-Party Defendants contacted the Raymond H. Folger Library at the University of Maine and threated the library with legal action if it allowed third parties to obtain copies of the materials in their collections relating to Joseph Pilates.

36.     Upon information and belief, the University of Maine prohibited third parties from obtaining copies of all but one photograph of Joseph Pilates in the "Charley Miller Papers."

37.     Upon information and belief, Counterclaim and/or Third-Party Defendants has filed takedown notices and/or threatened to bring copyright infringement lawsuit covering all or part of the Subject Works.

38.     Upon information and belief, Counterclaim and/or Third-Party Defendants have publicly stated that even displaying any of the Subject Works on the walls of their Pilates studios would be grounds for an infringement lawsuit.

39.     Counterclaim/Third-Party Plaintiff Mary Kelly trained to teach the

Pilates method of exercise with and was certified by Romana's Pilates, which was established by Romana Kryzanowska, a student of Joseph Pilates.

40.    The Subject Works are important to Counterclaim/Third-Party Plaintiffs as part of Ms. Kelly's training lineage and the way she brands her studio and Pilates business.

41.    Given Counterclaim and/or Third-Party Defendants' frequent takedown notices, threats of litigation, public statements asserting ownership over the Subject Works, their desire to sue alleged infringers, and the fact of this lawsuit, Counterclaim/Third-Party Plaintiffs have a reasonable fear that should they publish any of the Subject Works online or even display them in the studio of True Pilates Boston, they will be sued for copyright infringement.

42.    Accordingly, an actual and justiciable controversy exists between Counterclaim/Third-Party Plaintiffs, on the one hand, and Counterclaim/Third-Party Defendants, on the other, concerning the Subject Works. A judicial declaration of non-infringement is necessary to resolve this conflict

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim/Third-Party Plaintiffs pray that this Court enter judgment against  Richtone and Gallagher as follows:

(a)    On Counterclaim/Third-Party Plaintiffs' First Cause of Action, awarding damages pursuant to 17 U.S.C. § 512(f)(1) sufficient to compensate Counterclaim and Third-Party Plaintiffs for knowingly and materially misrepresenting that the

material posted on Instagram was infringing;

(b)     On Counterclaim/Third-Party Plaintiffs' Second Cause of Action, a Declaratory Judgment that Counterclaim/Third-Party Plaintiffs have not infringed on any copyright of Gallagher or Richtone, and that such images are in the public domain.

(c)     On Counterclaim/Third-Party Plaintiffs' Third Cause of Action, a Declaratory Judgment that Counterclaim/Third-Party Plaintiffs have not infringed on any copyright of Gallagher or Richtone in the Subject Works, and that the Subject Works are in the public domain.

(d)     Awarding Counterclaim and Third-Party Plaintiffs their costs, expenses, and attorneys' fees; and

(e)     Awarding such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Counterclaim and Third-Party Plaintiffs hereby demand a jury trial on all issues so triable.