October 11, 2022

Charles Knull
Knull P.C.
305 Broadway, 7ᵗʰ Fl.
New York, NY 10007

By Email Only
chk@knullpc.com

Re:    22cv1606 Richtone Design Group, L.L.C. v. Kelly et al

Dear Charles:

Your client is obligated to produce the entire "archives," including negatives, either at my office, or where the archives are kept. I do not want to meet your client, but if I must, you have a professional obligation to be present. I do not need an 'expert'. I will be bringing a small lightbox on which to place negatives, and will photograph them either with my iPhone or my digital camera. Regarding Cathy Strack, we were not "threatening" a subpoena or "demanding" her research. We were asking her whether she would provide the information without the necessity of the subpoena, and, as a courtesy to you, we copied you on that email. In any case, since she advised that she wishes to proceed by subpoena, we will issue one shortly.

This letter is also in response to your email of today's date asking where the "privilege logs" are for "communications of Mary Kelly with the Transparency Project's apparent members." Your client is not entitled to receive any documents, let alone a privilege log, if applicable. As we stated on August 8th in our answers to your document requests, the documents sought in Request Nos. 58-71 ("All documents referring or relating to communications..."), are not discoverable in that they (1) fail to seek evidence that is relevant to any party's claim or defense in this case, (2) invade the private communications and thoughts of Defendants and others, and (3) are made for purposes of intimidation. A copy of your Requests for Production and our responses and objections are attached hereto as Exhibits 1 and 2, respectively.

Following our objections, you did not respond by setting forth any ground on which your client is entitled to this discovery. Moreover, it is clear from the breadth of your requests, your responses to Interrogatories, and your email and letter to our office, that your client is improperly attempting (a) to discover who is funding the litigation, (b) to intimidate Ms. Kelly and third parties from communicating with each other about this litigation, as it is their right to do, and (c) to interfere with the fundraising efforts of the Pilates Transparency Project, all because your client is unhappy with the negative publicity he is receiving.

You objected to (and in a number of instances, your client refused to answer) ten of the eleven Interrogatories we propounded, on the basis that "this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this



litigation who have no standing to request anything." You further wrongly claimed that "[t]he two images at issue in this litigation are in exhibits to the Complaint," when you know from our clients' Counterclaims that there are numerous images at issue in this litigation, including all the images with respect to which your clients filed takedown notices, and the images in your client's 1992 Deposit Copy and the 2000 Book. Another example of your denial that this case involves more than just two images on which your client decided to sue, is your objection to Interrogatory No. 5, where you state,

> Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything, as infringement of only two photographs are claimed in this litigation.

A copy of your Responses to Interrogatories is attached as Exhibit 3.

Your clients' improper motives for seeking discovery of communications between our client and third parties is also found in your non-responsive "partial response" to Interrogatory No. 11, which asked Plaintiff to provide the basis for any theory or calculation of damages that it contends it is entitled to recover from Defendants. There, Plaintiff stated that sales at its Etsy store

> have substantially reduced since the onset of this litigation and the commencement of social media postings by or on behalf of Defendants and this action, from approximately $3,000 per month average to $1000 per month average."

These are not "damages" which your client can recover. They are not the result of any alleged infringement by our client, but consequences of your clients' choice to bring this lawsuit. Your clients' dissatisfaction with the results of that decision obviously underlie your clients' improper discovery tactic.

Further examples of your client's improper motives in seeking discovery of the aforementioned communications are your emails and letters to this office.

On July 18 (Exhibit 4) you complained that the Pilates Transparency Project is "apparently" "complaining about [Plaintiff's] document requests to Mary Kelly." You further complained that "there is no mention that the bulk of what I have requested is documents relating to the Counterclaims and Third-Party Claim" and "I think this is information designed to gin up donations." First, we reviewed the post that you sent us and there is no evidence that your requests were shared with anyone other than the defendants. The post merely states that there were 72 requests which "are calculated to drive up the cost of defense." Second, It might have occurred to you that the specifics of your requests were not mentioned because whoever wrote the post didn't have access to your requests. Third, the Requests are not confidential documents.

By letter dated September 25, 2022 (Exhibit 5), you also claimed, without evidence, that "Mary Kelly is quite obviously sharing every bit of disclosure made by Plaintiff with the Transparency Project." None of your accusations provide an adequate motive for discovery of our client's communications about the case with third parties. Neither the financing of the defense nor the motives behind it, which



your clients are clearly seeking in their document requests, are proper subjects for discovery. As the court observed in *Benitez v. Lopez*, 17-cv-3827 (E.D.N.Y. March 14, 2019), 2019 WL 1578167 *1,

> As to the litigation funding documents, Defendants fail to establish that such discovery is "relevant to any party's claims or defense." Fed. R. Civ. P. 26(b)(1). Defendants contend that they should be able to inquire about any financing "and the motives behind it," because it "goes directly to plaintiff's credibility and is grounds for impeachment at trial." These claims are without merit. Defendants do not explain how any litigation funding impacts Plaintiff's credibility or how it could be used to impeach his trial testimony.

See also, *Eastern Profit Corporation Limited v. Strategic Vision US, LLC*, 18-cv-2185 (S.D.N.Y. December 18, 2020), 2020 WL 7490107 *8:

> [C]ourts in this Circuit have rejected claims for such documents when the only asserted relevance is that they will permit the requesting party to peer into its adversary's strategy, the adversary's reasons for pursuing what the requesting party might believe is baseless litigation, and the adversary's rationale for accepting or rejecting settlement offers.

(citations omitted); *Kaplan v. S.A.C. Capital Advisors, L.P.*, Case No. 12–CV–9350 (S.D.N.Y. Sept. 10, 2015) 2015 WL 5730101 *5 (denying discovery of "contracts, litigation funding agreements, other similar documents executed between their counsel and third parties relating to this case, and corresponddence with those funders or third parties about this case"); and *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Products Liability Litigation*, 405 F.Supp.3d 612 (D.N.J. 2019) (discovery seeking a party's agreements, communications, and documents with third-parties relating to funding, conferences, meetings or conventions," denied absent showing of good cause).

If there are specific reasons why your client should be entitled to discover any "documents referring or relating to communications" between Mary Kelly and any third party, we will, of course, consider the request. However, on the current record, we stand firm in rejecting your discovery requests.

Lastly, your letter received at 5:07 pm today does not even remotely address our objections to your client's discovery failures. Accordingly, we are planning to appear before the Magistrate on October 19, as stated in his order of September 9.

