GORDON E. R. TROY, PC
Attorney at Law
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

To:     The Hon. Andrew E. Krauss, Magistrate Judge

Re:     22cv1606 Richtone Design Group, L.L.C. v. Kelly et al

Dear Judge Krauss:

        Defendants request relief of the Court to compel Plaintiffs to provide unequivocal responses to Defendants' Requests for Admission. Plaintiff's objections and responses, served on Nov. 12 (Ex. 1), are ambiguous, convoluted, or unduly argumentative, often based on unwarranted assumptions. Defendants draw your Honor's attention to the following RFAs:

• RFAs 1, 2, 5, 7, 8, 13-15, 17, 19, 21, 23, 25, 31-33, 40, 78: 78 should be deemed admitted; it seeks to confirm that there are no other documents evidencing copyright transfer. The remaining RFAs should be deemed admitted because Plaintiff admits that it was not given the images in question.

• RFAs 8, 10-12, 16, 18, 20, 22 contain irrelevant, unduly argumentative, and self-serving statements, and it is unclear what is being denied. These should be deemed admitted.

• RFAs 28-30: Plaintiff failed to respond to the correct images. Defendants provided Plaintiff with two carefully marked PDF Portfolios, and Plaintiff only needed to click on the image title in the left-hand column for the image to appear. Instead, Plaintiff pasted the wrong images into their responses. (The portfolios cannot be filed via ECF, but can be provided at the Dec. 6 conference.)

• RFAs 22, 42-45, 49, 50 were posed to establish a pattern of Plaintiff filing false takedown notices, which is relevant to Defendants' First Counterclaim. Objections regarding "standing" are therefore irrelevant and should be stricken. The responses are insufficient because they fail to admit or deny that Plaintiff and Gallagher filed the identified takedown notices.

• RFA 45, 79: In 45, Plaintiff's admission "that the image exists" is non-responsive. In 79, Plaintiff was asked about its awareness of correspondence. The response should be deemed an admission.

• RFA 24, 36-39, 41, 46, 48, 65: Plaintiff incorrectly objects that these RFAs call for "a conclusion of law," and refuses to provide adequate answers. Each RFA seeks admission of "facts, the



https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation

application of law to fact, or opinions about either," as provided under FRCP 36.

• RFAs 56-59: Plaintiff initially refused to answer these, incorrectly claiming that the Bates numbers referred to were not images. Any problem was created by Plaintiff, who re-used Bates numbers in documents Plaintiff served in discovery. These requests should be deemed admitted.

• RFAs 27, 29: Plaintiff objected that the use of the word "negative" (referring to a photograph) is "vague." Plaintiff knows perfectly well that negatives of photographs are at issue in this case.

• RFA 55: Plaintiff did not like the way this RFA was asked and therefore refused to respond.

• RFA 64: Plaintiff refused to respond on grounds of vagueness, but the RFA simply refers to any photographs of Clara Pilates reproduced in Plaintiff's book. There is nothing vague: Plaintiff well knows what Clara Pilates looks like from the many photographs of her in Plaintiff's possession.

• RFA 66: Non-responsive. Plaintiff claims copyright ownership of images that Joseph Pilates possessed at the time of death. RFA 66 intends to discover whether Plaintiff alleges that any such images were created at Pilates' "instance and expense," a term relevant to commissioned work.

• RFA 69, 77: Plaintiff's objections and arguments should be deleted from these responses.

Upon reviewing Plaintiff's responses on Nov. 14, I instructed my paralegal to ask Mr. Knull for his availability for a meet-and-confer. Receiving no response, I sent a letter on Nov. 16, again requesting a meet-and-confer. Through an exchange of emails, in which Mr. Knull initially stated that "discovery is suspended," it was clear that neither Mr. Knull nor Mr. Salta would make themselves available for a telephone conference. Mr. Knull attempted to re-answer RFAs 56-59, but did so by serving a third version of Plaintiff's Deposit Copy for the 1992 registration, and then rewriting RFAs 56-59, using incorrect references, thereby leading to more non-responsive denials. Ex. 2 is the complete chain of correspondence in date order from Nov. 14 through Nov. 17.

Lastly, Defendants object to Plaintiff's marking its responses as "Confidential" and to Plaintiff's refusal to answer Interrogatory No. 12, posed long before Plaintiff provided its RFA responses. (See Ex. 3 filed herewith.) Responsive answers to the RFAs will significantly simplify Plaintiff's obligation to respond to this Interrogatory.



**Gordon E. R. Troy, PC**
**Page 3**

Respectfully submitted,

By: _____
        Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com

