**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**RICHTONE DESIGN GROUP, LLC,**
      **Plaintiff,**

        **-against -**

**Mary Sullivan KELLY and**
      **TRUE PILATES BOSTON, LLC,**          **22-cv-1606-KMK-AEK**
      **Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs,**

        **-against -**

**RICHTONE DESIGN GROUP, LLC,**
      **Counter-Defendant, and**

**Sean GALLAGHER,**
      **Third-Party Defendant.**
_____

**PLAINTIFFS' CONFIDENTIAL RESPONSES TO DEFENDANTS'**
**REQUESTS FOR ADMISSION (1-86)**

<u>General Objections</u>

Plaintiff objects to the definition of "you" in that it is overbroad, includes deceased individuals, individuals who have over the past 30 years had various responsibilities and duties and individuals who may or may not have knowledge and would encompass communications, observations and knowledge which .are forgotten, unknowable at present, and/or obscured by time.

Plaintiff objects to these Requests insofar as they relate to images which are not those in Plaintiff's claims and not images which were subject to takedown notices by reason of Defendants posting them.

Plaintiff objects to the definition of "Deposit Copy." Plaintiff has provided a copy of the copy of the deposit obtained by it from the U.S. Copyright Office along with the certificate of what it is.  (RICHTONE 000985-001293)  As for the term "purported" in the definition of "Deposit Copy," Plaintiff refers to the regulations of U.S. Copyright Office and the Compendiums of Copyright Office Practices and other examination documents of the U.S. Copyright Office, which are accessible at the U.S. Copyright Office website as to what documentation was necessary for making the deposit of an unpublished work at the time the said application for copyright application was in process.

Plaintiff  objects to the definition of "gave" in that it is vague, likely to lead to misinterpretation, and does not reflect how copyright is transferred, as copyright in a work is made when the work is fixed in a tangible medium of expression, but the tangible medium of expression is not necessary to be transferred with the copyright, although evidence that the tangible medium was transferred supports the copyright being transferred, especially under the "common law" copyright in effect at the time that any relevant copyrighted materials came into Joseph Pilates and/or Clara Pilates possession, and/or was assigned by Clara Pilates to 939 Corporation.  Moreover, as various persons had access to the materials Clara Pilates transferred to the 939 Corporation, which specifically included photos, beginning with its new ownership shareholders and Isotoner, and at least one person is on record as having removed materials during the time period of Wei Tai/Healite ownership of the assets transferred to it, before anyone considered to be "given", which would be the tangible medium of expression which did not necessarily transfer copyright,  to  "You" (as applied to Plaintiff) received possession of them by transfer of the assets from Healite/Wei Tai.

Plaintiff objects to the bifurcation of these requests and the accompanying folders of images as it intended to lead to confusion later for the Court. Plaintiff has reproduced thumbnails of such images where applicable in its responses to the Requests in order to lessen such confusion and to make clear exactly what the subject matter of each request and response is. Since such images are probably subject to copyright (not necessarily that of Plaintiff), these Responses are marked as Confidential to prevent random distribution.

<u>Definition</u>

For purposes of these Responses, the definition of "Book" for the purposes of these responses the Book is RICHTONE  000878–000994.

<u>Responses to Requests for Admission</u>

Request for Admission No. 1.   Admit that neither Wee Tai Hom ("Hom") nor Healite, Inc. (hereinafter "Healite") gave you a photograph of the image shown in JHP-01.

Response: JHP-01 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

3

Request for Admission No. 2.  Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-02.

Response: JHP-02 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 3.   Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-03.

Response: JHP-03 is the following photograph:



Subject to the General Objections, Plaintiff denies this request for admission.


Request for Admission No. 4. Admit that neither Hom nor Healite gave you the negative for the image shown in JHP-04.

Response: JHP-4 is the following photograph:



Subject to the General Objections, Plaintiff denies this request for admission.

Request for Admission No. 5. Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-05.

Response: JHP-05 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission. This Christmas card is apparently one of the annual cards which Joe Pilates sent to clients of his business and was prepared for that business purpose.   As it was well known that Joseph Pilates promoted his business through annual holiday cards to clients, this image was likely to Mr. Pilates for limited publication in a card.

