UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHTONE DESIGN GROUP, LLC,

      Plaintiff/Counter-Defendant,

- against -

Mary Sullivan KELLY and TRUE PILATES BOSTON, LLC,

      Defendants/Counter-Plaintiffs/
      Third-Party Plaintiffs,

- against -

RICHTONE DESIGN GROUP, LLC,

      Counterclaim Defendant,

      and

Sean GALLAGHER,

      Third-Party Defendant.

Case No. 22-cv-1606-KMK

**Memorandum in Opposition to Plaintiff's Motion to File Dkt. #36-1 Under Seal**

---

As and for its Opposition to Plaintiff's Motion to File Dkt. #36-1 Under Seal, Defendants, by and through their counsel, Gordon E. R. Troy, P.C., state as follows:

**I.  Introduction**.

On November 14, Plaintiff served "Plaintiffs' Confidential Responses to Defendants' Requests for Admissions" (the "Responses") claiming that "[s]ince such images are probably subject to copyright (not necessarily that of Plaintiff), these Responses are marked as Confidential to prevent random distribution." Dkt. #36-1,

p. 3 (emphasis added). In its "Motion to Require Withdrawal of Document 36-1 and File the Document under Seal" (Dkt. #43), Plaintiff continues to speculate about possible third-party copyright claims, notably avoiding any claim that Plaintiff owns the copyright to any particular image. One likely reason is that, in the Responses, Plaintiff admits that Gallagher never acquired from his alleged predecessor-in-interest more than half – twenty-three (23) – of the images in question, specifically those that appear below RFAs 1, 2, 5, 7, 8, 10-21, 23, 25, and 30-33. If Gallagher or Plaintiff acquired copies of these images, they did so from third-party sources such as the New York Public Library, where these images are in collections that may be viewed by the general public. (A "patron" – undoubtedly Plaintiff or Gallagher – attempted to restrict access to these and other images of Joseph Pilates, but after reviewing the patron's claims, the NYPL re-opened its collections.[1])

Another likely reason that Plaintiff has not stated that it owns a copyright in any particular image is that some of them appear to be reproductions of printed matter that bear indicia of publication. With respect to these materials, Plaintiff apparently takes the position that because it doesn't have evidence that these printed materials from 50 to 80 years ago were published, the materials were therefore unpublished, or only subject to "limited publication" (for which Plaintiff

---

[1] Defendants have sought, but Plaintiff has failed to produce, Plaintiff's correspondence with the NYPL.

also has no evidence). These materials appear in the images shown in the thumbnails below RFAs 36, 37, and 38 (which material bears a copyright notice of 1943 and a price of $1.00), and RFA 40.

## II.  The Images Sought to be Redacted or Filed Under Seal are not "Confidential."

Paragraph 1 of the Confidentiality Stipulation and Protective Order (Dkt. #41), filed by Plaintiff on November 28, 2022,[2] states that a party "may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information." Plaintiff's Motion fails to establish any ground on which to find that any of the images in the Responses fit these criteria. Plaintiff's fear that someone might download the Responses, extract the pages, make jpegs of the small, and mostly blurry or illegible images contained therein, and then publish them on the internet (see, Dkt. #43, p. 4) does not make the images confidential, particularly when, in fact, (a) the images in question are evidence in this case, as will be discussed further below, and (b) the images are largely available from multiple sources, including Gallagher's published book, *The Joseph H. Pilates*

---

[2] No protective order was filed with the Court or ordered when Dkt. #36-1 was filed in the ECF on Nov. 22, 2022. As discussed at the October 19 hearing, the reason for the Protective Order was Plaintiff's insistence upon the confidentiality of the inspection and coping of negatives at issue in this litigation.

*Archive Collection*, public and university libraries, and a multitude of websites of Pilates instructors and businesses who use these images to market their services:

- RFA 42, which displays a barely visible thumbnail of the cover of Gallagher's book (and the sole reason for one of many takedown notices by Plaintiff), is found on Amazon. See Ex. 1.

- The images following RFAs 1, 3, 4, 6, 24, 26, 28, and 34, are each published in large format in Gallagher's book on pp. 11, 13, 29, 123, 130, 142, 145, and 151, respectively.[3]

- Ex. 2 consists of Google searches for images of Joseph and Clara Pilates over the past few weeks, showing multiple copies across the internet of many of the images in question, some of them reproduced on websites of Pilates instructors affiliated, or at least friendly, with Gallagher.

- Ex. 3 contains several examples of Instagram accounts and websites that display some of the images in question.

- Ex. 4 shows that images for RFAs 23 and 25 are available as free, high-resolution downloads from the New York Public Library and the library at the University of Maine, respectively.

- The illegibly reproduced image following RFAs 38 and 50 is from the "Around-the-Clock" flier, published by Joseph Pilates in 1943. Ex. 5 shows the

---

[3] Moreover, the copyright in the book, the application for which was filed by one of Plaintiff's attorneys, is registered as a compilation, not for the images contained therein.

image: (1) together with the entire flier, on a blog post that has been online since 2009 (pp. 1-7 of the PDF); (2) together with the entire flier, on another blog post that has been online since 2014 (pp. 8-10 of the PDF); (3) as the "drawing" submitted to the USPTO for Plaintiff's application Serial No. 90566161 (p. 11 of the PDF); (4) as the specimen submitted to the USPTO for application Serial No. 90558410, showing a screenshot from Gallagher's Facebook account (p. 12 of the PDF); and (5) on a poster advertised for sale on Plaintiff's Etsy account (pp. 13-14 of the PDF). (Both of Plaintiff's trademark applications were abandoned.)

