# GORDON E. R. TROY, PC
### Attorney at Law
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

To:     The Hon. Andrew E. Krause, Magistrate Judge

Re:     <u>22cv1606 Richtone Design Group, LLC v. Kelly et al</u>          **Date:** March 29, 2023

Dear Judge Krause:

We are at an impasse with opposing counsel regarding the scope of depositions for Defendant Kelly (individually and, being the sole member of her LLC, as 30(b)(6) witness) and four third-party witnesses (two in New York, one in Florida, and one in Texas), who have each submitted a Declaration attesting to having their social media accounts shut down by Plaintiff and Third-Party Defendant. (The declarations of the third-party witnesses, together with exhibits, are filed herewith as Ex. 1 -9.) Opposing counsel served deposition notices for the third-party witnesses (Ex. 10) on March 23, and I responded with my objections by letter on March 24 (Ex. 11). However, Mr. Klobucar informed me yesterday by email (Ex. 12) that he is only available for a meet-and-confer on Friday, March 31st at 9 am. As discussed briefly below, the disputes over discovery and scope of depositions are profound, unlikely to be resolved in a meet-and-confer, and require resolution prior to the depositions taking place. Given that Plaintiff desires to schedule them for mid-April and we need time to prepare each witness and comply with any <u>valid</u> document requests, we are seeking your Honor's intervention regarding these very serious matters.

As is clear from my letters of March 22 (Ex. 13) and 24 (Ex. 11), and the deposition notices (Ex. 10), Plaintiff proposes to engage in a fishing expedition and apparently wishes to make the process as onerous as possible with respect to scheduling. From Ms. Kelly, Plaintiff seeks, among other things "any and all correspondence" between Defendants and third-party witnesses, and between my office and third-party witnesses. (See, Ex. 14, Plaintiff's Second Set of Requests for Production of Documents), which correspondence falls under the work-product doctrine, as it consists of discussions pertaining to (a) my office's preparation of witness declarations (and drafts thereof), (b) the Pilates Transparency Project and GoFundMe; and (c) Defendants' case strategies.


https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation

Such correspondence amounts to no fewer than 600 emails and quite likely in excess of 800.
Plaintiff also seeks from Defendants answers to Interrogatories (Ex. 15) and Requests for Admission
(Ex. 16) regarding work product, the Pilates Transparency Project, among other topics that are
beyond the scope of discovery. From the third-party witnesses, Plaintiff seeks (a) all of their
correspondence with each other (as well as other third parties), with Defendant, and with my office;
(b) any and all photographs of Joseph Pilates that they may have in their possession; (c) documents
pertaining to their entire professional lives; and (d) correspondence that Plaintiff/Third-Party
Defendant have refused or failed to produce in discovery. Plaintiff also intends to question them
about "All matters," including the Pilates Transparency Project and GoFundMe.

Plaintiffs also demands two full days of depositions for Ms. Kelly. Although I have advised
that she is the sole member of Defendant True Pilates Boston, LLC, Mr. Klobucar insists that:

> We are entitled to depose Mary as a fact witness and whoever True Pilates designates as their
> 30(b)(6) witness. If it is to be Mary for both depositions, we will commence with Mary in
> her 30(b)(6) capacity and continue until completion. We will then depose her as a fact
> witness thereafter on non-duplicative topics and will continue day to day until completed.

Ms. Kelly is self-employed and can ill-afford canceling client sessions. Given the pending discovery
requests, it is clear that Plaintiff intends to question her regarding topics that are beyond the scope.

Finally, the discovery disputes stated in my letter to opposing counsel of March 17, 2022
(Ex. 17), remain at issue. Plaintiff has not responded to Defendants' refusals and failures to provide
adequate responses to Defendants' Requests for Admission and Interrogatories, despite Plaintiff's
agreement to respond to the latter during the hearing before your Honor on December 6, 2022.
Plaintiff's responses are filed herewith as Ex. 18 (ROGs) and 19 (RFAs).

Respectfully submitted,

By: _____
    Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com



https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation