# KNULL P.C.

tel. 646-233-1376
Fax 303-379-5604

chk@knullpc.com
www.knullpc.com

Business/Mailing Address:
1120 Delaware St. Ste 110-7
Denver, Colorado 80204-3655

Law Office:
424 Madison Ave. 3d Fl
New York, NY 10017

November 16, 2021

Heather Erdman
Pure Body Studio
3865 Bellaire Blvd.
Houston, TX 77025

Dear Ms. Erdman:

This firm represents Sean Gallagher and Richtone Design Group, LLC d/b/a Sean Gallagher's Pilates Archives™ and Pilates Source.™

My clients have learned that you continue to post on private Instagram account old photographs and other materials created by or upon order of Joe Pilates, which you have obtained from library collections and perhaps elsewhere which are protected by copyright of my client. We are concerned that these postings will lead to further unlawful copying of the works. The postings must be removed immediately.

Just because you find a copy of a work in a library or online library postings does not mean it is free to share and copy. People of note have donated a great deal of pre-1976 copyright material such as correspondence, photos, and manuscripts to libraries for scholars to use and often, these days, the materials are scanned and uploaded to the web for convenient access. However, donating such materials for use by a library does not mean they are are published. (Those who have made the donations may not actually own the underlying copyright in them, as to correspondence, for example, the writer of a letter owns copyright in its contents, not the recipient).

The Joe Pilates related works were produced before the 1976 Copyright Act took effect. The 1909 Copyright Act and the 1976 Copyright Act have substantial differences in the way they treat "unpublished works" as well as those that were published. See., e.g., Jones v. Virgin Records, Ltd. 643 F. Supp. 1153 (S.D.N.Y. 1986). Compounding these differences are further amendments to the 1976 which have created even more differences.

U.S. Copyright Office records show that Joe Pilates registered for copyright five different works during the time period in which the 1909 Act was in effect. He never renewed the registrations, so they expired after their 28-year terms of protection. Those works of Joe's are in the public domain. One cannot be certain that any other work is available in the public domain and runs the risk of infringement by copying.

# KNULL P.C.

tel. 646-233-1376
Fax 303-379-5604

chk@knullpc.com
www.knullpc.com

Under the 1909 Copyright Act, unpublished works were not subject to its protection but were protected by common law copyright which varied from state to state. With the 1976 Act, common law copyright was abolished, and the law automatically gave federal copyright protection to works that were created but neither published nor registered before January 1, 1978. The duration of copyright in these works is generally computed the same way as for works created on or after January 1, 1978: life plus 70 years or 95 or 120 years, depending on the nature of authorship. However, all works in this category are guaranteed at least 25 years of statutory protection. The law specifies that in no case would copyright in a work in this category have expired before December 31, 2002. In addition, if a work in this category was published before that date, the term extends another 45 years, through the end of 2047.

If one of Joe Pilate's works was published without a copyright notice on it, it would be in the public domain. (It was usual under the 1909 Act to place a copyright notice on a work even if there was never an intention to publish it because the rules regarding publication were so uneven.) Whether something was published according to the 1909 Copyright Act is a very complicated question and cannot be answered by the way publication has been dealt with under the 1976 Act and its amendments. People researching copyright status often miss this important point and open themselves up to claims of copyright infringement when they avow that a 1909 Act work is in the Public Domain. Lawyers researching copyright status of 1909 Act works are well aware that litigation still goes on concerning rights in such works to this day.

The term "publication" is not defined in the 1909 Copyright Act. See Abkco Music, Inc. v. Lavere, 217 F.3d 684, 688 (9th Cir. 2000). Essentially publication for the purposes of the 1909 Copyright Act occurred "when by consent of the copyright owner, the original or tangible copies of a work are sold, leased, loaned, given away, or otherwise made available to the general public . . ." American Vitagraph, Inc. v. Levy, 659 F.2d 1023, 1027 (9th Cir. 1981). But even with this general, vague definition, there are numerous exceptions. For example, "mere performance or exhibition of a work does not constitute a publication of that work." American Vitagraph, 659 F.2d at 1027. Thus, screening of a movie did not forfeit federal copyright protection for the movie itself. American Vitagraph. Similarly, Dr. Martin Luther King Jr.'s recitation before hundreds of thousands of people of his "I Have A Dream" speech did not forfeit federal copyright protection for the text of the speech, Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 194 F.3d 1211 (11th Cir. 1999).

Thank you for your attention to this matter.

Very truly yours,

Charles Knull