UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————————————-

RICHTONE DESIGN GROUP LLC,                          7:22-CV-01606-KMK-AEK
    Plaintiff,

 - against

MARY SULLIVAN KELLY and
TRUE PILATES BOSTON LLC
    Defendants/Counter-Plaintiffs/
    Third Party Plaintiffs,

 - against

RICHTONE DESIGN GROUP, LLC,
    Counterclaim Defendant, and

SEAN GALLAGHER,
    Third Party Defendant.
—————————————————————————————

### PLAINTIFF'S NOTICE OF DEPOSITION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

  PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30, Plaintiff/Counterclaim Defendant, and Third-Party Defendants, Richtone Design Group, LLC and Sean Gallagher ("Plaintiff") by and through its attorneys, will take the deposition of Heather Erdman *(sic)* [*Erdmann*]:

  DATE/TIME:  April 11, 2023 at 10:00 a.m. (EST)
  LOCATION:  Virtually via ZOOM (credentials to be supplied)

The topics to be addressed are included on attached Exhibit A.  Documents requested in Exhibit A shall be produced on the day prior to the Deposition.  The deposition will be conducted remotely and will be facilitated and administered by a certified Court Reporter.  The Court Reporter will administer the oath remotely pursuant to Federal Rule of Civil Procedure 28, and

will continue from day to day, excluding weekends and holidays, until the examination is completed.  The procedure for attending the remote deposition is set forth below.

1.    Participants need to have a computer, laptop, or mobile device equipped with a webcam and high-speed, reliable internet connection.

2.    In advance of the deposition, participants need to submit a valid email address to the selected Court Reporter to receive a download link for the remote deposition program.

3.    Immediately before the deposition, participants need to click the link and it will automatically open a secure meeting via the internet.

4.    Participants should be prepared to connect to audio via landline or mobile phone with clear reception in order to achieve the best quality.

PLEASE TAKE FURTHER NOTICE that the deposing party intends to cause the proceeding to be recorded by stenographic means.  If an interpreter is required, the undersigned must be notified in writing at least five (5) days prior to the deposition date of the language spoken by the deponent.


Dated: March 23, 2023                    /s/ *James Klobucar, Esq.*
                                         James Klobucar, Esq.
                                         GEARHART LAW LLC
                                         41 River Road, Suite 1A
                                         Summit, NJ  07901
                                         (908) 273-0700
                                         james@gearhartlaw.com

## EXHIBIT A

## TOPICS UPON WHICH TO BE EXAMINED

All matters including but not limited to the statements and comments contained in the "Declaration of Heather Erdman" *(sic)* dated March 7, 2023 (hereinafter referred to as March 7, 2023 Declaration").

## DOCUMENTS REQUESTED

1. Deponent's complete file concerning photographs of, notes and/or documents concerning, or relating to Joseph Pilates**.**

2. Any and all documents that Deponent reviewed and/or relied upon, in preparation of her March 7, 2023 Declaration.

3. Copies of all communications with New York Public Library relating to Joseph Pilates, and/or Pilates equipment including but not limited to Wunda Chair.

4. Copies of all communications between Deponent and Sean Gallagher as well as Deponent and Richtone Design Group LLC.

5. Copies of all communications between Deponent and Instagram and/or Instagram's parent company Meta.

6. A recent copy of Deponent's Curriculum Vitae.

7. Copies of any and all correspondence, in any format (including emails and electronic communications), to and from Deponent and Defendants or attorneys for Defendants.

8. Copies of all drafts concerning or relating to Deponent's March 7, 2023 Declaration.

9. Copies of any agreements and/or contract by and between Deponent and Defendants in this litigation or the attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March 2023, the foregoing document, Plaintiff's

Subpoena and Notice of Deposition directed to Heather Erdman (*sic*) [*Erdmann*] was served upon

counsel for Defendants via email at their email address(es) below:

Gordon E.R. Troy
Gordon E.R. Troy, P.C.
Email:  gtroy@webtm.com

Lawrence A. Stanley, Esq.
Email:  lstanley@webtm.com

Dated: March 23, 2023

Anna Marie Strand, Paralegal
GEARHART LAW LLC
41 River Road, Suite 1A
Summit, NJ  07901
(908) 273-0700
amarie@gearhartlaw.com

4

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▾

| | |
|---|---|
| Richtone Design Group, LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   7:22-cv-01606 (KMK)(AEK) |
| Mary Sullivan Kelly, True Pilates Boston LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                      Heather Erdman (sic) [Erdmann]

