# GORDON E. R. TROY, PC
### Attorney at Law
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

March 24, 2023

David Postolski
James Klobucar
Gearhart Law, LLC
41 River Road
Innovation Plaza
Summit, NJ 07901
phone: 908.273.0700

**By Email Only**
david@gearhartlaw.com
james@gearhartlaw.com

      Re:     22cv1606 Richtone Design Group, L.L.C. v. Kelly et al

Dear David and James:

Yesterday, March 23, 2022, your paralegal sent us deposition notices for third-party witnesses Heather Erdmann, Hila Paldi, Victoria Batha, and Christina Gadar. This is the third time you have sent us deposition notices (the others being for IC "Chuck" Rapoport and Mary Kelly and True Pilates Boston LLC 30(b)(6)) without extending even the minimum courtesy of reaching out to us to confirm my availability or that of any of the witnesses. Moreover, you unreasonably designated each of the third-party witness depositions on their own day, which is far in excess of any reasonable time needed to depose these witnesses.

Please be advised that I will be representing each of the third-party witnesses, including Mr. Rapoport, in their depositions.

As we advised you in our letter of March 22, the Declarations of Erdmann, Paldi, Batha, and Gadar, copies of which were produced to you in discovery on March 9, 2023, were prepared by our office, primarily as evidence of a pattern of conduct by Richtone and Gallagher of vindictively filing takedown notices and shutting down people's social media accounts irrespective of whether your clients have a valid copyright claim. (Several other purposes, which are self-evident, are discussed below.)

By way of example of your clients' vindictive conduct, your clients filed a DMCA takedown notice against a post by Ms. Gadar that merely showed the covers of three books (with the comment "A few of my prized Pilates possessions: books from Romana, Joe, and Carola"), apparently because one of those books – a compilation of images and text – was co-edited by Gallagher and Romana Kryzanowska. Subsequently, Ms. Gadar posted an image from an advertisement for "The Universal Reformer," regarding which your clients possess no evidence whatsoever that the advertisement was "unpublished" during Mr. Pilates' lifetime, and therefore not in the public domain. Later, your clients engaged in baseless threats against Ms. Gadar regarding the "Around the Clock" image, the original of which was published with a copyright date of 1943. And in a separate action, your clients filed a



https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation

takedown notice when Ms. Batha posted that original (with the 1943 copyright notice), resulting in the deletion of Ms. Batha's Instagram account. Your client then threatened Ms. Gadar regarding some background photographs in a snapshot of Ms. Gadar and another instructor, the contents of which photographs were not discernable. (It was not a great surprise to us, given your client's general conduct, that you chose to serve Ms. Gadar personally with her deposition subpoena before we could have had a chance to respond to your email asking whether we would accept service.) The foregoing actions by your clients are consistent with their mistreatment of Ms. Kelly, against whom they wrongfully and knowingly filed takedown notices of, among other things, a photograph by John Lindquist – the copyright to which is held by Harvard University, and a photograph by Herbert Flatow, to which your client also does not own the copyright.

Against Hila Paldi, your client filed takedown notices for Christmas cards, copyrights to which your clients nonsensically claim are theirs on the sheer speculation that, although Gallagher never received copies of them from Healite/Wee Tai Hom, he nevertheless acquired the copyrights because each card was "<u>apparently</u> one of the annual cards which Joe Pilates sent to clients of his business and was prepared for that business purpose." See, Dkt. ≠ 36-1 (emphasis added). It is beyond dispute that neither these cards nor any other photographs or graphic images whose copyrights are alleged by your client to have been transferred to him, were ever mentioned or even alluded to in any contract in your clients' alleged chain-of-title.

In addition to the foregoing, Ms. Erdmann's Declaration serves the additional purpose of documenting (a) the letter she received on November 16, 2021, from Charles Knull, writing on behalf of your clients, warning her that she had better not post any photos of Joseph Pilates because "one cannot be certain" that any work other than the *Return to Life* photographs "is in the public domain and runs the risk of infringing by copying"; (b) Gallagher's attempt to intimidate the New York Public Library into prohibiting  library users from copying images in its collection; and (c) Gallagher's false claim to own the copyright in the brochure entitled *Return to Life through Contrology* on the basis of his unsupported claim that it was never published (among other reasons).

