# GORDON E. R. TROY, PC
### Attorney at Law
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

March 17, 2023

David Postolski
James Klobucar
Gearhart Law, LLC
41 River Road
Innovation Plaza
Summit, NJ 07901
phone: 908.273.0700
fax: 908.273.0711

**By Email Only**
david@gearhartlaw.com
james@gearhartlaw.com

      Re:     22cv1606 Richtone Design Group, L.L.C. v. Kelly et al

Dear David and James:

I am writing to you regarding the responses of Plaintiff/Third-Party Defendant Gallagher to their responses to Requests for Admission Nos. 88 through 115, Interrogatories 13 through 17, and Restated Interrogatories 3, 4, 6, 7, 9, and 10. We have yet to receive your clients' "redo" of their deficient responses to Requests for Admission Nos. 1 through 87.

Restated Interrogatories 3, 4, 6, 7, and 9 were the subject of the hearing before Magistrate Judge Krause on December 6, 2022. They were discussed in my letter of October 4, 2022, to Charles Knull (ECF 21-9) and my letter of October 12, 2022, to Magistrate Krause (ECF 21), and were referred to in my letter to Magistrate Krause of December 1, setting the agenda for the December 6, 2022, hearing. The basis for those interrogatories is clearly stated in those documents and we are entitled to answers, not more obfuscation by your client. At the hearing, the question of whether your client would answer these Interrogatories, as restated, was <u>resolved</u>. Instead, after the Court has granted ample time to answer, your clients' refusal or failure to do so, citing frivolous and boilerplate grounds, many of them the same as those offered the first time around. The refusals and failures to answer are as follows:

|                   |                           |
|-------------------|---------------------------|
| Interrogatory 3   | Refused to answer;        |
| Interrogatory 4   | Failed to provide answer; |
| Interrogatory 6   | Refused to answer;        |
| Interrogatory 7   | Refused to answer;        |
| Interrogatory 9   | Failed to provide answer; |
| Interrogatory 10  | Failed to provide answer. |

If you have any questions, please confer with Mr. Salta, who is still counsel of record and attended the



https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation

# Gordon E. R. Troy, PC
### Page 2

hearing.

At the December 6, 2022, hearing, the parties also discussed, at great length, the deficiencies in your clients' responses to the First Set of Requests for Admission. During the conference, Magistrate Judge Krause made clear to Mr. Salta that your clients were to "Admit" or "Deny," and not reserve their answers with objections. This applies both to the current denials (Requests for Admission 93, 94, 95, 96, 98, 99, 100, 101, and 113) and admissions (Requests for Admission 89, 97, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 114, and 115), all of which were reserved by citation of boilerplate, nonsense, and frivolous objections. All such objections should be removed from the responses.[1]

Your clients have also refused to provide admissions or denials for Requests for Admission 88, 90, 91, and 92 based on a supposed lack of information. These responses violate FRCP 36 in several ways. First, FRCP 36(a)(4) states that:

> The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Your clients' failure to include the required representation is a plain violation of the Rule. See, FRCP 36(a)(4) and *Seah v. Sieunarine*, Case No. 21-cv-00673, 2022 WL 2305554, *5 (D. Conn. June 27, 2022). Second, merely asserting that they lack information does not satisfy the Rule's requirement that the party claiming lack of information state "in careful detail why it cannot truthfully be admitted or denied." *Id.* See also, *U.S. Bank Nat'l Ass'n v. Triaxx Asset Management, LLC*, Case No. 18-cv-4044, 2020 WL 9549505 *7 (S.D.N.Y., Nov. 30, 2020). Moreover, as this Court observed in a case rebuffing a party's attempt to be relieved from making a reasonable inquiry,

> The mere assertion in a letter that the answering party lacks information is not grounds for a protective order relieving the answering party from even making that reasonable inquiry. <u>Tellingly, Defendant here fails even to assert how information about the assets it acquired pursuant to an agreement are outside of its knowledge or information</u>.

*Rubenstein v. Music Sales Corp.*, Case No. 19-cv-11187, 2021 WL 3374539 *4 (S.D.N.Y. August 3, 2021) (Emphasis added.) Obviously, your clients will have also have to explain why they are unable to admit or deny these Requests for Admission regarding materials that they allegedly acquired in an asset purchase, and of which they have been in alleged possession for over 30 years.

Finally, I refer to your email to my office at 4:50 pm today. I disagree about my firm's role in this litigation. Romeo Salta is still attorney of record and was served with and has all the relevant documents. It is really not up to me or my paralegals to advise you of your obligations. Please confer with Mr. Salta, particularly regarding his appearance at the December 6 hearing before

---

[1] Your document, "Plaintiff's Second Set of Responses to Defendant's Requests for Admission" is also mistitled. These are your clients' responses to "Defendants' Second Set of Requests for Admission (88-115)." As I am sure you noticed, the titles of our discovery requests are numbered to avoid confusion.



https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation

Magistrate Judge Krause. We have no objection to extending your clients' time to respond. Please advise when answers to the "First Set of Requests for Admission–redo" will be served.

Kind regards,

By: _____

      Gordon E. R. Troy, Esq.

Direct Email: gtroy@webtm.com

