**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHTONE DESIGN GROUP, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Mary Sullivan KELLY and TRUE PILATES ) | |
| BOSTON LLC ) | |
| ) | |
| Defendants/Counter-Plaintiffs/ ) | Case No. 22-cv-1606-KMK |
| Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| RICHTONE DESIGN GROUP, LLC ) | |
| and Sean GALLAGHER ) | |
| ) | |
| Counter-Defendant and ) | |
| Third-Party Defendant ) | |
| ) | |
| _____) | |

**PLAINTIFF'S THIRD SET OF RESPONSES TO**
**DEFENDANT'S INTERROGATORIES**

Plaintiff in this case, providing Responses to Defendant's Interrogatories, answers to the best of its knowledge and belief and reserve the right to supplement the subject Responses at a later time, if and when more information becomes available.

**INTERROGATORIES**

**Interrogatory No. 13.** To the extent that your response to RFA No. 55 is other than an unqualified admission, state the name of the person that you know on or before December 9, 1992, who took the images reproduced in the Deposit Copy at RICHTONE 00991 through RICHTONE001152.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges.

**Interrogatory No. 14.** To the extent that your response to RFA No. 57 is other than an unqualified admission, identify those images in the Deposit Copy at RICHTONE 00991 through RICHTONE 001152 that you believed as of December 9, 1992, were taken by Joseph Pilates, and state the basis for your belief at that time.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, upon information and belief Plaintiff states that either Joseph or Clara Pilates took all the above stated photos.

**Interrogatory No. 15.** To the extent that your response to RFA No. 58 is other than an unqualified admission, identify those images in the Deposit Copy at RICHTONE 00991 through RICHTONE 001152 that you believed as of December 9, 1992, were taken by Clara Pilates, and state the basis for your belief at that time.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, upon information and belief Plaintiff states that either Joseph or Clara Pilates took all the above stated photos.

**Interrogatory No. 16.** To the extent that your response to RFA No. 58 is other than an unqualified admission, identify those images in the Deposit Copy at RICHTONE 00991 through RICHTONE 001152 that you believed as of December 9, 1992, were authored by Sean Gallagher, and state the basis for your belief at that time.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges.

**Interrogatory No. 17.** To the extent that your response to RFA No. 78 is other than an unqualified admission, describe in detail each of your conversations with Hom about copyrights in the photographs, negatives, and films that he gave you, and identify each person who was present during such conversations.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges.

**RESTATED INTERROGATORIES**

**Interrogatory No. 3**. Identify all images in the Book that Hom did not give you, stating the date on which you received such images, the person from whom you received them, and the consideration, if any, that you paid to or gave such person.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges.

**Interrogatory No. 4**. For each image reproduced in the Deposit Copy at RICHTONE 00998 through RICHTONE 001152, identify the photographer who took such image.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them,

**Interrogatory No. 6**. Identify, by indicating the page number and position on the page, each image in the Book for which you possess the original negative.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges.

**Interrogatory No. 7**. Identify, by indicating the Bates number and position on the page, each image in the Deposit Copy, at RICHTONE 00998 through RICHTONE 001152, for which you possess the original negative.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges.

**Interrogatory No. 9**. Identify each image in the Book (a) that was published prior to 1992, and/or (b) to which you do not claim copyright, and specify (a) or (b), as applicable, for each.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them,

**Interrogatory No. 10**. Identify each image reproduced in the Deposit Copy at RICHTONE 00998 through RICHTONE 001152, (a) that was published prior to 1992, and/or (b) to which you do not claim copyright, and specify (a) or (b), as applicable, for each.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them,

AS TO OBJECTIONS ONLY:

Dated: March 16, 2023

                                              For Defendant:

                                              /s/   /David Postolski/

                                              David D. Postolski
                                              Gearhart Law LLC
                              41 River Road, Summit, NJ 07901

                                              david@gearhartlaw.com

                                              Attorneys for Defendant

AS TO RESPONSES:

I, Sean Gallagher, have reviewed the answers set forth above and state that they are true and correct to the best of my knowledge and belief.

Dated: March 16, 2023

By: *Sean P. Gallagher, PT*

Name: Sean P. Gallagher

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2023, I have caused the foregoing document to be served upon counsel for Opposer as identified below via email at their email addresses below:

/s/ Gordon E. R. Troy, Esq.
Gordon E. R. Troy, PC
P.O. Box 67
Windsor, VT 05089
(802) 881-0640
**gtroy@webtm.com**
*Attorneys for Defendants/Counter- Plaintiffs/Third-Party Plaintiffs Mary Kelly and True Pilates Boston, LLC*


/s/    /David Postolski/

David D. Postolski
Gearhart Law LLC
41 River Road, Summit, NJ 07901

david@gearhartlaw.com

Attorneys for Defendant