# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RICHTONE DESIGN GROUP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mary Sullivan KELLY and TRUE PILATES | ) | |
| BOSTON LLC | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs/ | ) | Case No. 22-cv-1606-KMK |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHTONE DESIGN GROUP, LLC | ) | |
| and Sean GALLAGHER | ) | |
| | ) | |
| Counter-Defendant and | ) | |
| Third-Party Defendant | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S SECOND SET OF RESPONSES TO
## DEFENDANT'S REQUESTS FOR ADMISSION

Plaintiff in this case, providing Responses to Defendant's Requests for Admission, answers to the best of its knowledge and belief and reserve the right to supplement the subject Responses at a later time, if and when more information becomes available

**Requests for Admission**

**Request for Admission No. 88.** Admit that George Hoyningen-Huene was the person who photographed the woman featured in the image shown below.



**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, upon information and belief Plaintiff denies this request based on a lack of sufficient information to form a belief, and reserves the right to supplement or amend this answer.

**Request for Admission No. 89.** Admit that you do not possess photographic negatives of the woman featured in the images around the clock, shown above in Request No. 88.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 90.** Admit that you do not possess photographic negatives of the images reproduced in the Deposit Copy, Richtone 001050 through 001055.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, upon information and belief Plaintiff denies this request based on a lack of sufficient information to form a belief, and reserves the right to supplement or amend this answer.

**Request for Admission No. 91.** Admit that you do not possess photographic negatives of the images reproduced in the Deposit Copy, Richtone 001067 through 001069.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, upon information and belief Plaintiff denies this request based on a lack of sufficient information to form a belief, and reserves the right to supplement or amend this answer.

**Request for Admission No. 92.** Admit that you do not possess photographic negatives of the images reproduced in the Deposit Copy, Richtone 00170 through 00174.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for

Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, upon information and belief Plaintiff denies this request based on a lack of sufficient information to form a belief, and reserves the right to supplement or amend this answer.

**Request for Admission No. 93.** Admit that you do not possess the photographic negative of the image that appears on the righthand side of Richtone000887 (p. 13 of the Book), which photograph is captioned by you, "Joe poses at his first summer home on the Hudson."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 94.** Admit that you do not possess the photographic negative of the image that appears on the righthand side of Richtone000890 (p19 of the Book), which photograph is captioned by you, "Joe posing in the winter at his place on the Hudson. Joe wanted to show that he would stay healthy even dressed like this in the winter due to the practice of his method."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 95.** Admit that you do not possess the photographic negatives of the images that appear on the lefthand side of Richtone000892 (p. 22 of the Book), which photographs are captioned by you, "The Bench Mat. As the mat work developed, so did the apparatus. It also doubled as a sofa or bench."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 96.** Admit that you do not possess the photographic negative of the image that appears on the righthand side of Richtone000895 (p. 29 of the Book), which photograph is captioned by you, "Joe poses at his house in Becket, Massachusetts."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope,

impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 97.** Admit that you do not possess the photographic negatives of the images that appear on the lefthand side of Richtone000897 (p. 32 of the Book), which photographs are captioned by you, "Joe loved to show off his vitality and good health."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 98.** Admit that you do not possess the photographic negatives of the images that appear on the lefthand side of Richtone000900 (p. 38 of the Book), which photographs are captioned by you, "This was one of the wall charts in Joe's studio for people to follow while working out."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 99.** Admit that you do not possess the photographic negatives of the images that appear on the lefthand side of Richtone000901 (p. 40 of the Book), which photographs are captioned by you, "The Ladder BarrelTM was used to help keep the spine straong and flexible." (Typo in the original.)

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 100.** Admit that you do not possess the photographic negatives of the images that appear on the righthand side of Richtone000901 (p. 41 of the Book), which photographs are captioned by you, "Joe demonstrating the art of head wrestling."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope,

impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 101.** Admit that you do not possess the photographic negative of the image that appears on the righthand side of Richtone000908 (p. 55 of the Book), which is captioned "Right: Joe using the Wunda ChairTM in his 80's in Martha's Vineyard. It was the original portable home gym."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 102.** Admit that you do not own the copyrights in the photographic images contained in the article reproduced on the righthand side of Richtone000909 (p. 57 of the Book).

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 103.** Admit that you do not own the copyrights in the photographic images contained in the article reproduced on Richtone000944 (pp. 126-127 of the Book).

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 104.** Admit that you do not own the copyrights in the text contained in the article reproduced on the righthand side of Richtone000909 (p. 57 of the Book).

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and

work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 105.** Admit that you do not own the copyrights in the text contained in the article reproduced on Richtone000944 (pp. 126-127 of the Book).

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 106.** Admit that you did not seek permission from any person to reproduce the article containing text and photographic images that appear on the righthand side of Richtone000909 (p. 57 of the Book).

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 107.** Admit that you did not seek permission from any person to reproduce the article containing text and photographic images that appear on Richtone000944 (pp. 126-127 of the Book).

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 108.** Admit that you did not receive permission to reproduce the article containing text and photographic images that appear on the righthand side of Richtone000909 (p. 57 of the Book).

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 109.** Admit that you did not receive permission to reproduce the article containing text and photographic images that appear on Richtone000944 (pp. 126-127 of the Book).

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 110.** Admit that John Lindquist was the person who took the photographic image that appears on the lefthand side of Richtone 000965 (p. 168 of the Book), captioned "In this picture you see the Magic SquareTM for the head and legs, the Tens-o-meterTM for the fingers, the Magic Circle, as well as the posture and poise apparatus for the head.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 111.** Admit that you did not seek permission from any person to publish the photographic image referred to in Request for Admission No. 110.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 112.** Admit that you did not receive permission from any person to publish the photographic image referred to in Request for Admission No. 110.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 113.** Admit that Herbert Flatow was the photographer who photographed the image reproduced on the righthand side of Richtone 000942 (p. 123 of the Book),

captioned "Joe demonstrating to modern dance teacher, Matt Maddox, the use of the breath wheel for proper use of the diaphragm, proper breathing and for people with asthma."

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff denies this request.

**Request for Admission No. 114.** Admit that you did not seek permission from any person to publish the photographic image referred to in Request for Admission No. 113.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

**Request for Admission No. 115.** Admit that you did not receive permission from any person to publish the photographic image referred to in Request for Admission No. 113.

**RESPONSE:** Plaintiff objects to this Request for Admission as overbroad, not reasonably calculated to lead to the discovery of relevant, admissible evidence, not properly limited in scope, impermissibly compound, vague, ambiguous, unintelligible. Plaintiff objects to this Request for Admission to the extent it seeks information protected from disclosure by the attorney-client and work-product privileges. Subject to the foregoing objections, and without waiving them, Plaintiff admits this request.

Dated: March 16, 2023

For Defendant:

/s/   /David Postolski/

David D. Postolski
Gearhart Law LLC
41 River Road, Summit, NJ 07901

david@gearhartlaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2023, I have caused the foregoing document to be served upon counsel for Opposer as identified below via email at their email addresses below:

/s/ Gordon E. R. Troy, Esq.
Gordon E. R. Troy, PC
P.O. Box 67
Windsor, VT 05089
(802) 881-0640
**gtroy@webtm.com**
*Attorneys for Defendants/Counter- Plaintiffs/Third-Party Plaintiffs Mary Kelly and True Pilates Boston, LLC*

/s/   /David Postolski/

David D. Postolski
Gearhart Law LLC
41 River Road, Summit, NJ 07901

david@gearhartlaw.com

Attorneys for Defendant