# GORDON E. R. TROY, PC
Attorney at Law
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

To: The Hon. Andrew E. Krause, Magistrate Judge

Re: <u>22cv1606 Richtone Design Group, LLC v. Kelly et al</u>　　　Date: April 20, 2023

Dear Judge Krause:

　　This letter is in response to your Honor's request for Defendants' position regarding production in discovery of emails between my office and witnesses Gadar, Erdmann, Batha, and Paldi. We have reviewed the emails with each of the witnesses and copied approximately 85 that were specifically sent/received in the course of preparing the Declarations. In those emails, there is little discussion of anything other than ascertaining the relevant facts for each Declaration. The remaining emails, of which there are many hundreds, consist of fundraising issues and substantive discussions about the case, including counsel's legal opinions and theories about the case. Through these communications, Defendants' counsel was able to learn information that was useful not only in preparing the Declarations, but also in making discovery requests and formulating the defense to Plaintiff's claims, and the prosecution of Defendants' counterclaims.

　　We contend that none of the above is discoverable. In *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947), the Supreme Court found that defense counsel was not required to produce signed witness statements and memoranda of witness interviews absent a showing by the plaintiff of necessity, undue prejudice, hardship, or injustice. Id., 329 U.S. at 509, 67 S.Ct. at 392. Moreover, the Court made clear that the "work product" doctrine – a qualified privilege – afforded much broader protection than "attorney-client privilege":

> it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed…as the 'Work product of the lawyer.'

*Id.*, 329 U.S. @ 510–11, 67 S. Ct. @ 393–94. See also, *U.S. v. Nobles*, 422 U.S. 225, 238, fn. 11, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975) (extending the work product doctrine to material prepared



by investigators for the lawyer), and *Upjohn Company v. U.S.*, 449 U.S. 383, 400, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981) (emphasizing the importance of protecting notes and memos of witnesses' oral statements from disclosure).

All of the emails described above were sent and received in furtherance of this litigation. The fact that the witnesses are third-parties does not serve as a waiver of "work product" protection. See, *Howard University v. Borders*, Case No. 20-cv-4716, 2020 WL 7774347 *2 (S.D.N.Y. Dec. 30, 2020) (email communications with third parties to help develop information and prepare arguments for litigation were protected as work product; protection not waived by "disclosure simply to another person who has an interest in the information but who is not reasonably viewed as a conduit to a potential adversary," citing *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 1990 WL 108342, at *4 (S.D.N.Y. July 20, 1990). See also, *Hedgeserv Limited v. SunGard Systems International Inc.*, 16-CV-05617, 2018 WL 6538197 *2 (S.D.N.Y. Nov. 20, 2018) (disclosure to third-party witnesses of case strategies and mental impressions does not waive work-product protection where the witnesses share a common interest with the disclosing party); and *Alexander Interactive, Inc. v. Adorama*, 12 Civ. 6608, 2014 WL 12776440 *11 (E.D.N.Y. June 17, 2014).

Work product may be discovered if

> the party shows that it has substantial need for the materials … and cannot, without undue hardship, obtain their substantial equivalent by other means… This burden is difficult to meet and is satisfied in rare situations, such as those involving witness unavailability.

[Internal citations omitted.] *Prince v. Kato*, Case No. 18 C 2952, 2020 WL 7698373 *8 (N.D. Ill., Dec. 28, 2020).

Plaintiff has not shown necessity, undue prejudice, hardship, or injustice. In the meet-and-confer on March 31, Plaintiff's counsel attempted to justify discovery of these and other emails based on Plaintiff's unfounded suspicion that there was a "thumb on the scale" that prevented Defendants from settling the case. During the hearing before your Honor, Plaintiff's counsel took a different tack, claiming that such correspondence was relevant to defending Defendants' Third Counterclaim. Under either theory, Plaintiff can obtain the same information from publicly available sources (e.g., the PTP's GoFundMe page, in the 179 posts on the PTP Instagram page



(with over a thousand comments), on multiple Instagram accounts owned by each of Gadar, Erdmann, Batha, and Paldi), as well as in depositions, especially that of Defendants, who brought the Third Counterclaim.

Based on the foregoing, Defendants urge the Court to find that all emails under consideration here be deemed "work product" and not subject to discovery.

Respectfully submitted,

By: _____
      Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com

