


GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, and USPTO

April 25, 2023

***VIA ECF***

The Hon. Andrew E. Krause
United States District Court
Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

***RE:*** ***Richtone Design Group, LLC v. Kelly et al., Case No. 7:22-cv-1606-KMK-AEK***

Dear Magistrate Judge Krause:

Pursuant to Your Honor's April 21, 2023 order (ECF No. 70), Plaintiff/Third Party Defendant submits this letter in response to Defendants' letter of April 20, 2023 (ECF No. 69).

Defendants, in their letter, make the general statement, with no evidentiary support, that through hundreds upon hundreds of electronic communications with *non-parties* to the present case, Counsel for Defendant was able to allegedly not only "learn information that was useful…in preparing the Declarations" but also "in making discovery requests and formulating the defense to Plaintiff's claims, and the prosecution of Defendants' counterclaims." By Counsel for Defendants' own admission, the electronic communications with the non-party witnesses are relevant and discoverable under Fed. R. Civ. P. 26 and 45 to the present proceedings. However, Defendants' unsupported allegations that none of such electronic communications are discoverable are misguided and an attempt to claim privileges that cannot and do not exist. Consequently, the Defendants' must produce the documents properly sought by Plaintiff and to which Plaintiff is entitled.

## I. Attorney-Client Privilege

In the Second Circuit, "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." The privilege, however, attaches only if "the predominant purpose of the communication is to render or solicit legal advice." *Tower 570 Co. v. Affiliated FM Ins. Co.*, 20-CV-0799 (JMF) (S.D.N.Y. Apr. 1, 2021). It is without dispute that when the content of an attorney-client communication is disclosed to other parties, the communication is no longer privileged. *National Day Laborer Organizing Network v. Ice*, 10 Civ. 3488 (SAS) (S.D.N.Y. July 11,

2011). Thus, any communication(s) that may be subject to the attorney-client privilege which were separately the subject of communications with the non-party witnesses (or other third parties) cannot be privileged, whether divulged by Defendant(s) directly or Counsel for Defendants. Certainly, the Defendants' admission in its letter that its own counsel discussed "counsel's legal opinions and theories" about the case with the non-party witnesses would waive any attorney-client privilege regarding those legal opinions and theories. As will also be addressed further below, Counsel for Defendant has failed to produce a timely privilege log, let alone *any* privilege log, in this proceeding which further waives a later claim of privilege to said communications.

**II. Attorney Work Product Doctrine**

The party asserting a privilege must establish the essential elements of the privilege. *U.S. v. Construction Products Research, Inc.*, 73 F.3d 464 (2d Cir. 1996). In order for a Defendant to assert privilege under the attorney work product doctrine, they must be able to show that the documents were prepared (1) "in anticipation of litigation" (2) by a party or its representative and (3) not in the ordinary course of business. *Ricoh Co., Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66 (S.D.N.Y. 2003). More broadly, the party seeking to invoke the privilege (e.g. Defendants) must establish *all* elements of the privilege. This burden can be met *only* by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or ipse dixit assertions. *Bowne of N.Y.C., Inc. v. AmBase Corp.*, 150 F.R.D. 465 (S.D.N.Y. 1993). In addition to this affirmative showing, the party asserting the doctrine "also has the burden of establishing non-waiver of the privilege." *Montesa v. Schwartz*, 12 Civ. 6057 (CS)(JCM) (S.D.N.Y. June 20, 2016).

Courts, including those in this District, have routinely held that documents prepared by one who is not a party to the case at bar are not protected by Fed. R. Civ. P. 26(b)(3), even if the non-party is itself a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the instant suit. *Ricoh Co., Ltd.* at 69. In that vein, *no* written communications, including emails, prepared by non-party witnesses can be covered under any theory of privilege and must be produced.

Further, a waiver of the attorney work product privilege is to be found "if the party has voluntarily disclosed the work-product in such a manner that it is likely to be revealed to his adversary." *Tower 570 Co. v. Affiliated FM Ins. Co.*, 20-CV-0799 (JMF) (S.D.N.Y. Apr. 1, 2021). According to the




GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, and USPTO

Defendants' own letter, the documents need not be produced as "Plaintiff can obtain the same information from publicly available sources (e.g., the PTP's GoFundMe page, in the 179 posts on the PTP Instagram page (with over a thousand comments), on multiple Instagram accounts owned by each of Gadar, Erdmann, Batha, and Paldi), as well as in depositions, especially that of Defendants, who brought the Third Counterclaim." To that end, the attorney work product privilege has been waived by Defendants by virtue of voluntary disclosure via publicly accessible channels and acquiescence that Plaintiff can obtain said information via depositions. The number of documents alleged to be subject to the Plaintiff's document requests under the subpoenas is less than the number of documents produced by Defendants on March 10, 2023 (one of many prior document productions). Thus, there is no burden on the Defendants/Witnesses to produce the same, and Plaintiff asks this Court to compel the production of the requested documents.

**III. Failure of Defendants/Witnesses to Produce a Privilege Log**

Fed. R. Civ. P. 26(b)(5) is instructive that when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the alleged claim. Further, Local Civil Rule 26.2(a)(2)(A) requires a privilege log to include the following information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document, (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

Courts in this District have repeatedly refused to uphold a claim of privilege where privilege log entries fail to provide adequate information to support the claim, no compliant privilege log has been timely produced, or where no privilege log has been produced. *See Brown v. Barnes and Noble, Inc.*, 474 F.Supp.3d 637, 647 (S.D.N.Y. 2019) ("The unjustifiable failure to timely provide a privilege log operates as a waiver of any applicable privilege."); *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014) (holding that "a party's failure to comply with the requirements of Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2 may result in a waiver of the privilege"); *OneBeacon Ins. Co. v.*

*Forman Intern., Ltd.*, 2006 WL 3771010, at *8 (S.D.N.Y. Dec. 15, 2006) ("[Attorney] has thus waived any privilege with respect to its withheld documents by failing to properly identify them on a privilege log in compliance with Rule 45(d)(2), Fed. R. Civ. P., and Local Rule 26.2."); *FG Hemisphere Assocs., L.L.C. v. Republique Du Congo*, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) (stating that "[a]s judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege.").

As Defendants/Witnesses have produced no privilege log, at any time, in this present proceeding, Plaintiff asserts that any such privilege has been waived including that under the attorney work product doctrine, and seeks this Court to find in favor of Plaintiff and compel production of the documents sought by Plaintiff.

**IV. Conclusion**

Based on the foregoing, Plaintiff asks this Court to compel the production of the documents properly sought by Plaintiff under Fed. R. Civ. P. 26 and 45 as there is no valid privilege to allow the documents to be withheld. To the extent that any privilege is found to be attached to the same (to which Plaintiff does not concede), compel the Defendants to immediately produce a privilege log such that the veracity of the alleged privileged communications can be determined by Plaintiff and, if necessary, by this Court.

Respectfully Submitted,

s/David Postolski
David Postolski, Esq.
James Klobucar, Esq.
GEARHART LAW, LLC
Innovation Plaza, Suite 1A
Summit, New Jersey 07901
Telephone: (908) 273 0700
Facsimile: (908) 273 0711
david@gearhartlaw.com
james@gearhartlaw.com

*Attorneys for Plaintiff*
*Richtone Design Group, LLC*