UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RICHTONE DESIGN GROUP, L.L.C.,

                        Plaintiff,                  **DECISION AND ORDER**

         -against-                        22 Civ. 1606 (KMK) (AEK)

MARY SULLIVAN KELLY, *et al.*,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Plaintiff Richtone Design Group, L.L.C. brings this action against Mary Sullivan Kelly and True Pilates Boston LLC ("Defendants") alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and unfair competition under the Lanham Trade-Mark Act, 15 U.S.C. §§ 1051 *et seq*.  *See* ECF No. 2.  Defendants have brought counterclaims against Plaintiff and Third-Party Defendant Sean Gallagher asserting violations of the Copyright Act of 1976 and seeking damages and declaratory relief.[1]  ECF No. 11.  Currently before the Court is Plaintiff's motion to seal documents that were filed on the public docket by Defendants in connection with a motion to compel discovery.  ECF No. 43 ("Pl.'s Mot.").  For the reasons that follow, Plaintiff's motion to seal is DENIED.

## BACKGROUND

      On November 22, 2022, Defendants filed a letter motion to compel Plaintiff to "provide unequivocal responses to Defendants' Requests for Admission."  ECF No. 36.  As an exhibit to

---

[1] For simplicity, references to "Plaintiff" in this Decision and Order are to Plaintiff/Counterclaim Defendant Richtone Design Group, L.L.C., and references to "Defendants" are to Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Mary Sullivan Kelly and True Pilates Boston LLC.

that motion, Defendants filed a document titled "Plaintiff['s] Confidential Responses to Defendants' Requests for Admission (1-86)," which contain discovery responses that Defendants argued were defective.  See ECF No. 36-1 ("RFA Responses").

On November 28, 2022, Plaintiff filed a letter responding to Defendants' letter motion. ECF No. 40.  As part of that response, Plaintiff noted its "dismay[] that Defendants have filed Plaintiff's entire Confidential Responses, thus once again making accessible via PACER digital materials under copyright for distribution," and requested that "the Confidential Responses be removed from PACER."  Id. at 2.  In a November 29, 2022 order, this Court observed that "Plaintiff's two-sentence request does not 'explain the particular reasons for seeking to file that information under seal' as is required under Rule 5 of the Court's Individual Rules," and directed Plaintiff "to make an appropriate motion to seal . . . in accordance with the specifications in the Court's Individual Rules."  ECF No. 42.  That same day, Plaintiff filed a motion to seal the RFA Responses.  See Pl.'s Mot.  On December 5, 2022, Defendants filed their opposition to the motion.  ECF No. 46 ("Defs.' Opp.").  The Court then held a conference on December 6, 2022 to address various outstanding discovery disputes; at that conference, the Court gave Plaintiff's counsel an opportunity to provide further argument in support of its motion, and provided Plaintiff with the opportunity to submit a reply brief in further support of the motion to seal by December 9, 2022.  See Docket Sheet, Minute Entry dated 12/6/2022.  No further briefing was submitted.

## LEGAL STANDARDS

There is a "common law right of public access to judicial documents," which is "firmly rooted in our nation's history" and which creates a rebuttable "presumption" in favor of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.

2006). In order to be designated a judicial document, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). In determining how much weight to afford the presumption, courts must consider "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* After determining the weight of the presumption, the court then must weigh "competing considerations," including, among other things, the "'privacy interests of those resisting disclosure'" and "'the danger of impairing law enforcement or judicial efficiency.'" *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")). A court may seal judicial documents if "'closure is essential to preserve higher values and closure is narrowly tailored to serve that interest.'" *ABC v. XYZ Corp.*, No. 18-cv-11653 (JGK) (JLC), 2019 WL 1292503, at *2 (S.D.N.Y. Mar. 19, 2019) (quoting *Lugosch*, 435 F.3d at 119), *adopted by* 2019 WL 1304466 (Mar. 20, 2019). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *accord Gentile v. Crededio*, No. 21-cv-8528 (LTS), 2023 WL 2535192, at *1 (S.D.N.Y. Mar. 16, 2023).

## DISCUSSION

The RFA Responses, which were filed in connection with a motion to compel and were relevant to the Court's determination of that motion, are judicial documents. *See, e.g.*, *Brunckhorst v. Bischoff*, No. 21-cv-4362 (JPC), 2023 WL 1433573, at *1 (S.D.N.Y. Feb. 1, 2023) (noting that "documents submitted to the [c]ourt's consideration in relation to a motion to compel discovery are judicial documents" (cleaned up)); *In re New York City Policing During Summer 2020 Demonstrations*, --- F. Supp. 3d ---, 2022 WL 7886182, at *6-7 (S.D.N.Y. Oct. 14,

2022) (denying motion to seal documents that "were part of the adjudication by the [c]ourt of a dispute regarding [defendant's] conduct of discovery").

That said, the presumption of access as to the RFA Responses is "somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also In re New York City Policing*, 2022 WL 7886182, at *6 (determining that public's interest in accessing documents submitted to court in connection with a discovery dispute carries "'modest' weight"). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Brown*, 929 F.3d at 50.

Finally, the Court must determine whether any "competing interests" outweigh the somewhat reduced presumption of access that applies to the RFA Responses. Plaintiff argues that the materials should be refiled under seal because they are "clearly marked as Confidential" and the protective order entered in this matter purportedly requires such items to be kept from the public docket. *See* Pl.'s Mot. at 1-3; *see also* ECF No. 41 ("Protective Order"). But contrary to Plaintiff's assertion, the Protective Order does not require that materials that have been marked by the parties as "Confidential" automatically be filed under seal. Rather, the Protective Order makes clear that "[n]otwithstanding the designation of information as 'CONFIDENTIAL' in discovery, *there is no presumption that such information shall be filed with the Court under seal*." Protective Order ¶ 9 (emphasis added). Moreover, "the mere fact that the parties agreed to a confidentiality designation does not overcome the presumption of access to judicial documents." *In re New York City Policing*, 2022 WL 7886182, at *3; *see also Hamilton Int'l Ltd. v. Vortic LLC*, 414 F. Supp. 3d 612, 624-25 (S.D.N.Y. 2019) ("Even if material is properly

4

designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." (cleaned up)).

Further, Plaintiff has not persuasively articulated any "competing interests" to overcome the presumption of public access. Plaintiff states that filing the RFA Responses "provides Defendants' supporters another opportunity to download and spread copyrighted photographs across the Internet and harms Plaintiff's efforts to prevent their publication on the Internet." Pl.'s Mot. at 3-4. The Second Circuit has recognized that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *Amodeo II*, 71 F.3d at 1051. Here, however, Plaintiff has failed to explain the harm to any particular commercial interest that results from public access to the RFA Responses, and indeed, makes no reference at all to any specific images in its motion. *See* Pl.'s Mot. at 3-4; *In re New York City Policing*, 2022 WL 7886182, at *7 (denying motion to seal where although subject document "carr[ies] a very low presumptive access weight," requesting party made only general assertions as to confidential material and did "not give arguments as to any specific documents"). It is also noteworthy that such a showing of harm is particularly unlikely in light of Plaintiff's admission that the images are only "*probably* subject to copyright (*not necessarily that of Plaintiff*)." RFA Responses at 3 (emphasis added). Accordingly, Plaintiff has not satisfied its burden of demonstrating that the RFA Responses should be sealed.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to seal (ECF No. 43) is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 43.

Dated:  May 1, 2023
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge