# GORDON E. R. TROY, PC
Attorney at Law
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

To: The Hon. Andrew E. Krause, Magistrate Judge

Re: <u>22cv1606 Richtone Design Group, LLC v. Kelly et al</u>    **Date**: May 3, 2023

Dear Judge Krause:

Defendants are seeking a definitive ruling from your Honor regarding all discovery requests concerning the Pilates Transparency Product and GoFundMe. As you will remember, during the last hearing, Plaintiff's counsel stated their position that they should be entitled to discover communications between and among (1) my office and the third-party witnesses, and (2) Defendants, the third-party witnesses, and still other third parties (e.g. Alicia Ungaro). Mr. Klobucar justified those requests as a potential source of evidence for Plaintiff's Lanham Act claim, offering that

> people that we believe have previously supported Mr. Gallagher who we believe may have been influenced by statements made by Ms. Kelly who then switched sides essentially, right? Which has negatively impacted Mr. Gallagher's business and his ability to, you know, sell Pilates material, to garner additional attendees for classes and workshops and seminars, and so that's really what it gets down to. (4/14/23 Hearing, p. 19, lines 1-3.)

None of Mr. Klobucar's allegations about supposedly misleading statements or theories about turncoats are relevant to this litigation because there is no claim under which they can proceed. It is well-settled in the Second Circuit that claims under the Lanham Act are "limited to speech that is (i) commercial, (ii) made for the purpose of influencing consumers to buy defendant's goods or services, and (iii) disseminated sufficiently to the relevant purchasing public." *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004). Three factors determine whether speech qualifies as "commercial." "Commercial speech" is defined as speech that "does no more than propose a commercial transaction." *Enigma Software Grp. USA, LLC v. Bleeping Comp. LLC*, 194 F. Supp. 3d 263, 293 (S.D.N.Y. 2016) (quoting *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66 (1983)).

In *Gmurzynska*, Judge MacMahon ruled that a press release discussing pending litigation was not actionable under the Lanham Act. Her conclusion applies as much to that press release as statements made on GoFundMe (GFM) and the Pilates Transparency Project Instagram account (PTP), neither of which contain commercial speech of any kind:

> Perhaps most important, the primary focus of the [press release] was to draw attention to [the lawsuit], not to propose a commercial transaction. This point is particularly important. Importing Lanham Act liability to the facts of this case, which concern public statements about pending litigation, would extend the Act beyond the parameters contemplated by Congress. As Judge Calabresi stated in *Boule v. Hutton*, 328 F.3d 84 (2d Cir. 2003), "Congress did not wish to extend federal Lanham Act liability to speech that is subject to broader general First Amendment protection than is commercial speech." Id. at 95

(Calabresi, J., concurring). And yet, characterizing the [press release] as "commercial speech" would do just that – thereby posing a chilling effect on the sort of statements litigants can make about pending litigation.

During the most recent meet-and-confer with Messrs. Postolski and Klobucar, we specifically asked how their allegations met even the minimum requirements of a Lanham Act claim, and they were unable to do so. (Previously, they alleged an equally unavailing theory that there might be a "thumb on the scale." See, Dkt. 69.) Furthermore, each of Plaintiff's discovery requests pertaining to the PTP or GFM – including who the members may be – is a slippery slope that opens the door to further questions during depositions as well as the discovery of information that can and will have a chilling effect on what litigants can say about pending litigation. Perhaps Plaintiff has a cause of action regarding allegedly "misleading" statements, but not under the Lanham Act and not under the Complaint filed in this action. This issue reaches all requests concerning the PTP and GFM, including those who are "responsible" or "in control." We realize that your Honor stated that Plaintiff could discover who the members were of the PTP, but as shown by Plaintiff's discovery requests, such information only occasions further questions. (The colloquy on April 14 between Mr. Klobucar and your Honor indicated as much.) Defendants urge the Court to rule that because their allegations do not support a Lanham Act claim, this entire subject matter is beyond the scope of discovery in this action.

Regarding emails between my office and third-party witnesses during preparation of the declarations, we believe, as stated previously, that these are work product and should be treated no differently from drafts of declarations. Plaintiff is not prohibited from asking the third-party witnesses any and all questions regarding the facts and opinions they state in their Declarations or in the public domain. Plaintiff has not stated any need for the correspondence between my office and the witnesses, and has no genuine need.

Although there are numerous discovery requests from Plaintiff for which inadequate or no responses have been received, we will address these matters, if necessary, in motions to strike (on summary judgment) or, if the case goes to trial, motions *in limine*. The only other pressing matter is that Plaintiff has marked all their recent discovery responses and production, "Confidential," on the same basis that Mr. Salta raised at the December 6 hearing, i.e., fear that the public might see it. During our last meet-and-confer, counsel said that they would reconsider the designations, but we heard nothing despite a follow-up email we sent on Tuesday, May 2, at 9:02 am, stating that "In light of the decision yesterday and our meet-and-confer last week, and your and Gordon's discussion before Judge Krause, please advise today whether you will be withdrawing your confidentiality designations of all documents so marked."

None of the Objections and Answers, and Responses, marked "Confidential" contain any protectable interest. These are:

- Plaintiff Objections and Answers to RFAs 1-87
- Plaintiff Objections and Answers to RFAs 88-115
- Plaintiff Supp. Responses to Def First Set of (superseded) ROGs

In addition, Defendants object to Plaintiff's marking the following documents as "Confidential":

- Correspondence with the New York Public Library about making an appointment to view the library's collections (Richtone 2000-2007)
- Assorted photographs of Joseph Pilates and brochures from 60 to 80 years ago, a number of which are already case documents (and reproduced in third-party witness declarations) and the remainder of which will be case documents (Richtone 2008-2015); and
- Commercial correspondence from 2002 (Richtone 2016-2021).

Pursuant to your directions at the April 14, 2023, hearing (75:22-76:3) these documents are being physically delivered to Your Honor.

Respectfully submitted,

By: _____
    Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com

cc: David Postolski and James Klobucar via ECF