

GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, and USPTO

May 5, 2023

<u>VIA ECF</u>

The Hon. Andrew E. Krause
United States District Court
Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

RE:     <u>Richtone Design Group, LLC v. Kelly et al., Case No. 7:22-cv-1606-KMK-AEK</u>

Dear Magistrate Judge Krause:

Plaintiff writes this letter in response to Defendants' affirmative discovery dispute letter of May 3, 2023 (ECF No. 76). Plaintiff will herein address each of the alleged discovery disputes proffered by Defendants'.

### I.     Pilates Transparency Project (PTP)/GoFundMe (GFM)

Defendants' bring forth the PTP/GFM issue again before the Court. Defendants' arguments ring hollow as Defendants' acknowledge in their May 3, 2023 letter that "your Honor stated that Plaintiff could discover who the members were of the PTP." In line with Your Honor's ruling on April 14, 2023, that is exactly what Plaintiff intends to do, despite Defendants' continued obfuscations and flat-out refusal, to this day, to provide answers to propounded discovery on the same. Plaintiffs implore this Court to compel the Defendants' to answer the written discovery this Court has already ruled the Plaintiffs are entitled.

Notwithstanding the above, and in a misguided and misplaced argument, the Defendants' cite to *Gmurzynska v. Hutton* 355 F.3d 206 (2d Cir. 2004) for the alleged proposition that Plaintiff's claim for False and Misleading Statements under the Lanham Act fails and therefore Plaintiff can take no discovery of the PTP/GFM. Such allegations fall on deaf ears. As noted, *supra,* the Court has already ruled here, and the Defendants' waste the Plaintiff's and Court's time trying to reargue an already failed argument. The purpose of the May 3, 2023 letter is affirmative discovery disputes *not* the validity of claims presented before this Court. However, as long as said claim is before this Court, Plaintiff is entitled to pursue the same through discovery and trial.

Finally, Defendants' allege that "[d]uring the most recent meet-and-confer with Messrs. Postolski and Klobucar, we specifically asked how their allegations met even the minimum requirements of a



GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, and USPTO

Lanham Act claim, and they were unable to do so." Defendants' offer no further evidence in support of said allegation, and Plaintiff refutes that allegation. In the end, such an allegation is nothing more than a "he said-she said" scenario and is not to be viewed as any admission, acquiescence, etc. by the Plaintiff on that topic.

## II.     Attorney Work Product Doctrine

Defendants' attempt, yet again, to rehash another issue before this Court despite introducing no new argument and the issue being fully briefed before this Court in Defendants' letter of April 20, 2023 (ECF No. 69) and Plaintiff's responsive letter of April 25, 2023 (ECF No. 71). As per Plaintiff's responsive letter, Defendants' allegations regarding the attorney-work product doctrine, or any other theory of privilege, does not hold water. Further, Plaintiff has *still* not received *any* privilege log from Defendants'. Plaintiff stands by the case law precedence before this District and Circuit in its responsive letter of April 25, 2023 and looks forward to a finding in the Plaintiff's favor on this issue.

## III.    Plaintiff's Confidential Discovery Responses

The parties in this action previously stipulated to the entry of Your Honor's standard protective order (ECF No. 41). The plain language of this order states that "Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is *necessary to protect the interests of the client in information* that is proprietary, a trade secret, or otherwise *sensitive non-public information* ("Confidential Information")." (emphasis added). Indeed, Defendants' have put forth many times before this Court that Plaintiff possesses a great deal of non-public information, including the archives of Joseph Pilates. (*See* Defendants' Answer, Affirmative Defenses, Counterclaims and Third-Party Complaint; ECF No. 11 ¶). Plaintiff acknowledges that it possesses non-publicly available information related to its business operations as well as its assets, particularly, the archives of Joseph Pilates purchased many years ago by Plaintiff. All of the Plaintiff's discovery responses are directed to this non-public information.

Separately, said non-public information is "sensitive" within the context of the stipulated protective order. Such "sensitive information" routinely includes information that relates to sales numbers, business assets, customer information, and financial information. *See NEC v. American Pad Paper Company Of Delaware*, 06 Civ. 12988 (SHS) (RLE) (S.D.N.Y. Jan. 30, 2009). Plaintiff generates a sizable revenue from the sales of its intellectual property assets, namely the archives of Joseph Pilates.



GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, and USPTO

Plaintiff routinely releases "previously unseen" material as a marketing tool to drive consumers to view/purchase the material and take classes/seminars put on by Plaintiff (at times featuring such materials). Public disclosures of the information it holds (or doesn't hold) would negatively impact the welfare, assets, or security of Plaintiff in its ability to generate revenue. Indeed, since the inception of this lawsuit, Plaintiff's revenues from its e-commerce store dropped significantly in 2022 over revenues in 2021 and has dropped even further over the first three months of 2023 when compared to the same period over 2022. Plaintiff has also experienced a decrease in conference, seminar, and/or workshop attendance over this time.

The "Confidential" designation only limits the disclosure of that information to "a. The requesting party and counsel, including in-house counsel; b. Employees of such counsel assigned to and necessary to assist in the litigation; c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court)." Further, and perhaps most importantly, Defendants' have shown *no* need to divulge this information to any other party other than those already covered by exceptions a-d listed above. Indeed, in Defendants' affirmative letter of May 3, 2023, they present no need, reasoning, or argument to disclose said responses to any other party or how responsive answers concerning non-publicly available business assets are not confidential.

Plaintiff acknowledges Your Honor's decision and order concerning Plaintiff's First Motion to Strike Document No. [36-1] and replace with Sealed Document (ECF No. 74). However, that is a fundamentally different issue than the present. The Requests for Admission sought to be sealed seek different admissions (e.g. the requests for admission are not identical) and the responses provided, at present, by Plaintiff are different as well. Accordingly, in light of the above and the *stipulated* protective order, the Plaintiff respectfully requests that the "Confidential" designation on its discovery responses be preserved.

Respectfully Submitted,

*s/*David Postolski
David Postolski, Esq.
James Klobucar, Esq.
GEARHART LAW, LLC
41 River Road
Summit, New Jersey 07901



GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, and USPTO

Telephone:   (908) 273 0700
Facsimile:    (908) 273 0711
david@gearhartlaw.com
james@gearhartlaw.com

*Attorneys for Plaintiff*
*Richtone Design Group, LLC*

4