1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   --------------------------------x

3   RICHTONE DESIGN GROUP, LLC,

4                   Plaintiff,

5           v.                          22 CV 1606(KMK)(AEK)

6                                           CONFERENCE

7   MARY SULLIVAN KELLY, et al.,

8                   Defendants.

9   --------------------------------x

10                                  United States Courthouse
                                    White Plains, New York
11                                  March 3, 2023

12

13

14

15  Before:  THE HONORABLE ANDREW E. KRAUSE, Magistrate Judge

16

17

18                          APPEARANCES

19

    GEARHART LAW, LLC
20       Attorneys for Plaintiff
    DAVID POSTOLSKI
21  JAMES KLOBUCAR

22

    GORDON E.R. TROY, P.C.
23       Attorneys for Defendants
    GORDON TROY

24

25  *Proceeding recorded via digital recording device.


            CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
                    (914)390-4103

1          THE DEPUTY CLERK:  In the matter of Richtone Design

2     Group, LLC against Kelly, et al., docket number 22 CV 1606, the

3     Honorable Andrew E. Krause presiding.

4          Counsel, please note your appearances for the record,

5     beginning with plaintiff's counsel.

6          MR. POSTOLSKI:  This is David Postolski of Gearhart

7     Law for plaintiff.

8          MR. KLOBUCAR:  And James Klobucar, Gearhart Law, for

9     plaintiff.

10         THE COURT:  Okay.  Good morning, Mr. Postolski and

11    Mr. Klobucar.

12         MR. POSTOLSKI:  Good morning.

13         MR. KLOBUCAR:  Good morning, your Honor.

14         MR. TROY:  Gordon Troy here for the defendant.  And I

15    also have on the line listening in my paralegal, Lawrence

16    Stanley.

17         THE COURT:  Okay.  Good morning, Mr. Troy.  And, I'm

18    sorry, your paralegal was?

19         MR. TROY:  Lawrence Stanley.

20         THE COURT:  Okay.  Good morning, Mr. Stanley.

21         All right.  We're here for a status conference in

22    this case, obviously the first appearance in this matter for

23    Mr. Postolski and Mr. Klobucar.

24         Just one administrative matter at the outset.

25         Mr. Klobucar, I noticed that you filed a motion for

1   admission pro hac vice which was granted by Judge Karas, but

2   you should still go ahead and submit a notice of appearance on

3   the docket because, that way, you will -- I'm not sure if

4   you're currently receiving ECF notifications or not.  I don't

5   think there have been any since your motion was granted.  But

6   you're not currently listed in the counsel section of the

7   docket and I think that's because you have to take the

8   additional step of filing a notice of appearance.  So if you'll

9   do that, that will be helpful so we will be able to easily see

10  your information if we need to reach you

11          MR. KLOBUCAR:  Okay.  Not a problem.  I'll have the

12  administrative team handle that.

13          THE COURT:  Perfect.

14          All right.  Well, we were last together on this

15  case -- or Mr. Troy and I and Mr. Salta, at least, were last

16  together on this case back in early December and obviously

17  there have been a number of developments since then.  As I

18  noted, I was sorry to hear about Mr. Knull's health issues.

19  And we've now gotten to the point where we have new counsel for

20  the plaintiffs in this matter and I want to take stock of where

21  we are, so let me hear from both of you on that.  I have

22  reviewed all of the most recent filings on the docket again in

23  preparation for today's conference, so no need to review those

24  specifics, but just let me know where we are from the

25  plaintiff's perspective.

1           Mr. Postolski or Mr. Klobucar.

2           MR. POSTOLSKI:  Sure.  Thank you, your Honor.  This

3      is David Postolski.

4           Over the last few weeks, we have been actively trying

5      to get in touch with previous counsel.  That has been very

6      unsuccessful.  His health has taken a pretty bad turn.  We have

7      also not been able to get in touch with his wife, who was

8      somewhat of a conduit for us.  Luckily, Mr. Troy has been

9      really gracious over the last few days and has supplied us with

10     whatever documents were produced because we couldn't get our

11     hands on them and we couldn't -- we also couldn't get it from

12     the attorney that was helping out previous counsel.  Romeo is

13     his first name.  But we have everything -- or we should have

14     everything by now.

