

GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700
www.gearhartlaw.com
Licensed in NJ, NY, MA, and USPTO

January 26, 2024

**_VIA ECF_**

Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

      Re:    Defendants' Letter to Judge requesting to file Summary Judgment Motion
                *Richtone Design Group, L.L.C. v. Kelly et al.* 7:22-cv-1606-KMK-AEK

Dear Judge Karas:

      This office represents Plaintiff Richtone Design Group LLC in this action. We are in receipt of Defendants' letter to you dated January 24, 2024 ("Letter") (Dkt. 88). In that Letter, Defendants request a Pre-Motion Conference to file a motion for summary judgment, despite this Court and the Parties having already decided the Parties would complete fact discovery before any such motion would be filed. Plaintiff therefore respectfully requests that Defendants' Letter to file a motion for summary judgment be rejected.

      First and foremost, fact discovery is currently stayed pending resolution of the discovery disputes that have been submitted to the Court, and a conference is to be scheduled to discuss the schedule for completion of fact discovery once the disputes have been addressed. (Dkt. 85).

      Secondly, as noted, the Parties have already discussed the exact issue raised in Defendants' Letter, multiple times, in letters to this Court and conferences with both your Honor and Magistrate Judge Krause, where it was agreed the complex interrelated issues presented by this case would be addressed in totality by motion practice at the end of fact discovery rather than by piecemeal

motion practice. (*See* Dkt. 73 at 3-4[1], Dkt. 82 at 43-44[2], Dkt. 86 at 12-13[3]). This was a reciprocal decision, as Plaintiff agreed to hold off on submitting any motions regarding lack of standing as to the third counterclaim, and Defendant agreed to hold off on their summary judgment motion, such that all the issues could be discussed in the same motions after the completion of fact discovery. The Parties remain in the middle of fact discovery (with numerous outstanding discovery disputes, depositions to be taken, etc.), but now Defendant extraordinarily believes it is entitled to renege on its word and agreement with Plaintiff and this Court to seek summary judgment prior to the completion of fact discovery. Defendants' reason in its Letter for the same is a speciously propounded allegation that "[t]here is no outstanding document discovery or any other issue that would prevent Plaintiff from fully defending such a motion." Quite simply, Defendants' unfounded and unsupported position to advance untimely moving for summary judgment is, "there is no need for additional fact discovery…trust us."

However, it is plain to see that outstanding fact discovery will have a bearing on not only the counterclaims presented but also the copyright case in chief. There are *six* fact witnesses, including Defendants Mary Kelley and True Pilates Boston LLC, yet to be deposed. Those depositions will likely give rise to additional discovery being sought by Plaintiff notwithstanding the fact that deposition of the Defendants will be directly germane to the truth of the claims being sought by Plaintiff and Defendants' counterclaims. Additionally, statements made by third-party representatives of the Defendant and by Defendants' counsel to such third-party representatives are relevant and discoverable on all the issues presented in this case, including the copyright case.

Further, to file a summary judgment motion now on just the copyright claim would require briefing on the issue, and regardless of the decision on that motion, the case would not end, requiring further fact discovery on Defendants' Counterclaims, considering their breadth.

---

[1] THE COURT: There was going to be a motion to dismiss the third counterclaim. As part of the submissions back and forth about that, the defendants indicated an interest in filing a motion for summary judgment or partial summary judgment as to certain affirmative defenses, counterclaims, and at least one of the plaintiff's claims. There was back-and-forth about whether there should be a stay of discovery….
MR. SALTA: Well, just maybe for purposes of clarification, it's not that the plaintiff is waiving his right to bring a motion to dismiss on standing grounds with regard to the third counterclaim; it's just that after our conference with Judge Karas, it was agreed -- Mr. Knull was present representing the plaintiff -- it was agreed that there would be one motion after discovery to address all the issues.
THE COURT: Okay. I didn't actually realize that. That wasn't clear. So that's new information. So motion practice is going to be deferred.
[2] THE COURT:… Now, you have been able to do that because of the deferral of the discovery -- I mean, the deferral of the motion practice on standing and so you can't now come and say, well, but we should be able to do our discovery and they shouldn't be able to do their discovery on the things that we think should be dismissed. That doesn't seem appropriate or reciprocal. I understand, you think that claim should be dismissed. They also think your counterclaim should be dismissed, but we're doing discovery on all of it. That's where we are. And, by the way, I'm quite sure Judge Karas didn't say you're not allowed to make the motion. I imagine he said a number of things that made you all decide that it would be in your interests to not make the motion. Fair?
MR. TROY: Um...I never want to speak for a judge. I, I --
THE COURT: Well, we can look at the transcript.
MR. TROY: My, my walk-away, if you will, was that Judge Karas said he wanted to see the completion of fact discovery back in October, which is when he reset the deadlines as he did at the time.
[3] THE COURT: …my recollection from our conference in December, Mr. Troy, is the parties had appeared before Judge Karas shortly before you appeared before me and, at that premotion conference with Judge Karas, which was for plaintiff's contemplated motion to dismiss the third counterclaim, Judge Karas and you all agreed that it would be best to just push through, finish discovery and address it all in the summary judgment as opposed to addressing it piecemeal through a motion to dismiss.

2

Contrary to Defendants' statements in their letter, a motion for summary judgment on just the copyright issue would serve to further complicate, elongate, and confound the litigation, not simplify it.

Defendants' request to file a motion for summary judgment *now* is inequitable, as it does not afford Plaintiff the same opportunity for fact discovery that Plaintiff granted Defendant and that this Court agreed the Parties were entitled. Defendants' misguided proposal to this Court will serve only to elongate this case and require more legal work than if the issues were disposed of in one motion after fact discovery, and further serves as a thinly veiled attempt to avoid elucidation of many relevant facts whose discovery is still pending. Plaintiff therefore respectfully requests that Your Honor deny the request in Defendants' Letter to seek summary judgment prior to the close of fact discovery.

Respectfully Submitted,

GEARHART LAW, LLC

/s/ David Postolski
David Postolski, Esq.
david@gearhartlaw.com

/s/ James Klobucar
James Klobucar, Esq.
(Admitted *Pro Hac Vice*)
james@gearhartlaw.com

*Attorneys for Plaintiff
Richtone Design Group, LLC*

cc: Gordon E.R. Troy, Esq. (via ECF)