# GORDON E. R. TROY, PC
**Attorney at Law**
Mailing: PO Box 67, Windsor, VT 05089
Office: 183 Highfield Drive, West Windsor, VT 05089
(802)881-0640 | Firm Email: office@webtm.com

VIA ECF

January 24, 2024

Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

      Re:    <u>22-cv-1606 Richtone Design Group, L.L.C. v. Kelly et al.</u>
             Defendants' Pre-Motion Conference Request to file
             Motion for Summary Judgment regarding copyright invalidity

Dear Judge Karas:

This office represents Defendants Mary Kelly and True Pilates Boston in this action. On October 24, 2022 (Dkt. 26), Defendants requested a Pre-Motion Conference regarding Defendants' intent to file Motions for Summary Judgment regarding their First and Fourth Affirmative Defenses, their Second and Third Counterclaims, and Plaintiff's unfair competition claim (Count III of the Complaint). In response to that request, Plaintiff's then-counsel, Charles Knull, stated the need, among other things, for document discovery, the appointment of expert witnesses, and depositions. Due to Mr. Knull's ill health, his co-counsel, Mr. Salta, took over representation of Plaintiff. On January 11, 2023 (Dkt. 48), Mr. Salta requested that all proceedings in the matter be stayed for "a couple of months so that Mr. Gallagher can engage new counsel…"

By Order on January 12, 2023 (Dkt. 49), Magistrate Judge Krause stayed discovery deadlines until February 13, 2023, at which time Plaintiff was ordered to have retained new counsel or explain why it was unable to do so. On February 13, 2023 (Dkt. 52), Plaintiff's current counsel, David Postolski of Gearhart Law, advised the Court that his firm had been retained and was seeking a further 60-day extension of the stay. On February 14, 2023 (Dkt. 54), Magistrate Judge Krause granted the 60-day extension, but ordered the parties to "meet and confer to identify any remaining outstanding disputes" in anticipation of a March 3, 2023 hearing.

Between the March 3 hearing and May 15, which Magistrate Krause marked as the tentative close of discovery, the parties engaged in various 'skirmishes' over discovery issues, including Plaintiff's request to discover emails between my office and four third-party witnesses (via subpoena to each witness) who provided declarations in discovery, and each of whom Plaintiff seeks to depose. Pursuant to Magistrate Krause's order of May 5, 2023, I provided the emails to Judge Krause for *in camera* review, a decision regarding which is still forthcoming.

At this stage, Defendants request a Pre-Motion Conference to file a motion for summary judgment on the single, central issue in this case: the invalidity of Plaintiff's copyright claims, which are based



https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation

**Gordon E. R. Troy, PC**
Page 2

on copyright registrations completely unsupported by a valid chain of title. None of the discovery issues that are outstanding in this case have any bearing on this issue.

Plaintiff's chain of title consists of a series of agreements, each of which fail on their face to transfer the copyrights at issue in his action. Each agreement is unambiguous and conveys a definite meaning. Accordingly, their interpretation, and hence the validity of Plaintiff's entire alleged chain of title, is a question of law for the Court to determine. See, *Bourne v. Walt Disney Co.*, 68 F.3d 621, 629 (2d Cir. 1995) ("If the language of the contract is 'unambiguous and conveys a definite meaning,' then the interpretation of the contract is a question of law for the court," [citing] *Sayers v. Rochester Tel. Corp. Supplemental Management Pension Plan*, 7 F.3d 1091, 1094 (2d Cir.1993).)

This motion would not be premature. There is no outstanding document discovery or any other issue that would prevent Plaintiff from fully defending such a motion. Any discoverable evidence in Defendants' possession was produced by Defendants in or prior to December 2022, and Plaintiff has had ample time on its own to seek out facts that might support its chain of title. Moreover, we do not anticipate any material factual disputes.

Should the proposed motion succeed, as we believe it will, it will substantially simplify the litigation going forward. If Plaintiff's chain of title is found invalid, and Plaintiff owns no copyrights, then Defendants cannot be found liable for copyright infringement, and Defendants' Second and Third Counterclaims need not be litigated. This may also obviate the need for third-party depositions sought by Plaintiff, which has justified that alleged need on what it claims is "an overly broad counterclaim seeking 'declaratory judgment of non-infringement with respect to *all images* to which Counterclaim and Third-Party Defendant claim copyright ownership.'" Dkt. 67, pp. 1-2.

Respectfully submitted,

By: _____
Gordon E. R. Troy, Esq.
Direct Email: gtroy@webtm.com

The Court previously indicated that any summary judgment motion practice would await the completion of discovery. The Parties did not protest that determination. The Court will therefore stick to its previous decision and the Parties can report back once discovery is completed to discuss putative motion practice.

So Ordered.
1/30/24

cc: David Postolski and James Klobucar, via ECF



https://www.webtm.com
Admitted in Vermont, Illinois, New York and the District of Columbia
Intellectual Property Law — Trademarks • Copyrights • Trade Secrets • Contracts • Litigation