Sincerely,

Gordon E. R. Troy, PC

By: _____
      Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com



Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RICHTONE DESIGN GROUP LLC,
Plaintiff,

     -against-

MARY SULLIVAN KELLY

TRUE PILATES BOSTON LLC.,
Defendants/Counter-Plaintiffs/          Case No. 22-cv-1606-KMK
Third Party Plaintiffs,

     -against-

RICHTONE DESIGN GROUP, LLC,
Counterclaim Defendant,

     and

SEAN GALLAGHER,
Third Party Defendant.

---

**PLAINTIFF/COUNTERCLAIM DEFENDANT**
**AND**
**THIRD PARTY DEFENDANTS'**
**FIRST SET OF REQUESTSFOR THE PRODUCTION OF DOCUMENTS AND THINGS**

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil

Rule 26.3 ("Uniform Definitions in Discovery Requests"), Plaintiffs request that Defendants

produce the documents and tangible things requested below by delivering same to Plaintiffs'

counsel within thirty (30) days after service hereof, or, with respect to tangible things and

other matter that cannot practicably be copied or reproduced, make same available for

inspection at the offices of Defendants's counsel or at such other place or in such other manner

as may be mutually agreed upon between counsel for the parties,.

## DEFINITIONS

Pursuant to Local Civil Rule 26.3, the full text of the definitions and rules of construction set forth in paragraphs (c) and (d) therein is deemed incorporated by reference into these Requests.

In addition, the following definitions apply to these document requests:

"Plaintiffs" means Richtone Design Group LLC and Sean Gallagher, or anyone of such persons or combinations of such persons.

"Defendants" means Defendants/Counterclaim Plaintiff Third Party Plaintffs Mary Kelly and True PIlates Boston, LLC. and all of their predecessors in interest, or anyone of such persons or combinations of such persons, and includes its officers, directors, agents,employees, servants and attorneys and all other persons acting for or on either or both's behalf.

The "GoFundMe" means the "GoFundMe" established at gofundme.com identified as the PilatesTransparency Project.

"Document 11" means the "Defendants' Answer, Affirmative Defenses, Counterclaims and Third-Party Complaint" filed on May 9, 2022 and which is designated Document 11 in this action.


## INSTRUCTIONS

If the person responding to any of these Requests has a good faith doubt as to the meaning or intended scope of a discovery request, and such person's sole objection would be to its vagueness or ambiguity, such person should contact the undersigned counsel in advance of asserting an unnecessary objection. Undersigned counsel will provide whatever clarification or explanation may be needed.

Except as otherwise specified in a particular Request, documents originally in

paper form should be produced in PDF format. Documents originally in electronic format (including but not limited to email and messaging applications) may be produced in screenshots in PDF form as long as the dates of the communications and the names of the sender and recipients are either indicated on-screen or otherwise produced simultaneously. However, we reserve the right to request native-format emails.

If a Document or other matter is responsive to more than one Request, Defendants should produce it in response to the first such Response and thereafter identify it with sufficient particularity in each such subsequent Response.

All documents shall be segregated and identified by the request to which they are primarily responsive.

Each request for documents seeks production of all documents described herein inthe possession, custody or control of Defendants, including but not limited to, its attorneys.

If any document requested herein was formerly in Defendants' possession, custody, orcontrol and has been lost or destroyed, or otherwise disposed of, Defendants are requested to submit in lieu of any such document a written statement: (i) describing in detail the nature of the document and its contents; (ii) identifying the person(s) who prepared or authorized the document and, if applicable, the person(s) to whom the document was sent and indicated or blind copies, (iii) specifying the date on which the document was prepared or transmitted and (iv) specifying, if possible the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destructionand the persons requesting and performing the destruction.

This request is a continuing one and any document obtained subsequent to production which would have been produced had it been available or its existence beenknown at

the time of production specified is to be supplied forthwith.

Unless otherwise specified, the time period for these requests calls for information and documentation relevant to the following time period: from January 1, 2015 to the present.

<u>REQUESTS</u>

1.    All Documents which support the allegations set forth in paragraph 1 of the Affirmative Defenses stated in  Document 11.

2.    All Documents which support the allegations set forth in paragraph 2 of the Affirmative Defenses stated in  Document 11.

3.    All Documents which support the allegations set forth in paragraph 3 of the Affirmative Defenses stated in  Document 11.

4.    All Documents which support the allegations set forth in paragraph 4 of the Affirmative Defenses stated in  Document 11.

5.    All Documents which support the allegations set forth in paragraph 5 of the Affirmative Defenses stated in  Document 11.

6.    All Documents which support the allegations set forth in paragraph 6 of the Affirmative Defenses stated in  Document 11.

7.    All Documents which support the allegations set forth in paragraph 7 of the Affirmative Defenses stated in  Document 11.

8.    All Documents which support the allegations set forth in paragraph 8 of the Affirmative Defenses stated in  Document 11.

9.    All Documents which support the allegations set forth in paragraph 9 of the Affirmative Defenses stated in  Document  11.

10.    All Documents which support the allegations set forth in paragraph 10 of the

Affirmative Defenses stated in  Document  11.

11.     All Documents which support the allegations set forth in paragraph 11 of the Affirmative Defenses stated in  Document  11.

12.     All Documents which support the allegations set forth in paragraph12  of the Affirmative Defenses stated in  Document  11.

13.     All Documents which support the allegations set forth in paragraph 13 of the Affirmative Defenses stated in  Document  11.

14.     All Documents which support the allegations set forth in paragraph 14 of the Affirmative Defenses stated in  Document  11.

15.     All Documents which support the allegations set forth in paragraph 15 of the Affirmative Defenses stated in  Document  11.

16.     All Documents which support the allegations set forth in paragraph 16 of the Affirmative Defenses stated in  Document  11.

17.     All Documents which support the allegations set forth in paragraph 17 of the Affirmative Defenses stated in  Document  11.

18.     All Documents which support the allegations set forth in paragraph 18 of the Affirmative Defenses stated in  Document  11.

19.     All Documents which support the allegations set forth in paragraph 19 of the Affirmative Defenses stated in  Document  11.