Request for Admission No. 6. Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-06.

Response: JHP-06 is the following photograph:



Subject to the General Objections, Plaintiff denies this request for admission.

6

Request for Admission No. 7.   Admit that neither Hom nor Healite gave you a photograph of the image shown in:

JHP-07-A, -B, -C, -D



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find these images in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 8. Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-08.

Response: JHP-08 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission. This Christmas card is apparently one of the annual cards which Joe Pilates sent to clients of his business and was prepared for that business purpose.   As it was well known that Joseph Pilates promoted his business through annual holiday cards to clients, this image was likely to Mr. Pilates for limited publication in a card.

Request for Admission No. 9. Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-09.

Response: JHP-09 is the following photograph:



Subject to the General Objections, Plaintiff denies this request for admission.

Request for Admission No. 10.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-10.

Response: JHP-10 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission. This Christmas card is apparently one of the annual cards which Joe Pilates sent to clients of his business and was prepared for that business purpose. As it was well known that Joseph Pilates promoted his business through annual holiday cards to clients, this image was likely to Mr. Pilates for limited publication in a card.

Request for Admission No. 11.    Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-11.

Response: JHP-11 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission. This Christmas card is apparently one of the annual cards which Joe Pilates sent to clients of his

business and was prepared for that business purpose.   As it was well known that Joseph Pilates promoted his business through annual holiday cards to clients, this image was likely to Mr. Pilates for limited publication in a card.

      Request for Admission No. 12.     Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-12.

      Response: JHP-06 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission. This Christmas card is apparently one of the annual cards which Joe Pilates sent to clients of his business and was prepared for that business purpose.   As it was well known that Joseph Pilates promoted his business through annual holiday cards to clients, this image was likely to Mr. Pilates for limited publication in a card.

      Request for Admission No. 13.     Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-13.

      Response: JHP-13  is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 14.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-14.

Response: JHP-14 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 15.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-15.

Response: JHP-15 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 16.       Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-16.

    Response: JHP-16 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission. This Christmas card is apparently one of the annual cards which Joe Pilates sent to clients of his business and was prepared for that business purpose.   As it was well known that Joseph Pilates promoted his business through annual holiday cards to clients, this image was likely to Mr. Pilates for limited publication in a card.

Request for Admission No. 17.      Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-17.

Response: JHP-17 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 18.      Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-18.

Response: JHP-18 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission. This Christmas card is apparently one of the annual cards which Joe Pilates sent to clients of his business and was prepared for that business purpose.   As it was well known that Joseph Pilates

promoted his business through annual holiday cards to clients, this image was likely to Mr.

Pilates for limited publication in a card.

Request for Admission No. 19.       Admit that neither Hom nor Healite gave you a

photograph of the image shown in JHP-19

Response: JHP-19 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find

this image in the boxes of materials, but otherwise denies this request for admission.


Request for Admission No. 20.       Admit that neither Hom nor Healite gave you a

photograph of the image shown in JHP-20.

Response: JHP-20 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find

this image in the boxes of materials, but otherwise denies this request for admission. This

Christmas card is apparently one of the annual cards which Joe Pilates sent to clients of his

business and was prepared for that business purpose.   As it was well known that Joseph Pilates

promoted his business through annual holiday cards to clients, this image was likely to Mr. Pilates for limited publication in a card.

Request for Admission No. 21.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-21.

Response: JHP-21 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 22.        Admit that you filed a DMCA takedown notice with Instagram against the account of Hila Paldi, requesting the takedown of the group of nine images shown at image JHP-22.

Response: JHP-22  is the following photograph:



Subject to the General Objections, Plaintiff also objects to this Request because Hildi Paldi is

not a party to this action and is without standing to make any discovery in it. One image is

subject to Request No. 15 above and the Christmas cards are annual cards which Joe Pilates

sent to clients of his business and was prepared for that business purpose.   As it was well

known that Joseph Pilates promoted his business through annual holiday cards to clients, these

images were transferred to Mr. Pilates for limited publication in a card and were a part of its

business assets. Plaintiff admits that there was a takedown notice submitted.