### III. The Images Sought to be Redacted or Filed Under Seal are "Judicial Documents."

A "judicial document" is a document that is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). The images at issue fit this definition. Eight of them (those that follow RFAs 3, 4, 23, 26, 32, 33, 34, and 38) are among the images for which Plaintiff and Gallagher filed DMCA takedown notices against Defendants. They are therefore the very subject of Defendants' First and Second Counterclaims. The remaining images constitute evidence in support of Defendants' First Counterclaim (where Defendants will show that these images establish a pattern of bad faith conduct on the part of Plaintiff and Gallagher), and Third Counterclaim (where Defendants will show their access to many images that they would be using but for Plaintiff's and Gallagher's illegitimate copyright ownership claims).

Defendants will necessarily and inevitably include these images (and others) in their motion practice, including as exhibits to Defendants' motion for partial summary judgment, and will introduce each of these images at trial. See *U.S. v. Loera*, 09-cr-0466 (E.D.N.Y. Nov. 11, 2018) 2018 WL 5906846 *3, where the court found that photograph exhibits were "properly considered judicial documents" because they were not merely "helpful visual aids" for the finder of fact, but would be used "to corroborate substantive testimony" and "play a role in 'determining the defendant's substantive rights,'" citing *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

The images should also be of public record because they are relevant to Defendants' motion to compel adequate responses to their Requests for Admission.[4] *See*, *VR Optics, LLC v. Peloton Interactive, Inc.*, 16-CV-6392 (S.D.N.Y., May 15, 2019), 2019 WL 2121690 *8 (briefs and exhibits filed in connection with motions to compel are "'judicial documents' to which a presumptive right of public access attaches"); and *In re Omnicom Group, Inc. Securities Litigation*, (S.D.N.Y., Oct. 23, 2006), 2006 WL 3016311 *4 (discovery motions pertaining to pertinent facts of a case trigger the presumption of public access, particularly where "factual contentions inevitably will be made on the public record.")

---

[4] Defendants did not file the PDF Portfolios with its letter motion because that format cannot be filed in the ECF, which is why Defendants have offered to make them available to the Court at the hearing.

## IV. Plaintiff has Failed to Demonstrate that the Images Should Be Redacted or Filed Under Seal.

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, *supra*, 952 F.3d 51, 58 (2d Cir. 2020). In determining whether a document shall be sealed, "[t]he Second Circuit has articulated a three-step inquiry in contravention of the presumption of open access to 'judicial documents.'" *Oliver Wyman, Inc. v. Eielson*, 282 F.Supp.3d 684, 705 (S.D.N.Y. 2017). The first step is to determine whether the documents in question are "judicial documents." As shown above, that inquiry has been satisfied.

The second step is to assess the weight of the presumptive right of access. For judicial documents, the presumptive weight is strong. See *Mirlis v. Greer*, *supra*, 952 F.3d at 60-61; *U.S. v. Loera, supra*; and *BAE Systems Ship Repair Inc. v. Puglia Engineering, Inc.*, Case No. 17-cv-1287 (May 2, 2017), 2017 WL 11568796 *1.

The third step in determining whether a document shall be redacted or sealed is identifying and balancing any countervailing interest to which the presumption might cede. While courts have found that serious interests such as protecting trade secrets or the privacy or reputations of crime victims, guarding against risks to national security, minimizing the danger of an unfair trial by adverse publicity, or preventing the disclosure of law enforcement techniques, procedures, and cooperating witnesses – see, *e.g.*, *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir., 1995) – Defendants are unaware of any instance in which photographs whose copyright

status are at issue in litigation (and which photographs contain no confidential information) have been sealed from public view. Defendants further note that Plaintiff had no such dissemination concerns regarding the exhibits to the Complaint, Dkt. #2-3 and 2-4. Nor could Plaintiff object to the filing of the deposit copy for the 1992 Registration (Dkt. #18-A, B, and C), a public document that contains as many as 2000 images at issue in this case, albeit poorly reproduced.

Given the strong presumption in favor of public access, Plaintiff "must offer specific facts demonstrating that closure is essential to preserve higher values…" *BAE Systems Ship Repair Inc. v. Puglia Engineering, Inc.*, *supra*; see also, *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F.Supp.2d 409, 413 (S.D.N.Y. 2014). Plaintiff has completely failed to offer any specific facts demonstrating that redaction is warranted, let alone essential. Plaintiff's speculative fear that someone might copy the images out of the PDF is simply insufficient, particularly given the role of such images in this litigation, and the plethora of sources for those images and countless others that, despite Plaintiff's broad ownership claims, are available across the internet, and found in published texts and libraries.

**V.    Conclusion**.

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Plaintiff has failed to meet that burden. For the reasons stated above, Plaintiff's motion to seal should be denied.

Dated: December 5, 2022

By: /s/ Gordon E. R. Troy, Esq.
_____
Gordon E. R. Troy, PC
P.O. Box 67
Windsor, VT 05089
(802) 881-0640 Phone
**gtroy@webtm.com**
*Attorneys for Defendants/Counter-Plaintiffs/Third Party Plaintiffs Mary Kelly and True Pilates Boston, LLC*