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Matters identified in the Notice of Deposition (attached hereto)

| Place:   Gearhart Law, LLC<br>41 River Road<br>Summit, New Jersey 079901 | Date and Time:<br>**April 11, 2023 at 10:00 a.m.** (EST) |
|---|---|

The deposition will be recorded by this method:   VIRTUAL - stenographic, audio and/or audiovisual means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents identified in the Notice of Deposition under Requested Documents.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/23/2023

| *CLERK OF COURT* | |
|---|---|
| | OR   /s/ David Postolski, Esq. |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Richtone Design Group, LLC, Sean Gallagher                                  , who issues or requests this subpoena, are:
Gearhart Law, LLC, 41 River Road, Summit, New Jersey  07901

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 7:22-cv-01606 (KMK)(AEK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

RICHTONE DESIGN GROUP LLC,                          7:22-CV-01606-KMK-AEK
               Plaintiff,

   -   against

MARY SULLIVAN KELLY and
TRUE PILATES BOSTON LLC
               Defendants/Counter-Plaintiffs/
               Third Party Plaintiffs,

   -   against

RICHTONE DESIGN GROUP, LLC,
               Counterclaim Defendant, and

SEAN GALLAGHER,
               Third Party Defendant.
_____

## PLAINTIFF'S NOTICE OF DEPOSITION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

     PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30, Plaintiff/Counterclaim Defendant, and Third-Party Defendants, Richtone Design Group, LLC and Sean Gallagher ("Plaintiff") by and through its attorneys, will take the deposition of HILA PALDI:

     DATE/TIME:  April 12, 2023 at 10:00 a.m. (EST)
     LOCATION:  Virtually via ZOOM (credentials to be supplied)

The topics to be addressed are included on attached Exhibit A.  Documents requested in Exhibit A shall be produced on the day prior to the Deposition.  The deposition will be conducted remotely and will be facilitated and administered by a certified Court Reporter.  The Court Reporter will administer the oath remotely pursuant to Federal Rule of Civil Procedure 28, and

1

will continue from day to day, excluding weekends and holidays, until the examination is completed.  The procedure for attending the remote deposition is set forth below.

1.     Participants need to have a computer, laptop, or mobile device equipped with a webcam and high-speed, reliable internet connection.

2.     In advance of the deposition, participants need to submit a valid email address to the selected Court Reporter to receive a download link for the remote deposition program.

3.     Immediately before the deposition, participants need to click the link and it will automatically open a secure meeting via the internet.

4.     Participants should be prepared to connect to audio via landline or mobile phone with clear reception in order to achieve the best quality.

PLEASE TAKE FURTHER NOTICE that the deposing party intends to cause the proceeding to be recorded by stenographic means.  If an interpreter is required, the undersigned must be notified in writing at least five (5) days prior to the deposition date of the language spoken by the deponent.

Dated: March 23, 2023                    /s/ *James Klobucar, Esq.*
                                         James Klobucar, Esq.
                                         GEARHART LAW LLC
                                         41 River Road, Suite 1A
                                         Summit, NJ  07901
                                         (908) 273-0700
                                         james@gearhartlaw.com

## <u>EXHIBIT A</u>

## **TOPICS UPON WHICH TO BE EXAMINED**

All matters including but not limited to the statements and comments contained in the "Declaration of Hila Paldi" dated October 31, 2022 (hereinafter referred to as October 31, 2022 Declaration").

## **DOCUMENTS REQUESTED**

1. Deponent's complete file concerning photographs of, notes and/or documents concerning, or relating to Joseph Pilates**.**

2. Documents in Deponent's possession or control relating to her involvement with including certification by Pilates Studio.

3. Any and all documents that Deponent reviewed and/or relied upon, in preparation of her October 31, 2022 Declaration.

4. Copies of all communications between Deponent and Sean Gallagher as well as Deponent and Richtone Design Group LLC.

5. Copies of all communications between Deponent and Instagram and/or Instagram's parent company Meta.

6. Copies of all communications between Deponent and FaceBook.

7. A recent copy of Deponent's Curriculum Vitae.

8. Copies of any and all correspondence, in any format (including emails and electronic communications), to and from Deponent and Defendants or attorneys for Defendants.