Lastly, the Declaration of IC Rapoport responds to two of Gallagher's more outlandish speculations - first, that Clara Pilates is shown in the background of one of Mr. Rapoport's photos, using his camera, and second, that most of the photographs in Gallagher's collection that depict Joseph Pilates on various apparatus and engaged in exercise, were taken by Joseph and/or Clara Pilates, based on the "information and belief" (i.e., wishful thinking) that

> Joseph Pilates was commonly known to be an expert photographer who constantly took photographs to document or film his method and knew how to set the timers by which photographers could make what are known as "selfies" in current times. Clara Pilates learned from her husband. Therefore, most of the identifications being offered below of individual photographs are based on probability and many could have been initiated via timers.

See, Plaintiff's answer to Defendants' Interrogatory No. 5.

Mr. Rapoport, an accomplished (and world-famous) documentary photographer and screenwriter/producer for Law & Order, among other works, who spent an entire day with Joseph Pilates, photographing and speaking with him, is the only person alive who can attest to the fact that



(a) Clara Pilates did not take a photograph of him (with Joseph Pilates) using his camera; (b) Joseph Pilates bragged about many things to him, but photography was not among them; and (c) Joseph Pilates showed no interest in his professional camera equipment.

The above highlights of the Third-Party Declarations are a preface to our objections.

I.       **Objections as to dates.**

On behalf of the witnesses and myself, objection is hereby made as to all dates set, save for that of Mr. Rapoport, which date will be confirmed if the parties are able to agree as to the lines of questioning and production of documents, which issues are addressed below. Also subject to the foregoing, (a) Christina Gadar can be available on April 14, but only beginning at 2:00 pm; (b) Victoria Batha can be available on Tuesday, April 12th or Friday April 15th, but only at 2 pm; (c) Heather Erdmann can be available on Tuesday afternoon, April 18 and Tuesdays thereafter, but only after 2pm CDT; and (d) Hila Paldi can be available on Friday April 14  at either 10 am or 1 pm, but not both. She is also available on Monday, April 17 at 10 am.

Each of Gadar, Batha, and Erdmann have indicated that they are not available on any morning due to their work schedules, and it is simply unreasonable to expect each of them to lose precious income in order to satisfy your schedule. They are all self-employed, have no paid days off, and have no other source of income.

II.      **Objections as to Scope of Questioning**.

The "Topics Upon Which To Be Examined" for each of the third-party witnesses states "All matters." Without identifying any specific lines of questioning other than "including but not limited to the statements and comments contained in" the Declarations, the Notices of Deposition propose nothing more than a fishing expedition, as well as an opportunity to harass the witnesses in search of something to use against them – witnesses against whom your clients have well-documented and long-standing animus. This will be discussed further below in our objections regarding the "Documents Requested." Simply put, by submitting Declarations in this action, the third-party witnesses did not submit themselves to being questioned about "all matters."

Consequently, we object – and unless the Court determines otherwise, we will instruct the witnesses not to answer – to all questions regarding and/or related to (1) the Pilates Transparency Project ("PTP"), (2) the GoFundMe ("GFM"), (3) any communications between and among any of the third-party witnesses and/or anyone associated or who contributed to the PTP or GFM, (4) any communications between any of the witnesses and Mary Kelly, myself, or my paralegal, and (5) whether or not we were ever retained by any of the witnesses for any purpose.