15          We plan on meeting the March 13th deadline.  We were

16     served with the outstanding discovery requests on February 13th

17     and so we plan on submitting our responses to defendant by

18     March 13th.  And what we would like to discuss, when it's

19     appropriate, is we will likely be submitting our own discovery

20     requests from defendants and possibly wanting to take a

21     deposition of defendant.  And so we just kind of wanted to kind

22     of bring that out into the open.

23          THE COURT:  Okay.  I forget now as we sit here, and

24     you might not know the answer to this, Mr. Postolski, so

25     Mr. Troy may need to answer, but did the plaintiff serve

1    discovery demands at all in the earlier stages of this case?

2            MR. POSTOLSKI:  Gordon, do you want to respond?

3            MR. TROY:  Yes.

4            Of course they did.  They submitted all kinds of

5    discovery requests and we've responded to all kinds of

6    discovery requests, your Honor.

7            THE COURT:  That's what I thought.  We've had

8    multiple conferences about discovery disputes and I didn't

9    think they were all one way.  I mean, we've had extensive

10   submissions and a couple of conferences about that.

11           MR. TROY:  Yes.

12           THE COURT:  And so I just wanted to --

13           When you said, Mr. Postolski, that you want to submit

14   discovery requests, it momentarily confused me because it

15   sounded as though you were submitting requests for the first

16   time when my recollection is that --

17           MR. POSTOLSKI:  No.  Sorry, your Honor.

18           THE COURT:  -- was not really the case.

19           So this is some sort of supplemental discovery

20   request?

21           MR. POSTOLSKI:  Correct.

22           THE COURT:  Okay.

23           MR. TROY:  Your Honor, Gordon Troy here.

24           Because we were kind of like in this limbo land, we

25   held off on -- and coupled with the fact that we did not want

1    to totally inundate new counsel in the case.

2              THE COURT:  Sure.

3              MR. TROY:  We have additional documents responsive to

4    the previous discovery requests that I was planning on trying

5    to get out, you know, within the next week or so to plaintiff's

6    counsel.  I just have to get them organized.

7              THE COURT:  Okay.  Well, that's helpful.  And maybe

8    it will obviate the need for some of the additional demands

9    they are intending to serve.  Maybe not.  I guess we'll find

10   out.  But you'll plan to get those out.  We can set some

11   deadlines for all of these things to make sure we're on track

12   to move the case forward.

13             What else should I understand from your client's

14   perspective, Mr. Troy?

15             MR. TROY:  Well, first of all, plaintiff's counsel

16   didn't mention that.  As per your direction and what we would

17   have done in any event is we did hold a conference last week, I

18   believe it was Wednesday, to go over any issues that may be

19   outstanding and I honestly am unaware of any issues from the

20   plaintiff's side, you know, with regard to discovery.

21             We have still outstanding -- and if you see in my

22   letter to -- that was filed at ECF 53, you know, we're still

23   waiting on the service of the answers to the resubmitted

24   discovery requests as per our last hearing and the subsequent

25   meet and confer that was agreed to by Mr. Salta and, you know,

1    that was served back on December 16th as well as the additional

2    discovery that we submitted on February 13th.  So that's what

3    we have outstanding.

4         I'm actually -- this is the first I've heard that,

5    all of a sudden, we need to be taking some more depositions in

6    this case.  Frankly, I think this case is going to be decided

7    on the paperwork.  I mean, we had had discussions with prior

8    counsel and they were pretty indicative of the fact that they

9    didn't see a need for taking anyone's individual discovery.

10   And I think that we're way past reopening discovery.  I think

11   we just need to finish what is outstanding so that we can get

12   to the point where we can then resubmit our premotion letter to

13   the Judge, to Judge Karas, for filing motions for summary

14   judgment.