20.     All Documents which support the allegations set forth in paragraph 8 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

`        21.     All Documents which support the allegations set forth in paragraph 9 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint

22.     All Documents which support the allegations set forth in paragraph 10 of the

portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

23. All Documents which support the allegations set forth in paragraph 11 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

24. All Documents which support the allegations set forth in paragraph 12 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

25. All Documents which support the allegations set forth in paragraph 13 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

26. All Documents which support the allegations set forth in paragraph 14 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

27. All Documents which support the allegations set forth in the lead paragraph of paragraph 15 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

28. All Documents which support the allegations set forth in paragraph 15(a) of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

29. All Documents which support the allegations set forth in paragraph 15(b) of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

30. All Documents which support the allegations set forth in paragraph 16 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

31. All Documents which support the allegations set forth in paragraph 17 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

32. All Documents which support the allegations set forth in paragraph 18 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

33. All Documents which support the allegations set forth in paragraph 19 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

34. All Documents which support the allegations set forth in paragraph 20 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

35. All Documents which support the allegations set forth in paragraph 21 of the portion of Document 21 designated as the Counterclaims and Third-Party Complaint.

36. All Documents which support the allegations set forth in paragraph 22 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

37. All Documents which support the allegations set forth in paragraphs 26 through 29 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint cpncerning the threats by which DJ action claimed as to said unknown "any copyright alleged to be owned" and reasonable fear stated in paragraph 41 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

38. All Documents which support the allegations set forth in paragraph 30 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

39. All Documents which support the allegations set forth in paragraph 31 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

40. All Documents which support the allegations set forth in paragraph 32 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

41. All Documents which support the allegations set forth in paragraph 33 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

42. All Documents which support the allegations set forth in paragraph 34 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

43. All Documents which support the allegations set forth in paragraph 35 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

44. All Documents which support the allegations set forth in paragraph 36 of the

portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

45.     All Documents which support the allegations set forth in paragraph 37 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

46.     All Documents which support the allegations set forth in paragraph 38 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

47.     All Documents which support the allegations set forth in paragraph 39 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

48.     All Documents which support the allegations set forth in paragraph 40 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

49.     All Documents which support the allegations set forth in paragraph 41 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

50.     All Documents which support the allegations set forth in paragraph 42 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint.

51.     All documents relating to Defendants understanding of the copying policy of the Raymond H. Folger Library at the University of Maine.

52.     All documents relating to Defendants' understanding of the copying policy of the New York Public Library .

53.     All documents relating to Defendants' communications with the Raymond H. Folger Library at the University of Maine.

54.     All documents relating to Defendants' communications with the New York Public Library.

55.     All documents supporting or relating to the statement made by Defendants on YouTube.com (posted in June 2022) relating to Mary Kelly being "advised by my attorneys" that publishing a book or a calendar "doesn't mean you own the copyright".

56. All Documents which support the allegations set forth in paragraph 40 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint relating to certification of Mary Kelly.

57. All Documents which support the allegations set forth in paragraph 41 of the portion of Document 11 designated as the Counterclaims and Third-Party Complaint relating to Mary Kelly's "training lineage and the way she brands her studio and Pilates business".

58. All documents referring or relating to communications of Defendants by and among members of the Pilates Transparency Project.

59. All documents referring or relating to communications of Defendants by and among contributors to the GoFundme.

60. All documents referring or relating to communications of Defendants and Christine Gadar concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

61. All documents referring or relating to communications of Defendants and Alycea Ungaro concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

62. All documents referring or relating to communications of Defendants and Hila Paldi concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

63. All documents referring or relating to communications of Defendants and Heather Erdmann concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

64. All documents referring or relating to communications of Defendants and Vivian Piccone concerning Plaintiffs and the photographs and other materials which are the subject

of this lawsuit's claims, counterclaims and third party claims.

65.   All documents referring or relating to communications of Defendants and Victoria Cuomo concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

66.   All documents referring or relating to communications of Defendants and David Rosencrans concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

67.   All documents referring or relating to communications of Defendants and Alisa Wyatt concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

68.   All documents referring or relating to communications of Defendants and Christi Cooper concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

69.   All documents referring or relating to communications of Defendants and the Pilates Alliance Australasia (PAA) concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

70.   All documents referring or relating to communications of Defendants and Cary Regan concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

71.   All documents referring or relating to communications of Defendants and Phoebe Higgins concerning Plaintiffs and the photographs and other materials which are the subject of this lawsuit's claims, counterclaims and third party claims.

72.   All documents referring or relating to Defendants' marketing and sales of

Pilates photographs and memorabilia.

July 7,  2022

Respectfully submitted,

/Charles Knull/

Charles Knull
Knull P.C.
305 Broadway, 7th Floor
New York, NY 10007

Telephone: (646) 233-1376
E-mail: chk@knullpc.com
Attorney for Defendants


**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July 2022, I electronically transmitted this document by email to  all counsel of record.

/Charles Knull/

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHTONE DESIGN GROUP, LLC,

       Plaintiff/Counter-Defendant,

  - against -

Mary Sullivan KELLY and TRUE PILATES
BOSTON, LLC,

       Defendants/Counter-Plaintiffs/
       Third Party Plaintiffs,

  - against -

RICHTONE DESIGN GROUP, LLC,

       Counterclaim Defendant,

       and

Sean GALLAGHER,

       Third Party Defendant.

**Case No. 22-cv-1606-KMK**

### Defendants' Answers to Plaintiff's and Third-Party Defendant's First Set of Requests for Production of Documents

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Civil

Rule 26.3, Defendants Mary Sullivan Kelly and True Pilates Boston, LLC

("Defendants") hereby respond to Plaintiff's and Third-Party Defendant's First Set

of Requests for Production of Documents. As used herein, "Plaintiffs" refers to

Richtone and Sean Gallagher.

**Objections to Requests for Production of Documents**.

Defendants object to Requests for Production 1 through 19, each pertaining to Defendants' Affirmative Defenses, as (a) being overbroad, vague, and unduly burdensome, in that they ask for "All Documents which support the allegations…," given that the word "support" is not defined and could refer to nearly every document produced by Plaintiffs and Defendants in this lawsuit; (b) impermissibly seeks legal theories of Defendants' counsel; (c) seeks production of documents that have already been produced by Plaintiffs and/or are in their possession; and (d) seeks matter that is Plaintiff Richtone's burden to establish.

Defendants further object to the form of the Requests, because rather than specify the subject matter of what is sought, they merely cite paragraph numbers in Document 11, thus requiring counsel for Defendants (i) to spend unnecessary time in satisfying multiple Requests that could have been combined by subject matter, and (ii) to refer continually to Document 11, given that only the first 19 Requests actually correspond to Document 11's numbering.