Request for Admission No. 23.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-23.

Response: JHP-23 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 24.        Admit that the image in JHP-24 is in the public domain.

Response: JHP-24 is the following photograph:



Subject to the General Objections, Plaintiff also objects to this Request on the basis that it calls

for a conclusion of law, and  Plaintiff denies this request for admission.

Request for Admission No. 25.        Admit that neither Hom nor Healite gave you a

photograph of the image shown in JHP-25.

Response: JHP-25  is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find

this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 26.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-26.

Response: JHP-26 is the following photograph:



Subject to the General Objections, Plaintiff denies this request for admission.


Request for Admission No. 27.        Admit that you don't possess the negative for the image in JHP-26.

Response:  Subject to the General Objections, Plaintiff also objects to the use of the term "the negative" in this request as being vague, and its use of "negative admission"  and Plaintiff denies this request for admission.


Request for Admission No. 28.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-27.

Response: JHP-27 is the following photograph:



Subject to the General Objections, Plaintiff denies this request for admission.

Request for Admission No. 29.        Admit that you don't possess the negative for the image in JHP-27.

Response: Subject to the General Objections, Plaintiff also objects to the use of the term "the negative" in this request as being vague, and its use of "negative admission" and Plaintiff denies this request for admission.

Request for Admission No. 30.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-28

Response: JHP-28 is the following photograph:



Subject to the General Objections, Plaintiff admits it does not currently possess this image, but otherwise denies this Request for Admission.

Request for Admission No. 31.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-29.

Response: JHP-29   is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 32.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-30.

Response: JHP-30   is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 33.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-31.

Response: JHP-31 is the following photograph:



Subject to the General Objections, Plaintiff admits it did not to the best of its recollection find this image in the boxes of materials, but otherwise denies this request for admission.

Request for Admission No. 34.        Admit that neither Hom nor Healite gave you a photograph of the image shown in JHP-32.

Response: JHP-32  is the following photograph:



Subject to the General Objections, Plaintiff denies this request for admission.


Request for Admission No. 35.      Admit that you don't possess the negative for the image in JHP-32.

Response: Subject to the General Objections, Plaintiff also objects to the use of the term "the negative" in this request as being vague, and its use of "negative admission" and Plaintiff denies this request for admission.

Request for Admission No. 36.        Admit that the two printed photographs shown in JHP-33 are in the public domain.

Response: JHP-33 is the following photograph:



Subject to the General Objections, Plaintiff also objects to this Request on the basis that it calls for a conclusion of law and attempts to equate printing with publication, and therefore Plaintiff denies this request for admission.

Request for Admission No. 37.        Admit that the two printed photographs shown in JHP-34 are in the public domain.

Response: JHP-34 is the following photograph:



Subject to the General Objections, Plaintiff also objects to this Request on the basis that it calls for a conclusion of law and attempts to equate printed with publication, and therefore  Plaintiff denies this request for admission.

Request for Admission No. 38.        Admit that the "Around the Clock and Back in One Minute" design shown in JHP-35 is in the public domain.

Response:  The image shown in JHP-35 is:



Subject to the General Objections, Plaintiff also objects to this Request on the basis that it calls for a conclusion of law, and  Plaintiff denies this request for admission, which ignores, among other things, the doctrine of limited publication.

.

Request for Admission No. 39.  Admit that the flyer that reproduces the "Around the Clock and Back in One Minute" design, shown in JHP-35, was published in 1943.

25

Response: Subject to the General Objections, Plaintiff also objects to this Request on the basis that it calls for a conclusion of law, contains the undefined term "published" and Plaintiff denies this request for admission, which ignores, among other things, the doctrine of limited publication.

Request for Admission No. 40.   Admit that JHP-36 and JHP-37 are, together, a true and accurate copy of a flyer for "The Universal Reformer."

Response: The images are:





Subject to the General Objections, Plaintiff admits that these images appear to be a scan of material in the New York Public Library and subject to the Library's rules and regulations on limited access and usage required by the Copyright Act of 1976, but is otherwise without information or belief as to accuracy and denies this Request for Admission.