9. Copies of all drafts concerning or relating to Deponent's October 31, 2022 Declaration.

10. Copies of any agreements and/or contract by and between Deponent and Defendants in this litigation or the attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March 2023, the foregoing document, Plaintiff's Subpoena and Notice of Deposition directed to Hila Paldi was served upon counsel for Defendants via email at their email address(es) below:

Gordon E.R. Troy
Gordon E.R. Troy, P.C.
Email:  gtroy@webtm.com

Lawrence A. Stanley, Esq.
Email:  lstanley@webtm.com

Dated: March 23, 2023

*Anna Marie Strand*

Anna Marie Strand, Paralegal
GEARHART LAW LLC
41 River Road, Suite 1A
Summit, NJ  07901
(908) 273-0700
amarie@gearhartlaw.com

4

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of New York ▾

| | | |
|---|---|---|
| Richtone Design Group, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   7:22-cv-01606 (KMK)(AEK) |
| Mary Sullivan Kelly, True Pilates Boston LLC | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                  HILA PALDI

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Matters identified in the Notice of Deposition (attached hereto)

| Place:   Gearhart Law, LLC<br>          41 River Road<br>          Summit, New Jersey 079901 | Date and Time:<br>**April 12, 2023 at 10:00 a.m.** (EST) |
|---|---|

The deposition will be recorded by this method:   VIRTUAL - stenographic, audio and/or audiovisual means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents identified in the Notice of Deposition under Requested Documents.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/23/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ David Postolski, Esq.<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Richtone Design Group, LLC, Sean Gallagher _____ , who issues or requests this subpoena, are:
Gearhart Law, LLC, 41 River Road, Summit, New Jersey  07901

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 7:22-cv-01606 (KMK)(AEK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

RICHTONE DESIGN GROUP LLC,                       7:22-CV-01606-KMK-AEK
                    Plaintiff,

        -   against

MARY SULLIVAN KELLY and
TRUE PILATES BOSTON LLC
                    Defendants/Counter-Plaintiffs/
                    Third Party Plaintiffs,

        -   against

RICHTONE DESIGN GROUP, LLC,
                    Counterclaim Defendant, and

SEAN GALLAGHER,
                    Third Party Defendant.
_____

### PLAINTIFF'S NOTICE OF DEPOSITION
### OF DECLARANT VICTORIA BATHA CUOMO

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

        PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30,

Plaintiff/Counterclaim Defendant, and Third-Party Defendants, Richtone Design Group, LLC

and Sean Gallagher ("Plaintiff") by and through its attorneys, will take the deposition of

VICTORIA BATHA CUOMO:

        DATE/TIME:  April 13, 2023 at 10:00 a.m. (EST)
        LOCATION:  Virtually via ZOOM (credentials to be supplied)

The topics to be addressed are included on attached Exhibit A.  Documents requested in Exhibit

A shall be produced on the day prior to the Deposition.  The deposition will be conducted

remotely and will be facilitated and administered by a certified Court Reporter.  The Court

Reporter will administer the oath remotely pursuant to Federal Rule of Civil Procedure 28, and

1

will continue from day to day, excluding weekends and holidays, until the examination is completed.  The procedure for attending the remote deposition is set forth below.

1.    Participants need to have a computer, laptop, or mobile device equipped with a webcam and high-speed, reliable internet connection.

2.    In advance of the deposition, participants need to submit a valid email address to the selected Court Reporter to receive a download link for the remote deposition program.

3.    Immediately before the deposition, participants need to click the link and it will automatically open a secure meeting via the internet.

4.    Participants should be prepared to connect to audio via landline or mobile phone with clear reception in order to achieve the best quality.

PLEASE TAKE FURTHER NOTICE that the deposing party intends to cause the proceeding to be recorded by stenographic means.  If an interpreter is required, the undersigned must be notified in writing at least five (5) days prior to the deposition date of the language spoken by the deponent.

Dated: March 23, 2023             /s/ *James Klobucar, Esq.*
                                  James Klobucar, Esq.
                                  GEARHART LAW LLC
                                  41 River Road, Suite 1A
                                  Summit, NJ  07901
                                  (908) 273-0700
                                  james@gearhartlaw.com

2

<u>**EXHIBIT A**</u>

**TOPICS UPON WHICH TO BE EXAMINED**

All matters including but not limited to the statements and comments contained in the "Declaration of Victoria Batha Cuomo" dated October 23, 2022 (hereinafter referred to as October 23, 2022 Declaration").