As set forth above and in our letter to you dated March 22, 2023, we view all of these lines of questioning as beyond the scope of Fed. R. Civ. Pro 26(b)(1) because they:

A.       Are not proportional to the needs of the case considering the importance of the issues at stake, and especially the importance of these lines of questioning to resolving the issues in this case;



B.      Constitute harassment, an attempt to intimidate, and a fishing expedition, given that neither Richtone nor Gallagher have anything more than suspicion, speculation, or hope as to the contents of any of these communications, and cannot justify a need for their disclosure;

C.      Run afoul of the work-product privilege;

D.      Invade the privacy rights of the third-party witnesses; and

E.      Violate the Court's determination that the PTP and GFM are not proper topics for discovery.

III.    **Objections to Documents Requested of Third-Party Witnesses.**

On behalf of all third-party witnesses and, as to the work-product privilege, on behalf of Defendants, the following objections are hereby made to the "Documents Requested." (Capital letters "A" through "E" refer to the objections set forth in Section II above.)

Except as set forth below, I have advised the witnesses not to produce any of the "Documents Requested" unless and until the Court orders otherwise. Indicated in parentheses following each request are the initials of the witness (Heather Erdmann (HE), Hila Paldi (HP), Victoria Batha (VB), Christina Gadar (CG), and Chuck Rapoport (CR)) and the request number for such witness.

"<u>Deponent's complete file concerning photographs of, notes and/or documents concerning, or relating to Joseph Pilates.</u>" (HE-1, HP-1, VB-1, CG-1, CR-1)

*Objections with respect to HE, HP, VB, CG*: **A**, **B**, **D**, **E**. In addition, it should be obvious that, for seasoned Pilates instructors, everything they do in their professional lives "relates to" Joseph Pilates.

*Objections with respect to CR*: **A**, **B**. Screenshots of Mr. Rapoport's images of Joseph Pilates, all of which are on his website at <u>www.icrapoport.com</u>, will be produced, despite them being readily available to your clients.

"<u>Any and all documents that Deponent reviewed and/or relied upon, in preparation of her [DATE] Declaration.</u>" (HE-2, HP-3, VB-3, CG-3)

All documents were produced in discovery and/or as Exhibits in or to the Declarations.

"<u>Copies of all communications with New York Public Library relating to Joseph Pilates, and/or Pilates equipment including but not limited to Wunda Chair.</u>" (HE-3)

Already produced in discovery and as an Exhibit to her Declaration.

"<u>Copies of all communications between Deponent and Sean Gallagher as well as Deponent and Richtone Design Group LLC.</u>" (HE-4, HP-4, VB-4) "<u>Copies of all communications, in any format</u>



(including but not limited to emails, social media, and electronic communications) between Deponent and Sean Gallagher as well as Deponent and Richtone Design Group LLC." (CG-4)

*Objection*: Already produced insofar as the witnesses possess such communications.  However, such information "can be obtained from some other source that is more convenient, less burdensome, or less expensive" (Fed. R. Civ. P. 26(b)(2)(C)(i)) – i.e., from your clients, from whom this information was requested long ago in discovery and who have thus far failed to comply.

"Copies of all communications between Deponent and Instagram and/or Instagram's parent company Meta." (HE-5) "Copies of all communications, in any format (including but not limited to emails, social media, and electronic communications) between Deponent and Instagram and/or Instagram's parent company Meta." (CG-5)

All communications were already produced in discovery or in the Declarations. If any Instagram posts exist, they are publicly available and can be obtained and produced by your clients without burdening the third-party witness. Obviously, given your clients' harassment of Christina Gadar, they are aware of her Instagram account.

"A recent copy of Deponent's Curriculum Vitae." (HE-6, HP-7, VB-11, CG-7, CR-3)

None of the third-party witnesses have a curriculum vitae. Information regarding CR may be obtained on his website.

"Copies of any and all correspondence, in any format (including emails and electronic communications), to and from Deponent and Defendants or attorneys for Defendants." (HE-7, HP-8, CG-8) "Copies of any and all correspondence, in any format (including emails and electronic communications), to and from Deponent and Defendants, including Mary Kelly, or attorneys for Defendants." (VB-12)

*Objections*: A, B, C, D, E. In addition, the request is unduly burdensome. Attorneys for Defendants have identified no less than 600 email communications and likely well-in-excess of 800 email communications falling within the scope of this Request. With respect to electronic communications, there are countless messages that fall into this category.