15        THE COURT:  Okay.  Well, I mean, first of all, it's

16   not really reopening discovery because discovery has never

17   closed.  I mean, discovery was stayed for a period of time and

18   then it was -- the stay was lifted and an extension request was

19   filed.  So, I mean, I understand that prior counsel, for

20   whatever reason, was not contemplating taking a deposition, but

21   there is new counsel and so there may be other reasons why

22   there have been strategic choices to potentially consider that

23   deposition based on the discovery that's taken place so far.

24   That's not uncommon.  And not only when new counsel enters the

25   case, but as the discovery progresses, it may change the

1    circumstances in terms of what's necessary from one party's

2    perspective or the other.

3            The point is, though, that it needs to be done

4    expeditiously to get to the end and that's I think what I

5    attempted to communicate in my last order, that we would be

6    moving forward with things to get everything resolved as

7    quickly and efficiently as possible because a considerable

8    amount of work had been done in this case prior to the most

9    recent interruption.

10           So I understand that plaintiffs are working on

11   responses to the February 13th demands, which will be timely if

12   served in mid-March.  That's fine.

13           Mr. Postolski, what about the responses to the

14   reserved December demands which have been the subject of

15   extensive discussion with the Court?

16           MR. POSTOLSKI:  Yes.  We plan to serve our responses

17   by -- to serve all responses by March 13.

18           THE COURT:  Okay.

19           MR. POSTOLSKI:  So, Judge, we are trying to move --

20   we also want to move pretty quickly, but, at the same time, you

21   know, we just want to make sure that we -- that if we have to

22   take a deposition based on what we were kind of uncovering, we

23   just want some of that time to actually do that.  We're not per

24   se asking for months, but just a few weeks if possible.

25           THE COURT:  Understood.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

1     And then in terms of the supplemental discovery

2  demands that you intend to serve, what --

3     MR. POSTOLSKI:  Right.

4     THE COURT:  -- do you intend to cover there?  Sounds

5  like Mr. Troy is not really familiar with what you are looking

6  to explore.

7     MR. POSTOLSKI:  Yes.  So we are working out some of

8  those discovery requests now and we should probably have them

9  by March 10.  I don't know if --

10     James, do you want to maybe talk about some -- I

11  don't know if we want to talk about specifics, but anything

12  that we could -- that we're probably going to be including in

13  that?

14     MR. KLOBUCAR:  I mean, I would just add I think your

15  Honor brought up a good point earlier regarding Mr. Troy's

16  sending of the additional documents that are owed.  I mean,

17  it's possible that could remove the need for or further limit

18  some of the initially contemplated discovery.  So I would say

19  if we can -- if we can get those and then, you know, we can

20  evaluate from our side in terms of, you know, what further may

21  be needed.

22     THE COURT:  Okay.

23     Mr. Troy, you said you thought you would be able to

24  have those in a relatively short amount of time.  Let's put a

25  time on it.  I'm not looking to make you do it today, but when

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

2023331Lhcf

```
1    do you think you can commit to having the additional documents?

2              MR. TROY:  Next Friday.

3              THE COURT:  Okay.  So we'll say March 10th.

4              MR. TROY:  You know, when the case went into hiatus,

5    so to speak, we just kind of stopped work.  I just need to kind

6    of reengage because it just didn't make any sense for me to do

7    anything.

8              THE COURT:  I completely understand.  Discovery was

9    stayed for a period of time --

10             MR. TROY:  Yes.

11             THE COURT:  -- and now it's reopened.  A week is

12   perfectly reasonable.  I understand.

13             MR. TROY:  Yes.  And I just want to also -- pardon

14   me.  I didn't mean to interrupt.

15             We have actually gone out of our way to respond to

16   all of plaintiff's discovery requests in the broadest possible

17   sense with the information that we can provide and have not

18   taken the view, as many in litigation do, the narrowest

19   viewpoint because we felt that it's more important to just be

20   as forthcoming with as much stuff as possible in connection

21   with this case because this case seems to warrant it.

22             So I'm not quite sure what plaintiff's additional or

23   supplemental discovery demands may be, but if there's something

24   that's even encompassed in anything that's already been

25   delivered that we haven't delivered, you know, that has been
```

1   requested that we haven't delivered, I mean, I'm all ears.