The foregoing objections are collectively referred as the "Global Objections."

**Reservation of Right to Supplement**. Defendants reserve the right to supplement these Answers in the event that they receive or become aware of additional documents that support the Request.

**Request No. 1.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00001-00105, TPB00109-00147, TPB00148-00168-00172, TPB00187-00213-00990, TPB01089-01100.

**Request No. 2.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01046-01088, TPB01229-01230.

**Request No. 3.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01046-01088, TPB01229-01230.

**Request No. 4.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00106-00147.

**Request No. 5.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) Defendants have no additional Documents to produce in response to this Request.

**Request No. 6.**     Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) Defendants have no additional Documents to produce in response to this Request.

**Request No. 7.**     Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) Defendants have no additional Documents to produce in response to this Request.

**Request No. 8.**     This Request seeks legal theories and, consequently, no response is required.

**Request No. 9.**     Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) Defendants have no additional Documents to produce in response to this Request.

**Request No. 10.**     This Request seeks legal theories and, consequently, no response is required.

**Request No. 11.**     Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) Defendants have no additional Documents to produce in response to this Request.

**Request No. 12.**   This Request seeks legal theories and, consequently, no response is required.

**Request No. 13.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00106-00147, TPB00173-00182, TPB00112-01115, TPB01046-01110, TPB01119-01129, and TPB01215-01227.

**Request No. 14.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00109-00147.

**Request No. 15.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the Seventh Affirmative Defense misstated the allegation therein in that the term, "Works," was not intended to allege that the two photographs ("Works" as defined in the Complaint) were published without seeking permission from third parties, but that the 2000 Joseph Pilates Archive Collection book contained images for which permission was required, but not sought, from third parties. Defendants have produced a better-quality reproduction of the Book for purposes of this litigation. See TPB00001-00105.

**Request No. 16.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the Seventh Affirmative Defense misstated the allegation therein in that the term, "Works," was not intended to allege that copyright management information was removed from the two photographs ("Works" as defined in the Complaint) but that copyright management information was removed from images contained in 2000 Joseph Pilates Archive Collection book.

**Request No. 17.**   This Request seeks legal theories and, consequently, no response is required.

**Request No. 18.**   This Request seeks legal theories and, consequently, no response is required.

**Request No. 19.**   This Request seeks legal theories and, consequently, no response is required.

**Request No. 20.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00106-00970, TPB00991-01110.

**Request No. 21.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been

produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00148-00162.

**Request No. 22.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00148-00162.

**Request No. 23.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) Defendants have no additional Documents to produce in response to this Request.

**Request No. 24.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00109-00168, TPB00218-00967, TPB01089-01100.

**Request No. 25.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) Defendants have no additional Documents to produce in response to this Request; and (c) to the extent that this Request seeks legal theories, no response is required.

**Request No. 26.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been

produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01046-01088, TPB01229-01230.

**Request No. 27.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01046-01068.

**Request No. 28.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01046-01068.

**Request No. 29.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01046-01068.

**Request No. 30.**   Without waiving any of the Global Objections, (a) Defendants have no Documents to produce in response to this Request; and (b) ) to the extent that this Request seeks legal theories, no response is required.

**Request No. 31.**   Without waiving any of the Global Objections, have no Documents to produce in response to this Request.

**Request No. 32.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been

produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01046-01068.

**Request No. 33.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00972-00990, TPB01050-01068, TPB01111.

**Request No. 34.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01050-01068.

**Request No. 35.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00106-00108, TPB00972-00145.

**Request No. 36.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB01046-00168; and (c) Defendants have no additional Documents to produce in response to this Request.

**Request No. 37.**   This Request seeks legal theories and, consequently, no response is required.

**Request No. 38.**   This Request seeks documents for paragraphs 1 through 29 of the Counterclaims and Third-Party Claims, and therefore, Defendants repeat their prior answers seeking Documents responsive to such paragraphs.

**Request No. 39.**   Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: All Documents produced herewith and any Documents hereinafter to be produced.

**Request No. 40.**   Without waiving any of the Global Objections, Dkt. #2-2 speaks for itself, and Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff.

**Request No. 41.**   Without waiving any of the Global Objections, Dkt. #2-2 speaks for itself, and Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff.

**Request No. 42.**   Without waiving any of the Global Objections, such Documents are in the possession of Plaintiff and/or Counterclaim Defendant.

**Request No. 43.**   Without waiving any of the Global Objections, (a) such Documents are in the possession of Plaintiff and/or Counterclaim Defendant; and (b) the following documents are or may be responsive to this Request: TPB00982-00990.

**Request No. 44.**   Without waiving any of the Global Objections, the following documents are or may be responsive to this Request: TPB00982-00990.

**Request No. 45.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00109-00194, TPB00214-00217, TPB01089-01109, TPB01112-01115.

**Request No. 46.** Without waiving any of the Global Objections, (a) Defendants will not produce any Document responsive to this Request that has already been produced by Plaintiff; and (b) the following documents are or may be responsive to this Request: TPB00109-00147.

**Request No. 47.** Without waiving any of the Global Objections, Defendants will produce any Document responsive to this Request.

**Request No. 48.** Without waiving any of the Global Objections, Defendants have not located Documents responsive to this Request.

**Request No. 49.** Without waiving any of the Global Objections, Defendants have not located Documents responsive to this Request.

**Request No. 50.** This Request seeks legal theories and, consequently, no response is required.

**Request No. 51.** Without waiving any of the Global Objections, the following documents are or may be responsive to this Request: TPB00982-00990.

**Request No. 52.** Without waiving any of the Global Objections, Defendants have not located Documents responsive to this Request.

**Request No. 53.** Without waiving any of the Global Objections, the following documents are or may be responsive to this Request: TPB00972-00990, TPB01111.

**Request No. 54.** Without waiving any of the Global Objections, Defendants have no Documents responsive to this Request.

**Request No. 55.** Without waiving any of the Global Objections, Defendants have no Documents responsive to this Request.

**Request No. 56.** Without waiving any of the Global Objections, Defendants are unable to respond to this Request given that paragraph 40 does not refer to "certification." Insofar as Plaintiff intended to refer to paragraph 39, see TPB01228.