Request for Admission No. 41.     Admit that the flyer for "The Universal Reformer," shown in JHP-36 and JHP-37, was published during Joseph Pilates' lifetime.

Response: Subject to the General Objections, Plaintiff also objects to this Request on the basis that it calls for a conclusion of law, contains the undefined term "published" and Plaintiff denies this request for admission, which ignores, among other things, the doctrine of limited publication.

Request for Admission No. 42.     Admit that you filed a DMCA takedown notice with Instagram against the account of Christina Gadar, requesting that Instagram remove an image showing the covers of three books, The Joseph H. Pilates Archive Collection, Return to Life, and Exercise.

Response:  The image of JHP-49 is as follows.



_____--

Subject to the General Objections,  and the further objection that Christina Gadar is not a party to this action and no standing to request any discovery in this action, Plaintiff admits that a takedown was filed and notes that the image in JHP-49  includes an the front cover created for the reprint of the book, and the image on this cover is subject to copyright.

28

Request for Admission No. 43.  Admit that you filed a DMCA takedown notice with Instagram against the account of Christina Gadar, requesting removal of image JHP-40.

Response:   The image is as follows:



Subject to the General Objections,  and the further objection that Christina Gadar is not a party to this action and no standing to request any discovery in this action, Plaintiff admits that a takedown was filed because the image  is subject to copyright.

Request for Admission No. 44.        Admit that JHP-38 is a true copy of an email sent by Andrew Spence, acting on behalf of Richtone Design Group, LLC, to Douglas A. Cherry, on April 16, 2021, stating, among other things, that "Ms. Gadar displaying without authorization

my client's copyrighted images in the background registered under Vau 00024067" is "infringing."

　　　　Response: In addition to the General Objections, Plaintiff objects to this Request on the basis that neither Christine Gadar nor Douglas Cherry is a party to this action and the Copyright Registration speaks for itself, and admits that this email appears to be a true copy.

　　　　Request for Admission No. 45.　　　Admit that image JHP-41 is the image complained of by Mr. Spence in his email of April 16, 2021, reproduced at JHP- 38.

　　　　Response: JHP-41 is the following photograph:



In addition to the General Objections, Plaintiff objects to this Request on the basis that neither Christine Gadar nor Douglas Cherry is a party to this action and the Copyright Registration speaks for itself, and admits that the image exists.

Request for Admission No. 46.      Admit that the brochure entitled Return to Life through Contrology, a copy of which appears in JHP-43, is in the public domain.

Response: Subject to the General Objections, Plaintiff objects to this request on the basis that it calls for a conclusion of law and that the New York Public Library, which offers for sale an image of its cover page, does not offer images of the remainder of the work because it warns that the work may be subject to copyright protection.  Plaintiff therefore denies this Request for Admission.

Request for Admission No. 47.      Admit that the author of the brochure entitled Return to Life through Contrology, a copy of which appears in JHP-43, was not Joseph or Clara Pilates.

Response: Plaintiff objects to this Request on the basis of the General Objections, Plaintiff is without certain knowledge of authorship, and therefore denies this Request, but has heard that this Work was co-written by  Joe and Frederic Rand Rogers.

Request for Admission No. 48.      Admit that the author of the brochure entitled Return to Life through Contrology, a copy of which appears in JHP-43, was published during Joseph Pilates' lifetime.

Response:  In addition to the General Objections, Plaintiff objects to the use of term "published" in this Request as during the lifetime of Joe Pilates, the doctrine of limited publication has extensive effects upon copyright law, and hence this Request calls for an amorphous legal conclusion rather than a factual finding, and therefore Plaintiff denies this Request.

Request for Admission No. 49.        Admit that you filed a DMCA takedown notice with Instagram against the account of Victoria Batha Cuomo, requesting the removal of image JHP-42.

Response: JHP-42 is the following photograph:



Subject to the General Objections,  and the further objection that Victoria Batha Cuomo is not a party to this action and has no standing to request any discovery in this action, Plaintiff admits that a takedown was filed because  the image on this cover is subject to copyright.