**DOCUMENTS REQUESTED**

1. Deponent's complete file concerning photographs of, notes and/or documents concerning, or relating to Joseph Pilates**.**

2. Documents in Deponent's possession or control relating to her interaction with, and/or involvement with Romana Kryzanowska.

3. Any and all documents that Deponent reviewed and/or relied upon, in preparation of her October 23, 2022 Declaration.

4. Copies of all communications between Deponent and Sean Gallagher as well as Deponent and Richtone Design Group LLC.

5. Copies of all communications or documents regarding copyrights relating to Joseph Pilates and/or Pilates Studio.

6. Copies of all communications between Deponent and Instagram and/or Instagram's parent company Meta, including but not limited to Instagram posts relating to copyrights, and Mary Kelly's legal defense, and GoFundMe site.

7. Copies of any and all communications, in any format (including emails and electronic communications) and documents to and/or from Deponent and Ken Endelman.

8. Copies of any and all communications, in any format (including emails and electronic communications) to and/or from Deponent and Heather Erdmann.

9. Copies of any and all communications, in any format (including emails and electronic communications) to and/or from Deponent and Hila Paldi.

10. Copies of all communications between Deponent and FaceBook, and/or FaceBook's parent company Meta, including but not limited to posts made to FaceBook regarding pilates, Joseph Pilates, Sean Gallagher, and/or Richtone Design Group.

11. A recent copy of Deponent's Curriculum Vitae.

3

12. Copies of any and all correspondence, in any format (including emails and electronic communications), to and from Deponent and Defendants, including Mary Kelly, or attorneys for Defendants.

13. Copies of all drafts concerning or relating to Deponent's October 23, 2022 Declaration.

14. Copies of any agreements and/or contract by and between Deponent and Defendants in this litigation or the attorneys for Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March 2023, the foregoing document, Plaintiff's

Subpoena and Notice of Deposition directed to Victoria Batha Cuomo was served upon counsel

for Defendants via email at their email address(es) below:

Gordon E.R. Troy
Gordon E.R. Troy, P.C.
Email:  gtroy@webtm.com

Lawrence A. Stanley, Esq.
Email:  lstanley@webtm.com

Dated: March 23, 2023

Anna Marie Strand, Paralegal
GEARHART LAW LLC
41 River Road, Suite 1A
Summit, NJ  07901
(908) 273-0700
amarie@gearhartlaw.com

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

Southern District of New York ▢ ▾

| | |
|---|---|
| Richtone Design Group, LLC | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   7:22-cv-01606 (KMK)(AEK) |
| Mary Sullivan Kelly, True Pilates Boston LLC | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

VICTORIA BATHA CUOMO

To: _____

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Matters identified in the Notice of Deposition (attached hereto)

| Place: Gearhart Law, LLC<br>41 River Road<br>Summit, New Jersey 079901 | Date and Time:<br>**April 13, 2023 at 10:00 a.m.** (EST) |
|---|---|

The deposition will be recorded by this method:   VIRTUAL - stenographic, audio and/or audiovisual means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents identified in the Notice of Deposition under Requested Documents.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/23/2023
        _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ David Postolski, Esq.<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Richtone Design Group, LLC, Sean Gallagher _____, who issues or requests this subpoena, are:
Gearhart Law, LLC, 41 River Road, Summit, New Jersey  07901

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 7:22-cv-01606 (KMK)(AEK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

RICHTONE DESIGN GROUP LLC,                          7:22-CV-01606-KMK-AEK
        Plaintiff,

   -  against

MARY SULLIVAN KELLY and
TRUE PILATES BOSTON LLC
        Defendants/Counter-Plaintiffs/
        Third Party Plaintiffs,

   -  against

RICHTONE DESIGN GROUP, LLC,
        Counterclaim Defendant, and

SEAN GALLAGHER,
        Third Party Defendant.
————————————————————————————

### PLAINTIFF'S NOTICE OF DEPOSITION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

     PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30, Plaintiff/Counterclaim Defendant, and Third-Party Defendants, Richtone Design Group, LLC and Sean Gallagher ("Plaintiff") by and through its attorneys, will take the deposition of CHRISTINA MARIA GADAR:

     DATE/TIME:  April 14, 2023 at 10:00 a.m. (EST)
     LOCATION:  Virtually via ZOOM (credentials to be supplied)

The topics to be addressed are included on attached Exhibit A.  Documents requested in Exhibit A shall be produced on the day prior to the Deposition.  The deposition will be conducted remotely and will be facilitated and administered by a certified Court Reporter.  The Court Reporter will administer the oath remotely pursuant to Federal Rule of Civil Procedure 28, and

1

will continue from day to day, excluding weekends and holidays, until the examination is completed.  The procedure for attending the remote deposition is set forth below.