"Copies of all drafts concerning or relating to Deponent's [DATE] Declaration." (HE-8, HP-9, VB-13, CG-9)

*Objection*: C. Drafts of the Declarations would tend to reveal strategy and thoughts of Defendants' counsel.

"Copies of any agreements and/or contract by and between Deponent and Defendants in this litigation or the attorneys for Defendants." (HE-9, HP-10, VB-14, CG-10)

There are no agreements or contracts pertaining to any claim, defense or other matter in this litigation.



"Documents in Deponent's possession or control relating to her involvement with including [sic] certification by [Pilates Studio/Romana Kryzanowska)." (HP-2/CG-2)

If documents are located, they will be produced.

"Copies of all communications between Deponent and Instagram and/or Instagram's parent company Meta." (HP-5).

There are no such communications.

"Copies of all communications between Deponent and Facebook." (HP-6)

All available communications were produced in discovery and/or included in the Declaration.

"Documents in Deponent's possession or control relating to her interaction with, and/or involvement with Romana Kryzanowska." (VB-2)

There are no such documents.

"Copies of all communications or documents regarding copyrights relating to Joseph Pilates and/or Pilates Studio." (VB-5)

*Objections*: A, B, D, E. Any communications on VB's Instagram account and comments by VB on the PTP Instagram account are publicly available and can be obtained and produced by your clients without burdening the third-party witness.

"Copies of all communications between Deponent and Instagram and/or Instagram's parent company Meta, including but not limited to Instagram posts relating to copyrights, and Mary Kelly's legal defense, and GoFundMe site." (VB-6)

*Objections*: Any communications between Deponent and Instagram/Meta were already produced and/or included in the Declaration. All Instagram posts are publicly available and can be obtained and produced by your clients without burdening the third-party witness.

"Copies of any and all communications, in any format (including emails and electronic communications) and documents to and/or from Deponent and Ken Endelman." (VB-7)

*Objections*: A, B, D, E.

"Copies of any and all communications, in any format (including emails and electronic communications) to and/or from Deponent and Heather Erdmann." (VB-8)

*Objections*: A, B, D, E.



"Copies of any and all communications, in any format (including emails and electronic communications) to and/or from Deponent and Hila Paldi." (VB-9)

     *Objections*: **A**, **B**, **D**, **E**.

"Copies of all communications between Deponent and Facebook, and/or Facebook's parent company Meta, including but not limited to posts made to Facebook regarding pilates, Joseph Pilates, Sean Gallagher, and/or Richtone Design Group." (VB-10)

     *Objections*: **A**, **B**, **D**, **E**. Any existing communications between Deponent and Facebook/Meta were already produced and/or included in the Declaration. If any Facebook posts exist, they are publicly available and can be obtained and produced by your clients without burdening the third-party witness.

"Copies of all communications, in any format (including but not limited to emails, social media, and electronic communications) between Deponent and Facebook, and/or Facebook's parent company Meta." (CG-6)

     Objections: **A**, **B**, **E**. Any available communications were produced in discovery and/or included in the Declaration. If any Facebook posts exist, they are publicly available and can be obtained and produced by your clients without burdening the third-party witness.

IV.     **Objections to Mary Kelly and 30(b)(6) Notices of Deposition with Subpoenas.**

With respect to lines of questioning of Mary Kelly, who is also the 30(b)(6) witness, and will appear for a single deposition on a single day, she will not answer any questions regarding PTP, GFM, or her communications with any of the Third-Party Witnesses or anyone else associated with the PTP or GFM.

Other than the deposition of Mr. Rapoport, none of the depositions of the third-party witnesses will go forward until the above issues have been resolved. We are available for a meet-and-confer. However, your failure to respond to my letters of March 17 (regarding your clients' continued refusal to properly respond to Defendants' discovery requests) and March 22 (regarding the issues raised by your "supplemental" discovery requests) clearly indicates to me that you do not desire to resolve these issues without Court intervention. Accordingly, unless I hear from you by noon on March 27, we will bring these matters to the attention of the Court.

Sincerely,

By: _____
     Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com