2   Just say, hey, what about this or what about that.  I mean, we

3   don't need to then push this thing out a whole 'nother 30 days

4   unnecessarily.

5          THE COURT:  Okay.  Well, look, we'll have to see, I

6   think, what exactly that looks like and, you know, to the

7   extent any supplemental demands can be streamlined based on

8   your forthcoming production on March 10th, then that would be

9   obviously an efficient way to go about things, also.  So, you

10  know, once you receive those demands, you obviously are in a

11  position to control how much time you take to respond to them.

12  You'll have the 30 -- the rules provide 30 days as long as

13  that's consistent with the scheduling order.  And if you want

14  to respond to them in seven days, then obviously things can

15  move faster.  But I'm not going to hold you to that until you

16  see what the demands are just in case they turn out to be more

17  elaborate or require a different approach than you've taken up

18  until now.

19          Can somebody point me to -- I tried to find it, but I

20  was having difficulty.  Can somebody point me to a document or

21  a minute entry that actually sets forth the current schedule?

22          MR. TROY:  Boy.  Yes.

23          THE COURT:  It shouldn't be a hard question.

24          MR. TROY:  It changed partially.  Yes.  Let me

25  just -- if you bear with me for a moment, let me jump into my

2023331ffncf

1    ECF folder, because my recollection was that we had the

2    schedule set and then -- which was originally supposed to

3    expire back in November and then we had -- and if you remember,

4    there was a temporary stay on discovery back then based upon

5    plaintiff's failure to answer to our discovery requests, which

6    we got resolved, and then -- so --

7          MR. POSTOLSKI:  It looks like it might be docket

8    entry 17.  I think that's the last one.  Correct me if I'm

9    wrong, Gordon.

10          MR. TROY:  No, no.  It's subsequent.

11          THE COURT:  Definitely 33 is the one that I think may

12    be the most recent.  That's the deadline.  I mean, I think

13    that's the one that we're talking about.  It says that --

14          MR. TROY:  Yes.

15          THE COURT:  -- discovery as to defendants' third

16    counterclaim, which, of course, was the subject of much

17    discussion because of the breadth of the counterclaim, that was

18    what was stayed.  The deadline for completion of all other

19    discovery was extended to January 31st, 2023 by Judge Karas,

20    but then when the parties -- my recollection from our

21    conference in December, Mr. Troy, is the parties had appeared

22    before Judge Karas shortly before you appeared before me and,

23    at that premotion conference with Judge Karas, which was for

24    plaintiff's contemplated motion to dismiss the third

25    counterclaim, Judge Karas and you all agreed that it would be

1    best to just push through, finish discovery and address it all

2    in the summary judgment as opposed to addressing it piecemeal

3    through a motion to dismiss.

4         MR. TROY:  As imperfect as we humans are, that is an

5    exact recollection of my recollection.

6         THE COURT:  Okay.  Fair enough.  I mean, you were

7    there.  I'm just repeating, I think, what you probably told me.

8    Now we're having just a confirmation by us, probably, but

9    that's okay.

10        So this is the document that includes the discovery

11   deadline of January 31st, which was referenced in one of the

12   letters that was submitted recently.  January 31st.  So now I

13   am glad we have located that and sort of confirmed where we

14   are.

15        When I issued my most recent order in connection with

16   the plaintiff's application to extend discovery by 60 days, I

17   indicated that that 60 days would be measured from February

18   13th.  So I wasn't, at that time, ruling on whether the 60 days

19   would be granted.  Obviously Mr. Troy had objected to that.

20   But I think that, in light of where things stand, both because

21   we have this additional supplemental production coming within a

22   week and there may be some further follow-up on discovery from

23   the plaintiff after that, a possibility even of a deposition,

24   what I am going to do is I am going to grant the extension --

25   well, this now gets into a slightly different problem, which

1    Mr. Troy is familiar with because we've discussed it in prior

2    conferences, but let me go back to the first principle in a

3    case that is referred to me for general pretrial supervision by

4    Judge Karas, which is that if you take a look back at Judge

5    Karas' original scheduling order in the case, you'll see that

6    his original scheduling order contains a provision that states

7    that to the extent the parties are seeking extensions of the

8    overall deadline for completion of discovery, those extension

9    requests have to be directed to Judge Karas.