**Request No. 57.** Without waiving any of the Global Objections, Defendants are unable to respond to this Request given that paragraph 41 does not refer to "training lineage." Insofar as Plaintiff intended to refer to paragraph 40, Defendants will produce any responsive Documents.

**Request No. 58.** Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh

any likely benefit; and (d) it seeks privileged attorney-client communications by and among the Pilates Transparency Project and participants therein.

**Request No. 59.** Without waiving any of the Global Objections, Defendants are unaware of any such communications by and among contributors to the "GoFundMe."

**Request No. 60.** Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants have produced non-privileged Documents furnished by Gadar to Defendants' counsel. See, TPB01089-01109.

**Request No. 61.** Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections,

Defendants have produced non-privileged Documents furnished by Ungaro to Defendants' counsel. See, TPB01118-01121.

**Request No. 62.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants have produced non-privileged Documents furnished by Paldi to Defendants' counsel. See, TBP01119-01128.

**Request No. 63.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants have produced non-privileged Documents furnished by Erdmann to Defendants' counsel. See, TPB00187-00193, TPB01130-01213.

**Request No. 64.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit.

**Request No. 65.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants have produced non-privileged Documents furnished by Cuomo to Defendants' counsel. See, TPB01112-01115, TPB01215-01227.

**Request No. 66.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the

recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants state that they know of no such documents.

**Request No. 67.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit.

**Request No. 68.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants state that they know of no such documents.

**Request No. 69.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private

communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants state that they know of no such documents.

**Request No. 70.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants state that they know of no such documents.

**Request No. 71.**   Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case, invades the private communications and thoughts of Defendants and others, and is made for purposes of intimidation; (b) it is not proportional to the needs of the case, and (c) the recovery of such evidence is overly burdensome as to time and expense, which outweigh any likely benefit. Without waiving any of the foregoing objections, Defendants state that they know of no such documents.

**Request No. 72.**  Without waiving any of the Global Objections, the evidence sought in this Request is not discoverable in that: (a) it fails to seek evidence that is relevant to any party's claim or defense in this case; and (b) the only such items ever marketed or sold by Defendant True Boston Pilates were photographs  taken by John Vachon for Look Magazine, the copyrights to which are owned by the photographer's heir.

Dated: August 8, 2022

/s/ Gordon E. R. Troy, Esq.

By: _____

Gordon E. R. Troy, PC
P.O. Box 67
Windsor, VT 05089
(802) 881-0640 Phone
gtroy@webtm.com
*Attorneys for Defendants/Counter-Plaintiffs/Third Party Plaintiffs Mary Kelly and True Pilates Boston, LLC*

# Exhibit 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RICHTONE DESIGN GROUP, LLC,

        Plaintiff,

  - against -

Mary Sullivan KELLY and TRUE PILATES
BOSTON, LLC,

        Defendants/Counter-Plaintiffs/
        Third-Party Plaintiffs,

  - against -

RICHTONE DESIGN GROUP, LLC,

        Counter-Defendant, and

Sean GALLAGHER,

        Third-Party Defendant.

Case No. 22-cv-1606-KMK

**RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES (Nos. 1 to 8)**

**RESPONSES**

      Interrogatory No. 1.   Identify each photograph in the Book and the Collection that you
contend was commissioned by Joseph Pilates from a third party, stating the date on which the
commission was ordered, the terms of the commission, and the amount paid by Joseph Pilates or
someone on his behalf, including any expenses incurred in creation of the photograph

      Response:  Plaintiff objects to the use of the term "commission" as it is not a term used in
the 1909 Copyright Act which applied during the time that both Joe Pilates and Clara Pilates were
living, and which did not apply to unpublished materials that might be subject to copyright
registration and/or a necessary device in the common law to transfer common law copyright.
Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information
and merely posed as part of a fishing expedition on behalf of some funders of this litigation.

Other than some entries in ledger books remaining from the period in question, which have been provided and which may show payments for transactions concerning photography and copying, Plaintiff is unaware of anything that might be considered to be a commission.

Interrogatory No. 2. Identify each instance in which you allege that an oral transfer of copyright occurred from a third party to Joseph Pilates with respect to the photographs in the Book or the Collection, including the date of such oral transfer, the persons present at the time of such oral transfer, the terms of such transfer, and the consideration paid or given. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.

Response: Plaintiff objects to the use of the term "oral transfer" as it is not a term used in the 1909 Copyright Act which applied during the time that both Joe Pilates and Clara Pilates were living, and which did not apply to unpublished materials that might be subject to copyright registration and/or a necessary procedure in the common law to transfer common law copyright. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation.
.

Other than some entries in ledger books remaining from the period in question, which have been provided and which may show payments for transactions concerning photography and copying, Plaintiff is unaware of anything that might be considered to be part of an oral transfer because they were nor present and/or in existence.

Interrogatory No. 3. Identify all photographs or other matter reproduced in the Book that was not in your possession as of September 1, 1992, stating the date on which you received such photographs or other matter, the person from who you received it, and the consideration you paid to or gave such person.

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book. Plaintiff further objects to this interrogatory's vague request for "all photographs or other matter reproduced in the Book" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

To the extent Plaintiff has interpreted the page numbers properly, the following is the response, the photographs on pages 19, 29, 105, 116, 117, 166 and 167 of the Book were found in the contents of the house once owned by Joseph Pilates and Clara Pilates in Becket, Massachusetts. The photograph on page 151 is from Return to Life.

Interrogatory No. 4.    For each of the photographs that appear on pages 14 through 168 in the PDF of the Collection (Richtone 000998-001152), identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date.

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome and impossible to respond to, in that Plaintiff produced a copy of the deposit supporting U.S. Registration of copyright in Collection as Richtone 000993 through 001293 to Defendants, and not what Defendants have identified the Bates numbers as, and notwithstanding the availability of Bates numbers on these produced documents as produced, the Interrogatory refers to nonexistent and/or confusion page numbers in the Collection.   Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright, and therefore responses may easily be subject to misinterpretation.  Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

Interrogatory No. 5.    For each photograph that appear on the following pages of the Book, identify the photographer who took such photograph, and the year in which such photograph was taken. If you don't have a record of the actual year, state what you believe to be the estimated date:

11, 13, 14-17, 19-24, 26, 30-32, 34-36, 38, 40, 41, 43-45, 47, 48, 49, 50, 52, 54, *55*, 58, 60, 62, 64, 70-74, 76, 78, 80, 82-86, 88-90, 93-98, 100, 102, 104, 106, 108, 110, 112-115, 118-120, 122-124, 128, 130, 134, 140, 142, 145, 146, 150, 151, 157, 159-162, and 168-174.