Request for Admission No. 50.        Admit that you filed a DMCA takedown notice with Instagram against the account of Victoria Batha Cuomo, requesting the takedown of image JHP-35.

Response: JHP-35 is the following photograph:



Subject to the General Objections,  and the further objection that Victoria Batha Cuomo is not a party to this action and has no standing to request any discovery in this action, Plaintiff admits that a takedown was filed because  the image is subject to copyright.


Request for Admission No. 51.        Admit that neither Hom nor Healite, Inc., gave you the plate from which "Around the Clock and Back in One Minute" was printed.

Response:  Subject to the General Objections, denied.


Request for Admission No. 52.        Admit that you acquired from Carol Dodge Baker physical possession of the plate from which "Around the Clock and Back in One Minute" was printed.

Response:  Subject to the General Objections, denied. Plaintiff further notes that Ms. Dodge's father-in-law was provided the plate in order to use it on behalf of Plaintiff to make calendars and t-shirts, then mysteriously disappeared and apparently was later returned to Plaintiff's office.

Request for Admission No. 53.        Admit that prior to or at the time you submitted

the Deposit Copy to the U.S. Copyright Office in 1992, you had seen the book, Return to Life,

by Joseph Pilates.

Response:  Subject to the General Objections, denied.


Request for Admission No. 54.        Admit that, prior to or at the time you submitted

the Deposit Copy to the U.S. Copyright Office in 1992, you knew that it contained

reproductions of photographs from the book, Return to Life.

Response:  Subject to the General Objections, denied.


Request for Admission No. 55.        Admit that, prior to or at the time you submitted

the Deposit Copy to the U.S. Copyright Office in December 1992, you did not know who took

each and every photograph or photographic negative appearing on RICHTONE001306 through

RICHTONE001460.

Response:  Subject to the General Objections, and the casting of this Request in the

negative,  denied.



Request for Admission No. 56.        Admit that, prior to or at the time you submitted

the Deposit Copy to the U.S. Copyright Office in December 1992, you knew that Joseph Pilates

was not an author of any of the images appearing on RICHTONE001461 through

RICHTONE001601.

Response:  Subject to the General Objections, and that the documents referred to are not in the Deposit Copy, denied.


Request for Admission No. 57.        Admit that, prior to or at the time you submitted the Deposit Copy to the U.S. Copyright Office in December 1992, you knew that Sean Gallagher was not the author of any of the images appearing on RICHTONE001306 through RICHTONE001460.

Response:  Subject to the General Objections, and that the documents referred to are not images in the Deposit Copy, and that the Request ignores the Copyright Office regulations, Compendium and other materials discussing who can claim authorship, denied.


Request for Admission No. 58.        Admit that the purpose of the images appearing on RICHTONE001461 through RICHTONE001601 was to create one or more training manuals.

Response:  Subject to the General Objections, and that the documents referred to are not images, denied.


Request for Admission No. 59.        Admit that neither Hom nor Healite gave you any of the images appearing on RICHTONE001461 through RICHTONE001601.

Response:  Subject to the General Objections, and that the documents referred to are not images, denied.

Request for Admission No. 60.        Admit that Andrew L. Spence is a lawyer admitted to practice in the United States District Court, Southern District of New York.

Response: Subject to the General Objections, Plaintiff is without information and belief as to the current admission status of Spence, and therefore denies this Request, which may be readily determined by checking the SDNY website.

Request for Admission No. 61.        Admit that you do not own a copyright in or to the image of Joseph Pilates on page 19 of the Book.

Response:  Subject to the General Objections, denied.

Request for Admission No. 62.        Admit that you do not own a copyright in or to the image of Joseph Pilates on page 29 of the Book.

Response:  Subject to the General Objections, denied.

Request for Admission No. 63.  Admit that there are photographs in the Book, in addition to the photographs on pages 19 and 29, depicting Joseph Pilates, that Hom or Healite did not give you.

Response:  Subject to the General Objections, Plaintiff is without knowledge as to which images might be covered by this vague Request and therefore Plaintiff denies.

Request for Admission No. 64.        Admit that there are photographs in the Book depicting Clara Pilates that Hom or Healite did not give you.