1.      Participants need to have a computer, laptop, or mobile device equipped with a webcam and high-speed, reliable internet connection.

2.      In advance of the deposition, participants need to submit a valid email address to the selected Court Reporter to receive a download link for the remote deposition program.

3.      Immediately before the deposition, participants need to click the link and it will automatically open a secure meeting via the internet.

4.      Participants should be prepared to connect to audio via landline or mobile phone with clear reception in order to achieve the best quality.

PLEASE TAKE FURTHER NOTICE that the deposing party intends to cause the proceeding to be recorded by stenographic means.  If an interpreter is required, the undersigned must be notified in writing at least five (5) days prior to the deposition date of the language spoken by the deponent.

Dated: March 23, 2023                    /s/ *James Klobucar, Esq.*
                                         James Klobucar, Esq.
                                         GEARHART LAW LLC
                                         41 River Road, Suite 1A
                                         Summit, NJ  07901
                                         (908) 273-0700
                                         james@gearhartlaw.com

2

## <u>EXHIBIT A</u>

### TOPICS UPON WHICH TO BE EXAMINED

All matters including but not limited to the statements and comments contained in the "Declaration of Christina Maria Gadar" dated October 29, 2022 (hereinafter referred to as October 29, 2022 Declaration").

### DOCUMENTS REQUESTED

1. Deponent's complete file concerning photographs of, notes and/or documents concerning, or relating to Joseph Pilates**.**

2. Documents in Deponent's possession or control relating to her involvement with including certification by Romana Kryzanowska.

3. Any and all documents that Deponent reviewed and/or relied upon, in preparation of her October 29, 2022 Declaration.

4. Copies of all communications, in any format (including but not limited to emails, social media, and electronic communications) between Deponent and Sean Gallagher as well as Deponent and Richtone Design Group LLC.

5. Copies of all communications, in any format (including but not limited to emails, social media, and electronic communications) between Deponent and Instagram and/or Instagram's parent company Meta.

6. Copies of all communications, in any format (including but not limited to emails, social media, and electronic communications) between Deponent and FaceBook, and/or FaceBook's parent company Meta.

7. A recent copy of Deponent's Curriculum Vitae.

8. Copies of any and all correspondence, in any format (including but not limited to emails and electronic communications), to and from Deponent and Defendants or attorneys for Defendants.

9. Copies of all drafts concerning or relating to Deponent's October 29, 2022 Declaration.

10. Copies of any agreements and/or contract by and between Deponent and Defendants in this litigation or the attorneys for Defendants.

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March 2023, the foregoing document, Plaintiff's

Subpoena and Notice of Deposition directed to Christina Maria Gadar was served upon counsel

for Defendants via email at their email address(es) below:

Gordon E.R. Troy
Gordon E.R. Troy, P.C.
Email:  gtroy@webtm.com

Lawrence A. Stanley, Esq.
Email:  lstanley@webtm.com

Dated: March 23, 2023

*Anna Marie Strand*

Anna Marie Strand, Paralegal
GEARHART LAW LLC
41 River Road, Suite 1A
Summit, NJ  07901
(908) 273-0700
amarie@gearhartlaw.com

4

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York ▼

| | |
|---|---|
| Richtone Design Group, LLC | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Mary Sullivan Kelly, True Pilates Boston LLC | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.   7:22-cv-01606 (KMK)(AEK)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                           CHRISTINA MARIA GADAR

_____

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Matters identified in the Notice of Deposition (attached hereto)

| Place: | Gearhart Law, LLC<br>41 River Road<br>Summit, New Jersey 079901 | Date and Time:<br>**April 14, 2023 at 10:00 a.m.** (EST) |
|---|---|---|

The deposition will be recorded by this method:   VIRTUAL - stenographic, audio and/or audiovisual means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents identified in the Notice of Deposition under Requested Documents.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/23/2023
       _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ David Postolski, Esq.<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Richtone Design Group, LLC, Sean Gallagher                                   , who issues or requests this subpoena, are:
Gearhart Law, LLC, 41 River Road, Summit, New Jersey  07901

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 7:22-cv-01606 (KMK)(AEK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).