10          Judge Karas and I were in touch about that in

11   connection with the letter that was filed by Mr. Salta seeking

12   the stay because that essentially -- it was filed with a letter

13   motion for an extension of time to complete discovery, but I

14   interpreted it as really a motion to stay, discussed it with

15   Judge Karas and he agreed, and so I granted that stay.

16          I think here that there will not be any problem with

17   my simply setting the discovery deadline at April 14th.  I

18   don't want to make you go through the process of writing to

19   Judge Karas to do that.  I think it's inefficient and I don't

20   anticipate that he would have any concern.  But I will follow

21   up with him myself after this conference just to let him know

22   so that we don't run into a problem down the line where he says

23   I never granted that extension, why was it extended.

24          I think, again, in connection with the stay and now

25   the lifting of the stay now that counsel have appeared on

```
1    behalf of plaintiff, I think it all falls within the ambit of
2    the stay and the resetting of deadlines as opposed to an
3    extension, which would have to go to Judge Karas.
4              So to minimize administrative burden on the parties,
5    I am going to just set the deadline for completion of discovery
6    at April 14th, which is 60 days from the original request in
7    February.  I do recognize the reasons for Mr. Troy's
8    objections, but here we are at March 3rd.  I think six weeks is
9    certainly enough time to accomplish what needs to be
10   accomplished, especially given Mr. Troy's comments about being
11   able to respond hopefully quickly to whatever new discovery
12   requests may come in from the plaintiff.
13             So if we have Mr. Troy's supplemental production on
14   behalf of the defendants on March 10th, can we say,
15   Mr. Postolski and Mr. Klobucar, that you can get any necessary
16   discovery demands out to Mr. Troy, any supplemental demands
17   that you still feel you need to serve, by one week later, March
18   17th?
19             MR. POSTOLSKI:  Yes.  That works.
20             James, would you agree?  That works?
21             THE COURT:  I'm sorry.  Was that a yes, Mr. Klobucar?
22             MR. KLOBUCAR:  Yes.
23             MR. POSTOLSKI:  Yes.
24             MR. KLOBUCAR:  Yes, it's a yes.
25             THE COURT:  I'm sorry.  I just didn't hear you.
```

1              Look, Mr. Troy, do you have a sense of the volume of

2     what you intend to produce on the 10th?  Are we talking about

3     tens of pages, hundreds of pages, thousands of pages?

4     Ballpark.

5              MR. TROY:  It's more than tens.  You know, I think

6     it's some -- I have -- my problem is I haven't fully organized

7     it.

8              THE COURT:  I'm not going to hold you to it.  The

9     reason I'm asking is just because, obviously, in order for

10    Mr. Postolski and Mr. Klobucar to be able to receive those,

11    absorb the meaning and significance of them and then adjust

12    their discovery demands accordingly, I'm intending to give them

13    a week to do that, but if you're producing tens of thousands of

14    pages, then that's inadequate.

15             MR. TROY:  No, no, no, no, no.  We're talking

16    hundreds tops.

17             THE COURT:  Okay.  Okay.  So that seems like it's

18    probably --

19             MR. TROY:  At least that's what it looks like --

20             THE COURT:  All right.

21             MR. TROY:  -- from my last look at what we -- what

22    was in the process of being gathered.