Response: Plaintiff objects to this Interrogatory on the basis that it is burdensome in that Plaintiff produced the Book to Defendants and notwithstanding the availability of Bates numbers on these documents as produced, the Interrogatory refers to pages in the Book.  Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything, as infringement of only two photographs are claimed in this litigation. Plaintiff objects to the interrogatory's demand for dates of the photographs as being not only irrelevant to this litigation, and preposterous in that Joseph Pilates, upon information and belief, often provided different ages for himself. Plaintiff does note that some of the materials have dates on them, which may or may not be correct.

Upon information and belief, Joseph Pilates was commonly known to be an expert photographer who constantly took photographs to document or film his method and knew how to set the timers by which photographers could make what are known as "selfies" in current times. Clara Pilates learned from her husband. Therefore, most of the identifications being offered below of individual photographs are based on probability and many could have been initiated via timers. To the

extent Plaintiff has interpreted the page numbers properly, the following is the response:

Page 11 at RICHTONE 000886  The probable photographer is Clara Pilates

Page 13 at RICHTONE 000987  The probable photographer is Clara Pilates

Pages 14-17 at RICHTONE 000888-000889   The probable photographer is Clara Pilates

Pages 19-24. 26 at RICHTONE 000890-000893  The probable photographer is either Clara Pilates or Joe Pilates

Page 30-32  at RICHTONE 000896 - 000897  The probable photographer is Clara Pilates

Pages 34-36  at  RICHTONE 000898-000899  The probable photographer is Clara Pilates

Pages 38, 40, 41, 43-44 at RICHTONE 000900, 000901-000902  The probable photographer is Clara Pilates

Page 45 at RICHTONE 000903 is unknown

Pages 47, 48, 50, 52, at RICHTONE 000904 - 000906  The probable photographer is Clara Pilates

Page 52 at RICHTONE 000907   The probable photographer is either Clara Pilates or Joe Pilates

Pages 54, 55, 58, 60 RICHTONE 000908, 000910, 000911 The probable photographer is Clara Pilates

Page 62, 64 at RICHTONE 000912, 000913   The probable photographer is either Clara Pilates or Joe Pilates

Pages 70-74, 76, 78, 80, 82-86, 88-90, 93-98   RICHTONE 000916 through 000930   The probable photographer is Clara Pilates

Page 100 at RICHTONE 000931   The probable photographer is either Clara Pilates or Joe Pilates

Page 102 at RICHTONE 000932   The probable photographer is Clara Pilates

Page 104 at RICHTONE 000933   The probable photographer is either Clara Pilates or Joe Pilates

Page 106, 108, 110 at RICHTONE 000934- 000936   The probable photographer is Clara Pilates

Page 112 -115 at RICHTONE 000937- 000938   The probable photographer is Joe Pilates

Page 118 at RICHTONE 000940   The probable photographer is Clara Pilates

Page 119 at RICHTONE 000940 is unknown

Page 120, 122 at RICHTONE 000941-000942   The probable photographer is Clara Pilates

Page 123 at RICHTONE 000942 is unknown

Page 124, 128 at RICHTONE 000943 and 000945   The probable photographer is Clara Pilates

Page 130 at RICHTONE 000946 is unknown

Page 134 at RICHTONE 000948   The probable photographer is either Clara Pilates or Joe Pilates

Page 140, 142 at RICHTONE 000943 and 000945   The probable photographer is Clara Pilates

Page 145 at RICHTONE 000953 is probably an automatic photo taken by Joe Pilates using a camera timer

Page 146, 150 at RICHTONE 000954 and 000956 The probable photographer is Clara Pilates

Page 151 at RICHTONE 000956 is unknown

Page 157 at RICHTONE 000959   The probable photographer is Clara Pilates

Page 159 - 162 at RICHTONE 000960 through 000962   The probable photographer is either Clara Pilates or Joe Pilates though see comment for page 145

Page 168 at RICHTONE 000965 is probably a photograph taken by John Lindquist

Page 169 - 174 at RICHTONE 000965 through 000968   The probable photographer is either Clara Pilates or Joe Pilates.

Interrogatory No. 6.    Identify, by indicating the page number and position on the page, each photograph in the Book for which you possess the original negative.

Response:  Plaintiff objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.  Plaintiff further objects to this interrogatory's vague request for "photographs" as not all such material is at issue in this litigation or even subject to existing copyright.

The two images at issue in this litigation are in exhibits to the Complaint.

Interrogatory No. 7.   Identify, by indicating the PDF page or Bates number, and position on the page, each photograph in the Collection for which you possess the original negative.

See response to No. 6.

Interrogatory No. 8.   For each video or film in your possession, identify such video or film by title, length, and medium (e.g., 8mm, 16mm etc.), the videographer or filmmaker who made such video or film, and the year in which such video or film was made, and provide brief descriptions of the contents. If you don't have a record of the actual year, state what you believe to be the estimated date.

Response:  Plaintiff objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything, as infringement of only two photographs are claimed in this litigation

One video Defendants are known to have posted on the internet and taken down, but which is not subject to a claim in this litigation, is a color film of Joe Pilates teaching mat to the dancers at Jacobs Pillow on the tea garden deck.

Interrogatory No. 9.   Identify each photograph or other item in the Book (a) that was published prior to 1992, (b) that is currently in the public domain, and/or (c) whose copyright you admit is not owned by you, and specify (a), (b), and/or (c), as applicable, for each.

Response:  Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of 3 or 4 interrogatories. Plaintiff further objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.  Plaintiff further objects to this Interrogatory on the basis that the phrase "each photograph or other item" is vague and overbroad.

To the extent known, Plaintiff does not claim ownership of copyright in a John Lindquist photograph on page 168 of the Book and any other photographs in the Book to which it does have a claim of copyright ownership.

Interrogatory No. 10.  Identify each photograph or other item in the Collection from page 9 through 168 of the PDF (Richtone 00093-001152), (a) that was published prior to 1992, (b) that is currently in the public domain, and/or (c) whose copyright you admit is not owned by you, and specify (a), (b), and/or (c), as applicable, for each.