Response:  Subject to the General Objections, Plaintiff is without knowledge as to which images might be covered by this vague Request and therefore Plaintiff denies.

Request for Admission No. 65.        Admit that you do not allege that any common-law copyright in any photograph or negative was orally granted to Joseph Pilates.

Response: In addition to the General Objections, Plaintiff objects to this Request on the basis that it requires a legal conclusion  and therefore denies this Request.

Request for Admission No. 66.        Admit that you do not allege that any of the photographs that you claim were in the possession of Joseph Pilates at the time of his death were made by a third party at the instance and expense of Joseph Pilates.

Response:  Subject to the General Objections, Plaintiff is without knowledge as to which images might be covered by this vague Request and therefore Plaintiff denies.

Request for Admission No. 67.        Admit that neither Hom nor Healite ever provided you with an inventory or list of the photographs, negatives, and films that Hom gave you in 1992.

Response:  Subject to the General Objections, denied.  Plaintiff acquired all the materials in the containers and other organized storage and also lists of much of the material, which after 30 years has been misplaced.

Request for Admission No. 68.        Admit that you never made a complete inventory or list of the photographs, negatives, and films that Hom gave you.

Response:  Subject to the General Objections, denied. See the Response to No. 67.

Request for Admission No. 69.        Admit that the only record of what Hom and/or Healite gave you in 1992 is the Deposit Copy on RICHTONE001306- 1460.

Response:  Subject to the General Objections and also noting that the Copyright Registration and Deposit speak for themselves and are the "only record", admitted.

Request for Admission No. 70.        Admit that Alexander P. Hartnett ("Hartnett") represented Sean Gallagher in 1992 in negotiating the Asset Purchase Agreement signed by Hom, Healite, and Gallagher (RICHTONE 00088-00090, hereinafter the "Asset Purchase Agreement").

Response:  Subject to the General Objections, Admitted.

Request for Admission No. 71.        Admit that prior to your signing the Asset Purchase Agreement, you never discussed with Hartnett a transfer of copyright in any photographs, photographic negatives, or films.

Response:  Subject to the General Objections, denied.

Request for Admission No. 72.      Admit that when you signed the Asset Purchase Agreement, you had not read the agreement between Clara Pilates and 939 Studio Corporation (RICHTONE000025-000027).

Response:  Subject to the General Objections, Admitted, noting that Sean Gallagher was using an attorney's advice and counsel.

Request for Admission No. 73.      Admit that when you signed the Asset Purchase Agreement, you had not read the agreement between Pilates Studios, Inc. and Aris Isotoner Gloves, Inc. (RICHTONE000028-000087).

Response:  Subject to the General Objections, Admitted, noting that Sean Gallagher was using an attorney's advice and counsel.

Request for Admission No. 74.      Admit that when you signed the Asset Purchase Agreement, you had not read the agreement between Aris Isotoner, Inc. and Healite (RICHTONE001657- 001664).

Response:  Subject to the General Objections, Admitted, noting that Sean Gallagher was using an attorney's advice and counsel.

Request for Admission No. 75.      Admit that prior to your signing the Asset Purchase Agreement, you did not ask Hartnett to investigate whether Hom or Healite owned the copyrights in the photographs, negatives, and films that Hom gave you.

Response:  Subject to the General Objections, Admitted, noting that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included  such materials.


Request for Admission No. 76.        Admit that prior to your signing the Asset Purchase Agreement, you did not make any investigation regarding whether Hom or Healite owned the copyrights in the photographs, negatives, and films that Hom gave you.

Response:  Subject to the General Objections, Admitted, noting that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase.


Request for Admission No. 77.        Admit that at no time prior to submission of the Deposit Copy to the U.S. Copyright Office, did you ever have a conversation with Hom about copyrights in the photographs, negatives, and films that he gave you.

Response:  Subject to the General Objections, and noting that both Gallagher and Hom are alive and may be questioned about what discussions might have taken place 30 years ago, denied, noting as well that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase.