23             THE COURT:  If it turns out that it's a larger volume

24    and/or it's something particularly complicated, Mr. Postolski

25    and Mr. Klobucar, and you feel you need a couple of additional

```
1    days to turn those demands around, you can write me a letter
2    and request a couple of additional days.  Hopefully that won't
3    be necessary because, that way, we can keep moving things
4    along, but I understand, given some of the uncertainty here,
5    that I may see a letter from you sometime after March 10th
6    asking for a couple more days to get those demands out.
7              MR. TROY:  I just want to further put a point on it,
8    your Honor, that much of it is images.
9              THE COURT:  Right.  I sort of expected that given the
10   history of this case, but, nevertheless, we'll see what it
11   is --
12             MR. TROY:  Okay.
13             THE COURT:  -- once it's produced.
14             And I hope and expect that any supplemental demands
15   will still be able to go out by the 17th, but if there needs to
16   be a very brief extension of that based on the volume of the
17   production, Mr. Postolski and Mr. Klobucar, you'll let me know.
18             MR. POSTOLSKI:  Okay.
19             THE COURT:  And so that gives us an April 14th date
20   for completion of discovery.
21             Look, if the demands are served on the 17th, the
22   deadlines in the Federal Rules for responding to a Rule 34
23   demand would put the response date beyond March 17th.  I mean
24   beyond April 14th.  The reason I'm authorizing these dates is
25   because, Mr. Troy, you seem committed to trying to respond
```

2023331hhcf

```
 1    sooner than that, but --
 2              MR. TROY:  We will, your Honor, respond by April
 3    14th, if not sooner.
 4              THE COURT:  Okay.  Well, okay, but here's the thing.
 5    And it may depend on the volume of the requests and it may
 6    depend on the complexity of the requests.  So there may very
 7    well be a need for a further extension beyond April 14th.  An
 8    application would have to get submitted to Judge Karas because
 9    to the extent the plaintiffs do want to take one or more
10    depositions, they will want to have a complete set of discovery
11    responses before they do that.
12              So I would very much like to stick to that April 14th
13    deadline, but in order to do that, it will depend entirely on
14    how broad the March 17th requests are and how quickly,
15    Mr. Troy, you can turn around your responses.  Again, I'm not
16    requiring you to turn around your responses any faster than the
17    rules require, but I am setting this deadline in part because I
18    recognize that you and your clients have expressed an interest
19    in trying to get to the end here as quickly as possible.  But
20    the onus will be on you, then, if you want to keep that April
21    14th deadline, to respond sooner.  And if you do respond say by
22    April 1st or something along those lines -- April 1st is a
23    weekend, so it won't be April 1st, but April 3rd, which is the
24    Monday after April 1st, that, in my view, would still allow
25    time to conduct a deposition before April 14th.  But if you
```

1   respond on April 14th and they still want to conduct the

2   deposition, you're going to need a little bit more time.

3           So I'm trying to balance everybody's interests here,

4   including the Court's interest in moving the case forward, but

5   there seems like at least a real possibility that we may need

6   to extend that April 14th deadline, assuming Judge Karas would

7   be willing to do that, which, again, given the circumstances

8   here, I strongly suspect he would.  This is a 2022 case and has

9   been moving along reasonably well all things considered.  So

10  that is my thinking behind all of that.  And I recognize that

11  April 14th is aspirational and could very well be a deadline

12  for completion of discovery, but there may be some wrinkles

13  along the way which may necessitate further time.

14          Does that make sense to everybody?

15          Mr. Postolski?

16          MR. POSTOLSKI:  Yes.  I'm good.  Thank you for that.

17          THE COURT:  Okay.

18          Mr. Troy?

19          MR. TROY:  It is what it is.  And we'll respond to

20  whatever other discovery requests are made.  I'm just knowing

21  that how much we've already done in this case and how we combed

22  to try and find everything possible, possibly relevant and

23  responsive, I'll be amazed to see what could be asked that

24  pushes us down a rabbit hole that we haven't looked in.

25          THE COURT:  Right.  And I understand that

1    perspective, which you've now articulated multiple times, and

2    because of that, there is some real possibility that once you

3    see this request, you will be able to convincingly and quickly

4    say there's nothing more that we haven't already given you and,

5    that, you might be able to do in two weeks rather than 30 days.

6         MR. TROY:  Understood.  I appreciate your Honor's --

7    and I must say that, from the outset of working with your Honor

8    in this case, you seem to have an excellent grasp as to the

9    balances that are going on and I very much appreciate it.

10        THE COURT:  Okay.  Well, I appreciate that, Mr. Troy.

11   We'll see if Mr. Postolski and Mr. Klobucar agree once they get

12   to know me.  I don't know.  But it's fine if they don't agree.