Response:  Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of 3 or 4 interrogatories.  Plaintiff further objects to this

Interrogatory on the basis that the phrase "each photograph or other item" is vague and overbroad. Plaintiff further objects to this Interrogatory as burdensome and not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation. Plaintiff further objects to this Interrogatory on the basis that this Interrogatory on the basis that it is burdensome and impossible to respond to, in that Plaintiff produced a copy of the deposit supporting U.S. Registration of copyright in Collection as Richtone 000993 through 001293 to Defendants, and not what Defendants have identified the Bates numbers as, and notwithstanding the availability of Bates numbers on these produced documents as produced, the Interrogatory refers to pages nonexistent and/or missing page numbers in the Collection. Plaintiff further objects to this interrogatory as not likely to lead to much if any relevant information and merely posed as part of a fishing expedition on behalf of some funders of this litigation who have no standing to request anything.

Interrogatory No. 11.    Provide the basis for any theory or calculation of damages that Plaintiff contends it is entitled to recover from Defendants. A complete answer should:
(a)    State each of Plaintiff's bases for seeking damages (e.g., does Plaintiff contend it is entitled to collect damages on a theory of lost profits, reasonable royalty, price erosion, disgorgement, statutory damages, or any other basis);
(b)    State the total dollar amount of damages Plaintiff contends it is entitled to recover for each basis for seeking damages described in sub-topic (a);
(c)    Describe how such damages are computed, including, if appropriate, identification of all of Plaintiff's goods or services for which lost profits or price erosion damages are claimed, and the rate of any royalty which Plaintiff contends is reasonable and how such rate is computed, including by identifying information Plaintiff contends is relevant to determining such royalty;
(d)    Identify any license that Plaintiff contends is relevant to establishing the rate of any royalty which Plaintiff contends is reasonable;
(e)    State whether Plaintiff contends it is entitled to prejudgment interest as to the damages it seeks, and if so, identify the prejudgment interest rate, how such rate is computed, and the total amount of prejudgment interest that Plaintiff seeks.

Response:  Plaintiff objects to this Interrogatory on the basis that requires legal conclusions, is a compound interrogatory consisting of a number of interrogatories. Plaintiff further objects to this interrogatory because it is premature, and discovery is in progress.

Plaintiff notes in partial response that its Etsy store, where various copyrighted items are marketed, sales have substantially reduced since the onset of this litigation and the commencement of social media postings by or on behalf of Defendants and this action, from approximately $3000 per month average to $1000 per month average. Various licensing agreements for use of photographs are or have been provided.

Dated: September 10, 2022

I hereby certify that the foregoing answers to interrogatories are true to the best of my knowledge, information and belief.

*Sean Gallagher*
_____
Sean Gallagher, personally and as Manager of Richtone Design LLC
September 10, 2022

Respectfully,
s/ Charles H Knull
Charles Knull
Knull P.C.
305 Broadway, 7th Fl.
New York, NY 10007

Telephone: (646) 233-1376
E-mail: chk@knullpc.com
Attorney for Plaintiff and Counterclaim Defendant

## Certificate of Service

September 10, 2022

I affirm and declare that this Response to Interrogatories have been this day served upon Plaintiff's counsel by email.

s/ Charles Knull

Exhibit 4



## First batch of documents

1 message

**Charles Knull** <chk@knullpc.com>
Reply-To: chk@knullpc.com
To: lstanley@webtm.com, gtroy@webtm.com

Mon, Jul 18, 2022 at 7:15 PM

Dear Gordon

You should be receiving a Dropbox link to a folder where I will be putting documents that we turnover in Richtone v. Kelly. First batch is in there. I will provide the formal response to your document requests when all batches are completed.

The batches today relate to transfer of copyright beginning with Joe Pilate's Will to Clara and so forth. Some items are not yet located.

On another matter, apparently the "Transparency Project" is complaining about my document requests to Mary Kelly. First, how do they have these document requests? Second, there is no mention that the bulk of what I have requested is documents relating to the Counterclaims and Third Party Claim? I think this is misinformation designed to gin up donations.

We need to discuss the Protective Order. I am marking some of the first batch as Confidential though I am not certain they really are.

Thanks.

Charles Knull

```
--
Charles H. Knull
KNULL P.C.
   Attorneys at Law-Intellectual Property Business Counseling & Litigation

office  646-233-1376
cell direct  917-705-6165
FAX 303-379-5604
www.knullpc.com

Denver Office
1120 Delaware St.  Suite 110-7
Denver, CO 80204

New York City Office
305 Broadway, 7th Floor
New York, New  York 10007

This email is confidential -- is it meant for you?  If not, please delete it.
```



**pilatestransparencyproject**　　　•••



WHY IS
THIS SO
EXPENSIVE?

♡　💬　✈️　　　　　　　🔖

 Liked by **emily.owen.pmt** and **11 others**

**pilatestransparencyproject** Great question!
Short Answer: Courtroom trials are both

**pilatestransparencyproject** Great question!
Short Answer: Courtroom trials are both
complicated and expensive.

Longer Answer: Sean Gallagher filed a
copyright infringement lawsuit against Mary
Kelly. She was forced to hire lawyers to
defend herself. You can read the Complaint
and Answer/Counterclaims yourself in our
Link in Bio.

But there is SO much more that has been
filed with the Court. There are: Certificates of
Service, Case Management and Scheduling
Order, Document Requests, Disclosures and
so on and so on and ....

Then there are certain tactics, like that of
Gallagher's serving 72 document requests
that are calculated to drive up the cost of the
defense as Mary's lawyers will have to spend
time answering and objecting.

Lawyers in this case must be paid to defend
to go to trial in order to establish that the
historical record of Pilates belongs to the
entire community and not to any one person.

    


Depositions are to be completed by November. Discovery by December. No trial date has been set, but Gallagher's attorney has estimated a 7-day trial. The next "Case Management Conference" is scheduled for Jan 10, 2023.
This is a long process.

We've heard that the 2000 Trademark lawsuit cost over a million dollars. Our current goal is $100,000.

Is it worth it? We think so. Teachers' social media accounts have been shut down and businesses impacted.

We believe the transparency is worth it and that it will be valuable to have real guidelines about what IS or IS NOT in the public domain -- not on the say-so of Gallagher, but on the say-so of a court or jury.

Thanks for reading (if you've made it this far) and thanks for your support.