Request for Admission No. 78.      Admit that there is no document other than the Asset Purchase Agreement that you claim evidences a transfer of copyrights from Hom and/or Healite to Sean Gallagher.

Response:  Subject to the General Objections, denied, as the Agreement, the transfer of all assets, and the Copyright Registrations speak for themselves.

Request for Admission No. 79.      Admit that you are not aware of any correspondence between Hartnett and David Kalow ("Kalow"), who represented Hom and Healite in the negotiation of the Asset Purchase Agreement, that discussed photographs.

Response:  Subject to the General Objections, Plaintiff admits that it possesses only a small amount of correspondence but is without knowledge as to what exists or existed in the attorneys' files, and notes that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase, and therefore denies this Request.

Request for Admission No. 80.      Admit that there is no correspondence between Hartnett and Kalow during negotiations of the Asset Purchase Agreement that discussed photographic negatives.

Response:  Subject to the General Objections, Plaintiff admits that it possesses only a small amount of correspondence but is without knowledge as to what exists or existed in the attorneys' files, and notes that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase, and therefore denies this Request.

Request for Admission No. 81.        Admit that there is no correspondence between Hartnett and Kalow during negotiations of the Asset Purchase Agreement that discussed films. .

Response:  Subject to the General Objections, Plaintiff admits that it possesses only a small amount of correspondence but is without knowledge as to what exists or existed in the attorneys' files, and notes that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase, and therefore denies this Request.

Request for Admission No. 82.        Admit that there is no correspondence between Hartnett and Kalow during negotiations of the Asset Purchase Agreement that discussed unpublished text written by Joseph or Clara Pilates. .

Response:  Subject to the General Objections, Plaintiff admits that it possesses only a small amount of correspondence but is without knowledge as to what exists or existed in the attorneys' files, and notes that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included

materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase, and therefore denies this Request.

Request for Admission No. 83.        Admit that there is no correspondence between Hartnett and Kalow during negotiations of the Asset Purchase Agreement that discussed unpublished flyers. .

Response:  Subject to the General Objections, and objection to the use of "unpublished", Plaintiff admits that it possesses only a small amount of correspondence but is without knowledge as to what exists or existed in the attorneys' files, and notes that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase, and therefore denies this Request.

Request for Admission No. 84.        Admit that there is no correspondence between Hartnett and Kalow during negotiations of the Asset Purchase Agreement that discussed unpublished booklets.

Response:  Subject to the General Objections, and objection to the use of "unpublished", Plaintiff admits that it possesses only a small amount of correspondence but is without knowledge as to what exists or existed in the attorneys' files, and notes that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the

application for copyright of many of the materials after purchase, and therefore denies this Request.

      Request for Admission No. 85.      Admit that there is no correspondence between Hartnett and Kalow during negotiations of the Asset Purchase Agreement that discussed unpublished printed matter.

      Response:  Subject to the General Objections, and objection to the use of "unpublished", Plaintiff admits that it possesses only a small amount of correspondence but is without knowledge as to what exists or existed in the attorneys' files, and notes that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase, and therefore denies this Request.

      Request for Admission No. 86.      Admit that there is no correspondence between Hartnett and Kalow during negotiations of the Asset Purchase Agreement that discussed copyright.

      Response:  Subject to the General Objections, Plaintiff admits that it possesses only a small amount of correspondence but is without knowledge as to what exists or existed in the attorneys' files, and notes that Sean Gallagher was using an attorney's advice and counsel and knew that the purchase was the entire assets of the company and that those assets included materials subject to copyright, as reflected in the application for copyright of many of the materials after purchase, and therefore denies this Request.

Respectfully,

s/ Charles H Knull

Charles Knull


Knull P.C.

305 Broadway, 7th Fl.

New York, NY 10007


Telephone: (646) 233-1376

Romeo J. Salta, Of Counsel

E-mail: chk@knullpc.com and romeosalta@mac.com


Attorneys for Plaintiff and Counterclaim Defendant



Certificate of Service


November  12, 2022


I  affirm and declare that this Response to Requests for Admission have been this day served upon Plaintiff's counsel by delivering a link to a drop box shared account via email.


s/ Charles Knull