13   I mean, you know, that's the nature of being a judge.  One side

14   or both sides may not think I have a grasp of what's going on.

15   It's okay.

16        In any event, all right, let's set a date for a

17   status letter.  I don't necessarily think it makes sense to set

18   a date for a conference because, again, unless you have

19   problems with the demands or the responses, there may not be

20   another need for a conference, but you can provide me with a

21   letter update and we'll take stock of where things are at that

22   point, and if there's a need to have another conference, we'll

23   do that.

24        Why don't we set the date for that at the end of the

25   first week of April.  By then, we should have a pretty good

2023331bkct

```
1    idea of what's left and where things stand with the discovery
2    demands.  And that's still a little bit of time before the
3    April 14th deadline for completion of discovery.  So let's have
4    a joint status letter on all of the outstanding issues by April
5    7th.  That's a Friday.  And we'll see where we are at that
6    point, if there's a need for an additional conference or
7    anything else in terms of my involvement in the case.
8              And what will happen, and I'll mention this to
9    Mr. Postolski and Mr. Klobucar because these are some of the
10   things I mention and I think I did in this case mention at the
11   first conference that I had with the parties after the order of
12   reference for general pretrial supervision was issued by Judge
13   Karas, the case is assigned to me only for general pretrial
14   supervision, which means that when you get to the summary
15   judgment stage, you'll have to follow Judge Karas' individual
16   rules with respect to submitting premotion conference letters
17   and his requirements for briefing.
18             I will point out, as I did back then, that the order
19   of reference for general pretrial supervision does include
20   within it an order of reference for settlement purposes, so if
21   there were interest on both sides in my conducting a settlement
22   conference in this case, you don't need to ask Judge Karas for
23   a separate order of reference for that.  I would be certainly
24   happy to do that upon the parties' joint request.  I'm not
25   interested in conducting a settlement conference if only one
```

2023331Hncf

side thinks it will be helpful because that's not usually a

good setup for successful settlement negotiations.  From my

understanding of the parties' positions in this case, this may

not be a case that's really ripe for settlement for various

reasons, but things change and perspectives change for all

kinds of reasons during the course of litigation, so if I have

misinterpreted that or if things have shifted in such a way

that both sides think a settlement conference would be

worthwhile, you can let me know that when you write to me on

April 7th, as well, and if that is the case, we would get you

scheduled for a settlement conference as promptly as possible

so that you could potentially defer the timing of the briefing

or at least move forward on a parallel track with premotion

conference letters while we consider any possibility of

settlement.

        So I think that covers everything that I wanted to

address here today.  The next update from you will be April 7th

unless there's anything that requires my attention before then.

        Let me ask both sides if there's anything further

that you want to address on behalf of your clients.

        Mr. Postolski?  Mr. Klobucar?

        MR. POSTOLSKI:  No.  From our perspective, that's

all.  Thank you, your Honor.

        THE COURT:  Okay.  Thank you.

        Mr. Troy?

1          MR. TROY:  No, your Honor.  We're fine.

2          I just want to point out that, in our meet and confer

3     that we had last week, we discussed possible options for

4     settlement.  As I've always said, in any case, I'm always happy

5     to try and settle a dispute because I always think it's in the

6     long-term best interest of all clients.

7          But anyhow, I appreciate your reaffirming the

8     understanding about what the order of reference was for new

9     counsel in the case and I look forward to your continuing

10    supervision and I have nothing further.

11         THE COURT:  All right.  Very good.

12         We'll stand adjourned for today.  We'll look for your

13    update on April 7th.

14         If everything does go according to plan, it's

15    possible that this may be our last conference in the case if we

16    don't have a settlement conference.  If that is so, I'll look

17    forward to seeing you all on another case at some point in the

18    future, but we may very well be back together on this one for

19    one reason or another in the weeks ahead, so until such time as

20    that may happen, stay safe and stay healthy, everybody.  Have a

21    good weekend, we're adjourned for today.  Take care.

22         MR. POSTOLSKI:  Thank you, your Honor.

23         MR. TROY:  Thank you, your Honor.

24         THE COURT:  Thank you.
                              ----

25