#pilatestransparencyproject
#publicdomain #pilatesresearch

    

# Exhibit 5

# KNULL P.C.

**tel.** 646-233-1376                                     chk@knullpc.com
Fax  303-379-5604                                     www.knullpc.com

Business/Mailing Address:                     Law Office:
  1120 Delaware St. Ste 110-7                   305 Broadway, 7th Fl.
  Denver, Colorado 80204-3655                 New York, NY 10007

September 25, 2022

Gordon E. R. Troy, PC
P.O. Box 67
Windsor, VT 05089

      Re: Richtone Design LLC v. Kelly

Dear Gordon:

Count III in the Complaint is directed at Defendants' making false and misleading statements.

Mary Kelly is quite obviously sharing every bit of disclosure made by Plaintiff with the Transparency Project.  I am attaching a recent post and nonsensical comments.

Besides the fact that sharing any documents, etc. at this stage of litigation has been found to cause for sanctions in Federal Court, Mary is only building up my Section 43(a) case. Perhaps you have never had this happen, but I have had a client who despite advice of counsel thought his litigating on social media, getting over 2000 likes, was an excellent thing to do until a jury added wilfulness damages to an otherwise small infringement action.

Thanks for your consideration.

Sincerely,

      /Charles Knull/

Charles Knull



**pilatestransparencyproject** ···

# $5,000



> When will the $5,000 Matching GoFundMe Donation kick in?

When donations reach $50,600, a donor has generously agreed to add $5,000



Liked by **jordanahermanpilates** and **36 others**

**pilatestransparencyproject** Friday FAQ: Did
~~you know that by donating today your~~

Liked by **jordanahermanpilates** and 36 others

**pilatestransparencyproject** Friday FAQ: Did you know that by donating today your donation will go twice as far?
The plaintiff in the Pilates copyright lawsuit doesn't know the names of the photographers whose photos he claims © to, yet has stated under oath that Joe was an "expert photographer" who "...knew how to set the timers by which photographers could make what are known as "selfies" in current times." 🧐‼️
We believe we can win this lawsuit. But we need your help. The next $2200 in donations will trigger our matching donor's $5,000. Can you help us reach this goal?
🗣Please donate, and help us spread the word
#archivalselfies ™ 🩰 #pilateshistory #pilatescopyright #defendpilateshistory #pilatestransparencyproject #UTOB

View all 2 comments

13 hours ago

knew how to set the timers by which photographers could make what are known as "selfies" in current times." 🫤‼️

We believe we can win this lawsuit. But we need your help. The next $2200 in donations will trigger our matching donor's $5,000. Can you help us reach this goal?

🗣️ Please donate, and help us spread the word #archivalselfies ™ 🦵 #pilateshistory #pilatescopyright #defendpilateshistory #pilatestransparencyproject #UTOB

13h

 **gadarpilates** OMG, that first hashtag! 😂

7h   1 like   Reply   Send

 **pilatesbyryan** @gadarpilates I caught that too 😂😂😂

2h   Reply   Send

 ❤️ 🙌 🔥 👏 😢 😍 😮 😂

 Add a comment as accglpi...

 **the_pilates_history_page** What year was the ledger from?

21h    1 like    Reply    Send

 **pilatestransparencyproject** There are supposed "ledgers" from 1947-1952

21h    1 like    Reply    Send

 **the_pilates_history_page** @pilatestransparencyproject Thanks. $9 doesn't seem much for a supposed "commission" for filming and photos!

20h    2 likes    Reply    Send

 **anabelfitness** @the_pilates_history_page i though same thing

13h    Reply    Send

       

 Add a comment as accglpi...

# Comments

**anabelfitness** @the_pilates_history_page i though same thing

13h   Reply   Send

— Hide replies

**the.pilates.snob** Ahhh yes so much "evidence"!!!

16h   3 likes   Reply   Send

**the.pilates.snob** This makes me both laugh and cry 😩

**mejowigginpilates** What a scam!! We should all be grateful to Mary Kelly for exposing this and uncovering the truth once and for all.

13h   likes   Reply

**heathererdmannpilates** But...

❤️ 🙌 🔥 👏 😢 😍 😮 😂

Add a comment as accglpi...



We should all be grateful to Mary Kelly for exposing this and uncovering the truth once and for all.

13h  2 likes  Reply  Send



**heathererdmannpilates** But... even if I pay for photos and the photo shoot, I still would only own the intellectual property rights from the shoot if those rights are signed over to me. So proof of payment is actually proof of nothing in this case. The part that's so upsetting is how many people, myself included, have been financially (and I'm sure emotionally) harmed by this man. Ridiculous and enraging.

12h  3 likes  Reply  Send



**chriscpilates** 😮

19h  Reply  Send

       

 Add a comment as accglpi...



**breastcancerbabe** Why are we here? Because we let this person do this. A ledger? Like, a notepad?! This person needs to make amends with his damaged ego, and stop trying to hurt others because of it. And WHY aren't any of his friends strong enough to tell him so?

19h　6 likes　Reply　Send

**boditree_pilates_and_healing** Well done!

15h　Reply　Send

**carolebiglands** 😮

21h　Reply　Send



**robin_brody** Apparently the Oompah  Loompah is from the George Constanza school 🏫 f thought… "It's not a lie if you believe it"

     

 Add a comment as accglpi…

of his friends strong enough to tell him so?

19h   6 likes   Reply   Send

**boditree_pilates_and_healing**
Well done!

15h   Reply   Send    ♡

**carolebiglands** 😮

21h   Reply   Send    ♡

**robin_brody** Apparently the Oompah Loompah is from the George Constanza school 🏫 f thought... "It's not a lie if you believe it"

10h   Reply   Send    ♡

**ultimate_body_pilates** 😮😮😮
There is no end to the ridiculous tactics this fraudster will try!

20h   1 like   Reply   Send    ♡


❤️ 🙌 🔥 👏 😢 😍 😮 😂

   Add a comment as accglpi...



**heathererdmannpilates** 12h ··· 

Pilates community - we are still raising $$ (50k more) to keep fighting this jackass. Please help!!



@pilatestransparencyproject

Send message  



**the.pilates.snob** 12h        ···   ✕

While I have your attention, here's the "proof" Jake from State Farm presents to claim his bogus copyright ownership.... This piece of crap is enough to get 9 Instagram accounts deleted...



**"EVIDENCE"**

@pilatestransparencyproject

🔗 **YOU CAN STILL DONATE HERE!!**

Send message        ♡   ✈